Stuart M. Richter (SBN 126231)
stuart.richter@kattenlaw.com
Andrew J. Demko (SBN 247320)
andrew.demko@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Rebecca K. Lindahl (*pro hac vice*)
rebecca.lindahl@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
550 South Tryon Street, Suite 2900
Charlotte, NC 29202-4213
Telephone:  704.344.3141
Facsimile:  704.344.2277

Attorneys for Defendant Cree, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| JEFF YOUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREE, Inc.,<br><br>Defendant. | Case No.    4:17-cv-06252-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b)**<br><br>[Proposed Order and Request for Judicial Notice Filed Concurrently]<br><br>Complaint Filed: October 27, 2017<br><br>Date:  February 20, 2018<br>Time:  2:00 pm<br>Place:  Courtroom 1 – 4th Floor |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 20, 2018, at 2:00 pm, or as soon thereafter as the matter may be heard in the courtroom of the Honorable Yvonne Gonzalez Rogers, United States District Court for the Northern District of California, Courtroom 1, 1301 Clay Street, Oakland, California 94612, Defendant Cree, Inc. will and hereby does move the Court for an order dismissing Plaintiff Jeff Young's Complaint and each claim alleged therein.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's Complaint fails to state claim upon which relief can be granted. Plaintiff has also failed to meet the pleading requirements of Rules 8 and 9.

The motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the Court records and files in this action, and on such other argument and evidence as may be presented to the Court at or prior to the hearing on this Motion.

Dated: January 9, 2018

KATTEN MUCHIN ROSENMAN LLP

By: ___/s/ Stuart M. Richter___
Stuart M. Richter
Attorneys for Defendant Cree, Inc.

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................. 1

II.    STATEMENT OF THE ISSUES TO BE DECIDED ............................. 2

III.   STATEMENT OF THE RELEVANT FACTS ..................................... 3

       A.    The Parties ............................................................ 3

       B.    The Complaint ....................................................... 3

IV.    ARGUMENT AND PERTINENT AUTHORITIES .............................. 5

       A.    All of Plaintiff's Claims Are Preempted by the EPCA ............. 5

       B.    Plaintiff's Claims Sound in Fraud, Are Subject to Rule
             9(b)'s Particularity Requirements, and Fail to Meet Those
             Pleading Standards ................................................ 9

       C.    Each Of Plaintiff's Claims Should Be Dismissed For
             Various Additional Reasons. ...................................... 10

             1.    Plaintiff's Labeling Claims Based On Statements
                   Outside the EnergyGuide Label Should Be
                   Dismissed Because They Are Really Disguised
                   Warranty Claims. .......................................... 11

             2.    Plaintiff's Unjust Enrichment Claim Fails Because
                   It Is Not A Cognizable Claim Under California
                   Law ........................................................ 12

             3.    Plaintiff's "Negligence—Failure to Test" Claim Is
                   Preempted, Not A Cognizable Claim Under
                   California Law, and Is Barred by the Economic
                   Loss Rule. ................................................ 12

             4.    Plaintiff's Negligent Misrepresentation Claim Is
                   Barred by the Economic Loss Rule and Is
                   Insufficiently Alleged .................................... 13

             5.    Plaintiff's Claim for Breach of the Covenant of
                   Good Faith and Fair Dealing Fails for Lack of
                   Privity .................................................... 14

             6.    Plaintiff's Express Warranty Claim Fails Because
                   He Did Not Plead The Warranty Terms And
                   Compliance With Them. ..................................... 15

             7.    Plaintiff's "Implied Warranties" Claim Fails for
                   Lack of Privity ........................................... 15

       D.    Plaintiff's Fraud and Omission Claims Fail Because Cree
             Had No Knowledge of Falsity or Alleged Defect .................. 16

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

i

E.    Plaintiff's Consumer Protection Claims Based on Products He Did Not Purchase and Representations He Did Not View Should Be Dismissed.............................................. 18

F.    Plaintiff's Punitive Damages Requests Are Improper.................. 18

V.    CONCLUSION ....................................................................... 19

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Anthony v. Yahoo, Inc.*,
   421 F. Supp. 2d 1257 (N.D. Cal. 2006) ............................................................... 5

*Anunziato v. eMachines, Inc.*,
   402 F. Supp. 2d 1133 (C.D. Cal. 2005)............................................................... 16

*Apodaca v. Whirlpool Corp.*,
   No. 12-00725, 2013 WL 6477821 (C.D. Cal. Nov. 8, 2013)............................... 15

*Baba v. Hewlett-Packard Co.*,
   No. 09-5946, 2011 WL 317650 (N.D. Cal. Jan. 28, 2011) ................................... 2

*Baker v. Bayer Healthcare Pharmaceuticals, Inc.*,
   No. C13-0490-TEH, 2013 WL 6698653 (N.D. Cal. Dec. 19, 2013) ................. 13

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................................................................................. 5

*Burr v. Sherwin Williams Co.*,
   42 Cal.2d 682 (1954).............................................................................. 14, 15, 16

*English v. General Electric Co.*,
   496 U.S. 72 (1990) ................................................................................................ 6

*Geier v. Am. Honda Motor Co.*,
   529 U.S. 861 (2000) .............................................................................................. 6

*Hoey v. Sony Elecs. Inc.*,
   515 F. Supp. 2d 1099 (N.D. Cal. 2007) .............................................................. 11

*In re iPhone 4S Consumer Litig.*,
   No. C 12-1127 CW, 2013 WL 3829653 (N.D. Cal. July 23, 2013) ................... 15

*Jurgensen v. Felix Storch, Inc.*,
   No. 12-1201, 2012 WL 2354247 (S.D.N.Y. June 14, 2012) ............................... 8

*Kanfer v. Pharmacare U.S., Inc.*,
   142 F. Supp. 3d 1091 (S.D. Cal. 2015) .............................................................. 19

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ................................................................9, 10, 16

*Kumar v. Salov North America Corp.*,
   No. 14-CV-2411-YGR, 2015 WL 457692 (N.D. Cal. Feb. 3, 2015)........... 14, 15

*Laux v. Mentor Worldwide*,
   No. 2:16-CV-01026, 2017 WL 5186329 (C.D. Cal. Nov. 8, 2017).................. 15

*Martin v. Tradewinds Beverage Co.*,
   No. 16-9249, 2017 WL 1712533 (C.D. Cal. April 27, 2017) ........................... 19

*Mlejnecky v. Olympus Imaging America, Inc.*,
   No. 2:10-CV-02630-JAM-KJN, 2011 WL 1497096 (E.D. Cal.
   April 19, 2011) ............................................................................................... 18

*Opperman v. Path, Inc.*,
   87 F. Supp. 3d 1018 (N.D. Cal. 2014)........................................................ 10, 14

*Phillippi v. Stryker Corp.*,
   No. 2:09-CV-02445-JAM, 2010 WL 2650596 (E.D. Cal. July 1,
   2010) *aff'd*, 471 F. App'x 663 (9th Cir. 2012).............................................. 13

*Pirozzi v. Apple, Inc.*,
   913 F. Supp. 2d 840 (N.D. Cal. 2012)............................................................ 10

*Punian v. Gillette Co.*,
   No. 14-5028, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016).................... 2, 9, 11

*Red v. The Kroger Co.*,
   No. 2:10-CV-01025, 2010 WL 4262037 (C.D. Cal. Sept. 2, 2010) ................ 12

*Sater v. Chrysler Group, LLC*,
   No. 14-00700-VAP, 2015 WL 736273 (C.D. Cal. Feb. 20, 2015) ................... 13

*Schwartz v. Vizio, Inc.*,
   No. 16-1883, 2017 WL 2335364 (C.D. Cal. May 23, 2017) ...................... 1, 8, 9

*Valentine v. Baxter Healthcare Corp.*,
   68 Cal. App. 4th 1467 (Cal. App. 1999) ........................................................ 13

*Williams v. Yamaha Motor Co. Ltd.*,
   No. 13-05066-BRO, 2014 WL 12597039 (C.D. Cal. Aug. 19,
   2014)........................................................................................................ 12, 13

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ......................................................... 2, 16, 17, 18

**Statutes**

42 U.S.C. §§ 6291-6309 ........................................................................ 6

42 U.S.C. § 6297 ........................................................................... *passim*

42 U.S.C. § 6297(a)(1)(A) ................................................................... 12

42 U.S.C. § 6297(g) ............................................................................. 6

Cal. Bus. and Prof. Code § 17200 .................................................. *passim*

Cal. Civ. Proc. Code § 1750 ......................................................... *passim*

Cal. Civ. Proc. Code § 1791.2(b) ...................................................... 11

Cal. Civ. Proc. Code § 3294(b) ......................................................... 19

**Rules**

Fed. R. Civ. Proc. 9(b) ................................................................. *passim*

Fed. R. Civ. Proc. 12 .......................................................................... 5

Fed. R. Civ. Proc. 12(b)(6) ............................................................. 5, 8

**Regulations**

16 C.F.R. § 305.2(w) ........................................................................... 7

16 C.F.R. § 305.3(q) ......................................................................... 4, 6

16 C.F.R. § 305.15 ........................................................................... 4, 6

**Other Authorities**

S. Rep. No. 94-516, at 517 (1975), reprinted in 1975 U.S.C.C.A.N.
    1956 .................................................................................... 6

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

## I.      INTRODUCTION

Defendant Cree, Inc. manufactures light-emitting-diode ("LED") light bulbs. The packaging for these light bulbs states how long they are designed to last. Plaintiff, who claims three bulbs he purchased "burned out" "[w]ithin months" (Compl. ¶ 32.), is attempting to transform what amounts to a simple, individual (and unjustified) claim for breach of warranty into a massively overbroad class action.

All of Plaintiff's claims are derived from representations regarding product performance standards subject to the Energy Policy and Conservation Act ("EPCA"), which mandates what must be placed on Cree product labels, including information regarding product life and energy savings. California courts have consistently held that claims based on these kinds of statements— that a plaintiff paid a premium based on the supposed energy savings over the expected life of a product—are preempted. *See, e.g.*, *Schwartz v. Vizio, Inc.*, No. 16-1883, 2017 WL 2335364, at *4 (C.D. Cal. May 23, 2017) ("[S]ection 6297(g) expressly preempts all of Plaintiff's claims—to the extent that they rely on the EnergyGuide label—because all of those claims allege that the televisions did not perform as promised on a federally-required label."). Like the plaintiff in *Vizio*, Plaintiff here alleges he paid a premium for Cree's LED bulbs based on information required by the EPCA. Those claims, no matter how characterized (breach of warranty, violation of the UCL, etc.), are preempted as a matter of law.

Plaintiff's misrepresentation claims also fail because he has not met the requirements of Rule 9(b), including what representations he relied on and when he saw them. Moreover, Cree never promised that every bulb it manufactured would last the full time indicated on the product label. That Plaintiff's bulbs did not last the number of hours that other Cree bulbs did in government testing does not make those representations false or misleading;

rather, at best, they may constitute an individual warranty claim. *See, e.g., Punian v. Gillette Co.*, No. 14-5028, 2016 WL 1029607 at *6 (N.D. Cal. Mar. 15, 2016). However, here there are no factual allegations that Cree failed to send Plaintiff replacement bulbs or his money back after he "returned the product to Cree, Inc." within ten years of purchase. Accordingly, there has been no breach of warranty and one certainly has not been alleged.

Plaintiff's claims suffer from additional deficiencies that compel dismissal. For example, his claims for unjust enrichment and "negligence— failure to test" are not recognized causes of action in California. In addition, Plaintiff's negligence-based claims are barred by the economic loss rule because Plaintiff alleges only damage to the product he purchased. Plaintiff's claims for breach of implied warranties and breach of the covenant of good faith and fair dealing also fail because there is no privity between Plaintiff and Cree; he bought his bulbs at Wal-Mart. To the extent Plaintiff's claims can be characterized as being based on "omissions" instead of "misrepresentations," they still fail because Cree had no duty to disclose unless it knew of a defect that, as here, arose during the warranty period. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141-42 (9th Cir. 2012). Plaintiff has not made and cannot make these allegations; reference to six anonymous, unverified online complaints "does not establish knowledge of an alleged defect." *Baba v. Hewlett-Packard Co.*, No. 09-5946, 2011 WL 317650 at *3 (N.D. Cal. Jan. 28, 2011).

Plaintiff cannot correct these defects by amendment. Accordingly, his Complaint should be dismissed without leave to amend.

## II.   STATEMENT OF THE ISSUES TO BE DECIDED

1.   Do Plaintiff's claims fail because each is preempted under the EPCA?

2.   Do Plaintiff's claims sound in fraud such that each is subject to

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**Katten**
KattenMuchinRosenman LLP

Rule 9(b)'s particularity requirements and does each claim fail to meet that standard?

3. Should Plaintiff's claims for unjust enrichment and "negligence—failure to test" be dismissed because neither cause of action is cognizable under California law?

4. Should Plaintiff's claims for negligent misrepresentation and "negligence—failure to test" be dismissed as barred by the economic loss rule?

5. Should Plaintiff's contractual and implied warranty claims be dismissed because there is no privity between the parties?

6. Should Plaintiff's fraud and consumer protection claims be dismissed because Plaintiff has failed to plead that Cree knew of the alleged defect?

7. Are Plaintiff's requests for punitive damages inappropriate?

## III. STATEMENT OF THE RELEVANT FACTS

### A. The Parties

Cree, a North Carolina corporation, manufactures lighting products and numerous types of LED bulbs that Cree sells to consumers through various retailers and distributors.

Plaintiff Jeff Young is a resident of Guerneville, California, and allegedly purchased Cree products from Wal-Mart, a third-party retailer. (Compl. ¶ 32.)

### B. The Complaint

Plaintiff filed this putative class action on October 27, 2017, alleging claims for violation of the UCL, FAL, and CLRA; breach of the covenant of good faith and fair dealing; fraudulent misrepresentation and concealment; negligent misrepresentation; unjust enrichment; breach of express and implied warranties; and "negligence—failure to test." With the exception of Young's final negligence claim, all of these claims are based on the federally-mandated

contents of Cree's product labels, the requirements of which are set forth in the Energy Policy Conservation Act, 42 U.S.C. § 6297 ("EPCA") and regulations promulgated thereunder.   Specifically, 16 C.F.R. § 305.3(q) includes LED lamps as "covered products" under Energy Star and related federal regulations, while 16 C.F.R. § 305.15 requires LED bulb manufacturers like Cree to include the light output, estimated annual energy cost, and projected lifespan of the product on its label.

Plaintiff's Complaint alleges that he purchased three Cree 100-Watt Standard A-Type bulbs (the "Bulbs") from Wal-Mart "on or around April of 2015." (Compl. ¶ 32.)  Plaintiff alleges he paid between $15 and $20 per Bulb and that each "burned out" "[w]ithin months." (*Id.*)  These are the only allegations in the Complaint regarding Plaintiff and his purchase of the bulbs.

The bulk of the Complaint's allegations consist of the statements on Cree's product labeling and packaging for several of its product models, including products Plaintiff does not claim to have purchased.  For example, Plaintiff alleges that Cree manufactures six LED lamps as replacements for traditional incandescent bulbs, called A-Type lamps: 40-watt, 60-watt, connected 60-watt, 75-watt, 100-watt, and 3-way replacement. (Compl. ¶ 18.)  Plaintiff also references a "Cree Reflector (Flood/Spot)" light and associated lifespan.   (Compl. ¶¶ 22, 23.)   Depending on the type of lamp, Cree's packaging provides a projected lifetime of up to 27 years. (Compl. ¶ 16.)  The packaging for the type of lamp Young alleges he purchased states a lifetime of 13 years or 15,000 hours.  (Compl. ¶ 17 n.1.)

In addition to allegations regarding the lifespans of Cree's bulbs, the Complaint focuses on other statements, such as the energy-cost savings estimates on Cree's packaging for consumers who replace an incandescent bulb with an LED bulb.  (Compl. ¶¶ 25, 27, 28.)  Plaintiff also points to Cree's "100% Satisfaction Guarantee" and the existence of Cree's warranty.  (Compl.

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

¶ 27.)  Plaintiff alleges that all of these statements, including the lifespan of Cree's LED bulbs, estimated energy-cost savings, Cree's satisfaction guarantee, and Cree's 10-year warranty, are false and misleading.  (Compl. ¶¶ 27-29.)

In support of these allegations, Plaintiff includes six online customer complaints sampled from various websites over an unspecified period of time.  (Compl. ¶ 31.)  Plaintiff provides the source for only five of the six customer complaints.  (*Id.*)  Of those five, none are dated and each appears to have been posted to third-party sites and not to Cree's website.  (*Id.*)  Each comment states only that unspecified lamps failed sooner than expected.  (*Id.*)

## IV.   ARGUMENT AND PERTINENT AUTHORITIES

While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, the plaintiff must still provide the grounds of his entitlement to relief.  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That obligation "requires more than labels and conclusions."  *Twombly*, 550 U.S. at 555.  Thus, a complaint requires dismissal if it "exhibits either a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Anthony v. Yahoo, Inc.*, 421 F. Supp. 2d 1257, 1260 (N.D. Cal. 2006) (citation omitted).

For the reasons set forth below, Plaintiff has failed to satisfy the Rule 12 pleading standards for any of his claims.

### A.   All of Plaintiff's Claims Are Preempted by the EPCA

Federal law may preempt state law claims in three ways: express preemption by statute, occupying the field, or when there is a conflict between federal and state regulation.  *English v. General Electric Co.*, 496 U.S. 72, 78-79 (1990).  As explained next, Congress expressly preempted any state laws or regulations that conflict with the disclosure requirements imposed by the EPCA and stated that compliance with the statute's labeling requirement

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

cannot create potential state-law based liability. Plaintiff's state law claims all derive from supposed misrepresentations included on Cree's federally-mandated EnergyGuide Label. As a result, Plaintiff's claims are preempted because they are premised on a state law duty that conflicts with federal law. *See Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 881 (2000).

Under the EPCA, Congress established a comprehensive national energy conservation program to reduce energy use in the United States. *See* S. Rep. No. 94-516, at 517 (1975), reprinted in 1975 U.S.C.C.A.N. 1956, 1957. It created a statutory framework for energy efficiency testing and labeling of consumer home products, including LED light bulbs, and authorized the creation of energy efficiency requirements. 42 U.S.C. §§ 6291-6309. Critically here, the EPCA provides that where a manufacturer is required by federal law to set out representations about a product's performance on a label, those representations cannot create an express or implied warranty. 42 U.S.C. § 6297(g) ("Any disclosure with respect to energy use, energy efficiency, or estimated annual operating cost . . . shall not create an express or implied warranty under State or Federal law.").

Federal regulations promulgated under the EPCA require LED bulb manufacturers, like Cree, to provide the information at the heart of each of Plaintiff's claims. Specifically, 16 C.F.R. § 305.3(q) includes LED lamps as "covered products", and 16 C.F.R. § 305.15 requires LED bulb manufacturers like Cree to include the light output, estimated annual energy cost ("in dollars based on usage of 3 hours per day and 11 cents ($0.11) per kWh"), and lifespan of the product on its label. The lifespan of an LED bulb, based on "3 hours operation per day," is defined as the "length of operating time of a statistically large group of lamps between first use and failure of 50 percent of the group." 16 C.F.R. § 305.2(w).

All of Plaintiff's claims hinge on the allegation that his Cree Bulbs did

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

not last as long as the "lifespan" Cree cited on the bulb's label (thereby not delivering the anticipated energy savings). *See* Compl. ¶ 17 (listing the supposed misrepresentations based on lifespan and energy savings), ¶ 46 (UCL claim premised on supposed misrepresentations about "reliability, durability, longevity" and/or "omitting the material facts about the actual lifespan of the LED Lightbulbs"); ¶ 59 (FAL claim based on the same allegations); ¶ 67 (CLRA claim based on the same allegations); ¶ 81 (breach of the covenant of good faith and fair dealing based on the same alleged representations and failing to "disclose material facts regarding the true qualities and lifespan of the LED Lightbulbs"); ¶ 89 (fraud claim based on the same allegations); ¶ 95 (negligent misrepresentations based on the same allegations); ¶ 104 (unjust enrichment based on the "conduct challenged in the Complaint"); ¶ 121 (breach of warranty premised on the "Product" not "containing the properties Defendants represented"); ¶ 128 (failure to test longevity and quality of the LED Lightbulbs).[1]   All of these claims are covered by the requirements set forth in the EPCA and its regulations.

Because Plaintiff's claims allege that Cree bulbs did not perform as promised based on statements derived from a federally-required label, that Cree should have disclosed something additional to what was required on the label, or that Cree should have tested the products differently than required under the EPCA, the statute completely preempts each of his claims.

This is true both for Plaintiff's warranty and non-warranty claims.  In *Schwartz v. Vizio, Inc.*, the plaintiff brought a putative class action alleging

---

[1]    One need only look at Plaintiff's list of "common questions of fact" to determine that his claims all derive from the EnergyGuide Label as they all entail questions about the bulbs' durability, life span, and energy savings. *See, e.g.*, Compl. ¶36(b) ("Whether Defendant . . . sold LED lights . . . which do not last as long as their represented . . . life span and do not provide the promised cost savings.").

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

misrepresentations by a television manufacturer about a product's energy consumption.  No. 16-1883, 2017 WL 2335364 at *1 (C.D. Cal. May 23, 2017).  The *Vizio* plaintiffs alleged that the manufacturer made misrepresentations on product labeling required by the Federal Trade Commission, and brought nine claims for breach of various consumer protection statutes, breach of warranties, negligent and intentional misrepresentation, fraud, and unjust enrichment.  *Id.* In response, Vizio moved to dismiss under Rule 12(b)(6), arguing that the EPCA preempted all of the plaintiffs' claims that relied on the label representations.  *Id.* at *2.  The District Court for the Central District of California agreed, holding that "each of Plaintiffs' seven non-warranty claims require wrongful underlying conduct . . . [and] allege that Vizio misrepresented [a feature of their product].  These claims are simply attempts to backdoor in a breach of warranty claim." *Id.* at *4.  Accordingly, the *Vizio* Court held that all of Plaintiff's label-misrepresentation-based claims were preempted by the EPCA and dismissed the complaint because "all of those claims allege that the televisions did not perform as promised on a federally-required label."  *Id.*

The *Vizio* Court was not alone in finding that a plaintiff's consumer protection claims were an improper attempt to allege a breach of warranty. Other courts have held that the EPCA preemption analysis looks to the "gravamen" of the claim, not how it is styled by the plaintiff.  *See also Jurgensen v. Felix Storch, Inc.*, No. 12-1201, 2012 WL 2354247, at *6-7 (S.D.N.Y. June 14, 2012) (describing the plaintiff's "unjust enrichment" claim as a "backdoor breach of warranty claim"; in other words, "simply a reiteration" of the breach of warranty claim "under a different name."); *see also Punian v. Gillette Co.*, No. 14-5028, 2016 WL 1029607 at *6 (N.D. Cal. Mar. 15, 2016) (finding representations about a battery's propensity to leak within 10 years a warranty and not an actionable misrepresentation).  Here, as

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT            4:17-cv-06252-YGR

in *Vizio*, all of Plaintiff's claims rely on representations on the federally-required label and all allege "wrongful conduct" that, at base, constitutes a breach of warranty claim.  Thus, because Plaintiff's state-law claims are all based on or inextricably intertwined with information on the bulb's federally required label, each is preempted.  For the same reason, amendment of each claim would be futile.  Accordingly, the Court should dismiss all of Plaintiff's claims as preempted by the EPCA.

**B.**      **Plaintiff's Claims Sound in Fraud, Are Subject to Rule 9(b)'s Particularity Requirements, and Fail to Meet Those Pleading Standards**

However denominated, each of Plaintiff's claims is based upon alleged misrepresentations and thus "sounds in fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).    Rule 9(b) of the Federal Rules of Civil Procedure, which provides that plaintiffs must plead fraud with particularity, applies equally to claims that are not nominally fraud claims but "sound in fraud." *Id.*

In *Kearns*, the plaintiff alleged that the defendant violated the CLRA and UCL by misrepresenting that its certified pre-owned vehicles were inspected by "specially trained technicians" and that those inspections were "more rigorous and therefore more safe." *Id.* at 1125.  The *Kearns* plaintiff alleged he was exposed to those representations through national advertising, dealership sales material, and dealership personnel.  *Id.* at 1125-26.   In upholding the trial court's order dismissing the plaintiff's claims under Rule 9(b), the Ninth Circuit held that the plaintiff's claims were subject to Rule 9(b)'s particularity requirements because they depended upon allegations of fraudulent conduct.  *Id.* at 1125.  The Ninth Circuit concluded that because the *Kearns* plaintiff failed to allege "the particular circumstances surrounding such representations," including "when he was exposed to them," "which ones he

found material," and "which sales material he relied upon in making his decision to buy," his claims did not satisfy Rule 9(b)'s particularity requirements.  *Id.* at 1126.

Here, like in *Kearns*, Plaintiff's allegations do not pass muster under Rule 9(b).  Though Plaintiff describes specific representations from Cree's labels and website at some length, he fails to allege: (i) when, or even whether, he saw or was otherwise exposed to the representations (*i.e.*, when he visited Cree's website); (ii) whether he found any of the representations to be material; and (iii) which, if any, of the representations he relied upon when purchasing the bulbs.  (*See* Compl.)[2]  Because Plaintiff did not set out the specific factual circumstances surrounding his allegations of fraudulent conduct, this Court should dismiss his claims under Rule 9(b).  *See Kearns*, 567 F.3d at 1126-27; *see also Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1047-48 (N.D. Cal. 2014); *Pirozzi v. Apple, Inc.*, 913 F. Supp. 2d 840, 850 (N.D. Cal. 2012) (dismissing claims for negligent misrepresentation and violations of the UCL, CAL, and CLRA because plaintiff "fail[ed] to provide the particulars of her own experience reviewing or relying upon" the defendant's allegedly false representations).

## C.   Each Of Plaintiff's Claims Should Be Dismissed For Various Additional Reasons.

As mentioned above, even if Plaintiff's claims did not fail because of either their preemption by the EPCA or Plaintiff's insufficient allegations under Rule 9(b), then each claim also fails for the reasons addressed below.

---

[2]   Proposition 64 requires Plaintiff to plead his individual reliance for fraud based UCL claims. The FAL and CLRA also have reliance requirements.

1.     **Plaintiff's Labeling Claims Based On Statements Outside
the EnergyGuide Label Should Be Dismissed Because
They Are Really Disguised Warranty Claims.**

The supposed misrepresentations that are not based on the EnergyGuide Label (all of which are preempted) are disguised warranty claims that would not deceive a reasonable consumer.  *See Punian*, 2016 WL 1029607, at *6-8. Specifically, Plaintiff cites to the 10-year warranty and the 100% Satisfaction Guarantee on the products' labels.  (Compl. ¶ 27.)   As the Court in *Punian* explained, the word "Guarantee," and certainly the word "Warranty," generally create an express warranty.  2012 WL 1029607 at *6; *see also* CAL. CIV. CODE § 1791.2(b) ("It is not necessary to the creation of an express warranty that formal words such as 'warrant' or 'guarantee' be used, but if such words are used then an express warranty is created.").

Using these words is thus not a promise that each individual bulb will last for the limited warranty period or the lifespan stated on the products' label.  *Punian*, 2016 WL 1029607 at *6-7 ("A reasonable person would understand the Duralock guarantee as a promise to repaid, replace, or refund a battery that is in storage and fails within ten years of purchase—not a promise that Duralock Batteries have no potential to leak."); *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1104 (N.D. Cal. 2007) ("Plaintiffs seek to bootstrap Sony's express warranty into a representation that the VAIO notebooks are defect-free . . . .   Nothing in the warranty expressly or impliedly warrants that the computer will be defect free either during the warranty period or thereafter.").

Accordingly, here, that one or more of Plaintiff's Bulbs did not last ten or more years or that he was not 100% satisfied does not mean Cree's statements on the labels were misleading.  *Punian*, 2016 WL 1029607 at *8 ("Accordingly, the potential of Duralock Batteries to leak in storage,

regardless of how storage is defined, does not determine whether the Duralock guarantee is likely to mislead reasonable consumers.").  As a result, Plaintiff's causes of action based on these representations (except for a breach of express warranty, which fails for other reasons, *see infra* at 15) should be dismissed without leave to amend.

> 2. **Plaintiff's Unjust Enrichment Claim Fails Because It Is Not A Cognizable Claim Under California Law**

Plaintiff's seventh claim for unjust enrichment should be dismissed because "unjust enrichment" is not a cause of action in California.  *Williams v. Yamaha Motor Co. Ltd.*, No. 13-05066-BRO, 2014 WL 12597039 at *16 (C.D. Cal. Aug. 19, 2014) (dismissing plaintiffs' unjust enrichment claim with prejudice because "California does not recognize unjust enrichment as an independent cause of action.").

> 3. **Plaintiff's "Negligence—Failure to Test" Claim Is Preempted, Not A Cognizable Claim Under California Law, and Is Barred by the Economic Loss Rule.**

Plaintiff's negligent failure to test claim is preempted. The EPCA has testing requirements for the supposed misrepresentations made on the LED bulbs' labels.  Accordingly, any claim premised on a supposed lack of testing to come up with these supposed misrepresentations is preempted.  42 U.S.C. § 6297(a)(1)(A) ("[T]his part supersedes any State regulation insofar as such State regulation provides at any time for the disclosure of information with respect to any measure of energy consumption . . . of any covered product if such State regulation requires testing or the use of any measure of energy consumer . . . other than that provided under section 6293 of this title.").  *See Red v. The Kroger Co.*, No. 2:10-CV-01025, 2010 WL 4262037 at *7 (C.D. Cal. Sept. 2, 2010) (holding that state law claims can be "State regulations" that impose "requirements" such that they are preempted by federal law).

This claim also should be dismissed because it is not a cause of action in California. *Baker v. Bayer Healthcare Pharmaceuticals, Inc.*, No. C13-0490-TEH, 2013 WL 6698653 at *3 (N.D. Cal. Dec. 19, 2013). California imposes no liability for breach of an independent duty to conduct testing, particularly "where the causal link to the known harm to plaintiff is the *unknown outcome of testing that was not done*," as such an imposition "would be beyond the pale of any California tort doctrine we can identify." *Valentine v. Baxter Healthcare Corp.*, 68 Cal. App. 4th 1467, 1486 (Cal. App. 1999) (emphasis in original). *See also Phillippi v. Stryker Corp.*, No. 2:09-CV-02445-JAM, 2010 WL 2650596 at *2 (E.D. Cal. July 1, 2010) *aff'd*, 471 F. App'x 663 (9th Cir. 2012).

And even if Plaintiff's claim for "negligence—failure to test" were a cognizable claim in California, it would still be barred by the economic loss rule. The economic loss rule "bars tort claims that seek to recover only economic losses, that is, damage to a defective good caused by the defect." *Sater v. Chrysler Group, LLC*, No. 14-00700-VAP, 2015 WL 736273 at *13 (C.D. Cal. Feb. 20, 2015). Where, as here, a plaintiff alleges only damage to the product itself in a negligence-based claim, that claim is barred by the economic loss rule. *Williams v. Yamaha*, No. 13-5066, 2014 WL 12597039 at *17 (C.D. Cal. Aug. 19, 2014) (dismissing with prejudice plaintiffs' claim for negligent failure to test under the economic loss rule) (collecting cases).

### 4. Plaintiff's Negligent Misrepresentation Claim Is Barred by the Economic Loss Rule and Is Insufficiently Alleged

Plaintiff's claim for negligent misrepresentation is also barred under the economic loss rule for the same reasons as his claim for "negligence—failure to test." *See Williams v. Yamaha*, 2014 WL 12597039 at *17 (dismissing with prejudice plaintiffs' claim for negligent misrepresentation under the economic loss rule) (collecting cases).

1    The negligent misrepresentation claim also should be dismissed for
2  failure to plead the required elements.  Plaintiff makes a conclusory statement
3  that he "reasonably relied upon Defendant's misstatements to [his] detriment."
4  (Compl. ¶ 96.)   As discussed above, however, Plaintiff fails to state which
5  alleged misrepresentations he relied upon in purchasing his Bulbs, and
6  therefore has failed to plead detrimental reliance, which is fatal to his claim for
7  negligent misrepresentation. *See Opperman v. Path, Inc.*, 87 F. Supp. 3d at
8  1045-46 ("And for negligent misrepresentation claims, a plaintiff must
9  establish detrimental reliance. . . [W]ithout such reliance, there is no
10  recovery." ).

11          **5.    Plaintiff's Claim for Breach of the Covenant of Good**
12                 **Faith and Fair Dealing Fails for Lack of Privity**

13    Plaintiff admits that he did not buy any bulbs directly from, and thus is
14  not in privity with, Cree.  Breach of contract claims, including a claim for
15  breach of the covenant of good faith and fair dealing, require "privity between
16  the parties [as] a necessary element."  *Kumar v. Salov North America Corp.*,
17  No. 14-CV-2411-YGR, 2015 WL 457692 at *1 (N.D. Cal. Feb. 3, 2015).
18  Generally, "there is no privity between a seller and subsequent purchaser who
19  is in no way a party to the original sale."  *Id.* (citing *Burr v. Sherwin Williams
20  Co.*, 42 Cal.2d 682, 695 (1954)).  In *Kumar*, the plaintiff brought causes of
21  action for breach of contract and breach of the covenant of good faith and fair
22  dealing based on label representations on bottles of olive oil she bought at a
23  grocery store.  *Kumar*, 2015 WL 457692 at *2, *6.  The District Court
24  dismissed the plaintiff's claims for lack of privity without leave to amend
25  because she failed to allege the existence of a contract and cited "to no case
26  endorsing the view that statements on a product label could constitute a
27  contract."  *Id.* at *6.

28    Here, Plaintiff alleges he purchased his bulbs from Wal-Mart.  (Compl. ¶

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

14

32.)  Plaintiff's purchase of bulbs through a third party cannot create a contract between Plaintiff and Cree.  *See id.*; *see also Burr*, 42 Cal. 2d at 695. As in *Kumar*, Plaintiff has not, and cannot, allege the existence of a contract between Plaintiff and Cree "based on product label representations" or any other basis on the facts alleged.  *Kumar*, 2015 WL 457692 at *6.  Accordingly, Plaintiff's claim for breach of the covenant of good faith and fair dealing should be dismissed with prejudice.

**6.    Plaintiff's Express Warranty Claim Fails Because He Did Not Plead The Warranty Terms And Compliance With Them.**

Plaintiff's warranty claims—other than those concerning the EnergyGuide Label—fail because they are insufficiently alleged.  *In re iPhone 4S Consumer Litig.*, No. C 12-1127 CW, 2013 WL 3829653 at *15 (N.D. Cal. July 23, 2013) (requiring a plaintiff to plead the exact terms of an express warranty).  Plaintiff does not allege that he ever attempted to return the bulbs under Cree's five-year or ten-year warranties.  (*See* Compl. ¶ 16 (showing one product with a five-year limited warranty and two products with ten-year warranties); *see also* RJN, Exhs. 1 through 3.)   Nor does Plaintiff allege that he complied with the terms of Cree's warranty or that Cree failed to replace his bulbs or refund Plaintiff's money under its warranty, as required to bring a breach of warranty claim.  *See Laux v. Mentor Worldwide*, No. 2:16-CV-01026, 2017 WL 5186329 at *5 (C.D. Cal. Nov. 8, 2017).  Accordingly, no breach of these warranties has been alleged.  *See Apodaca v. Whirlpool Corp.*, No. 12-00725, 2013 WL 6477821 at *10 (C.D. Cal. Nov. 8, 2013).

**7.    Plaintiff's "Implied Warranties" Claim Fails for Lack of Privity**

Plaintiff's implied warranty  claims should also be dismissed for a lack of privity.  *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

Cal. 2005) (noting that California requires privity for implied warranty claims). In *Anunziato*, the plaintiff brought a putative class action against a laptop computer manufacturer, alleging that a product defect caused the laptops to overheat. 402 F. Supp. 2d. at 1135-36. The named plaintiff purchased his laptop from BestBuy, a distributor. *Id.* at 1136. The *Anunziato* plaintiff could not thus allege privity with the laptop manufacturer. *Id.* at 1141. The District Court for the Central District of California therefore dismissed the plaintiff's breach of implied warranty claim. *Id.*

Plaintiff alleges he purchased his bulbs from Wal-Mart, a distributor. (Compl. ¶ 32.) Plaintiff is not therefore in privity with Cree, as required to bring an implied warranty claim against Cree. *Anunziato*, 402 F. Supp. 2d at 1141; *Burr*, 42 Cal. 2d at 695. In addition, Plaintiff fails to allege any facts that support his breach of warranty claims. Thus, Plaintiff's warranty claims should be dismissed with prejudice.

### D.   Plaintiff's Fraud and Omission Claims Fail Because Cree Had No Knowledge of Falsity or Alleged Defect

To survive a motion to dismiss, Plaintiff's claims for fraud must allege that Cree knew of the alleged falsity of its misrepresentations and knew of the alleged defect in Cree's bulbs. *See Kearns*, 567 F.3d at 1126. Similarly, Plaintiff must allege that Cree "was aware of [the alleged] defect at the time of sale to survive a motion to dismiss" for UCL and CLRA omission claims.[3] *Wilson*, 668 F.3d at 1145. Plaintiff does neither.

His fraud and consumer protection claims hinge entirely on allegations that Cree had access to information about either the bulb's performance or customer complaints that would alert it to a defect. As a matter of law, these

---

[3]   Additionally, these are not proper omission claims because Plaintiff is simply alleging that Cree did not disclose that its federally required representations about lifespan and energy savings were supposedly false. This is just a garden variety misrepresentation claim recast as an omission.

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

allegations do not support Plaintiff's claims.  In *Wilson*, the plaintiff brought a putative class action against Hewlett-Packard, asserting CLRA and UCL claims and alleging that the manufacturer misrepresented and concealed a laptop design defect.  *Id.* at 1139.  In support of his contention that HP was aware of the laptop defect, the *Wilson* plaintiff alleged that HP had "been on notice, since the time it began manufacturing and selling the laptops" because it had "access to the aggregate information and data" on the laptops' performance.  *Id.* at 1146.  The plaintiff also included "several customer complaints" to indicate HP was aware of a defect.  *Id.*

Rejecting these arguments, the Ninth Circuit held that the plaintiff's allegations that HP was aware of a defect "seem merely conclusory."  *Id.* at 1147.  Specifically, the Ninth Circuit rejected plaintiff's "generalized assertion" that HP was on notice of the defect because it had access to laptop performance data and had received undated customer complaints.  *Id.* at 1148.  The Ninth Circuit specifically noted that "courts have expressed doubt that customer complaints in and of themselves" show a manufacturer's knowledge of a defect, *id.* at 1147, and affirmed dismissal.  *Id.* at 1148.

Here, Plaintiff makes no factual allegations that Cree knew of either the falsity of its alleged misrepresentations or knew of a defect in the bulbs.  Instead, as in *Wilson*, Plaintiff alleges that Cree had "superior knowledge" of the bulbs' characteristics.  (Compl. ¶¶ 49, 59, 70, 87.)  Like in *Wilson*, these conclusory allegations do not show Cree's knowledge of false misrepresentations or a bulb defect.  *Wilson*, 668 F.3d at 1147.

Nor does Plaintiff's inclusion of customer complaints show that Cree knew of alleged misrepresentations or defects.  Plaintiff included five complete (and one incomplete) customer complaints that are anonymous, unverified, undated, and posted to third-party sites rather than Cree's own website.  (Compl. ¶ 31.)  As a matter of law, these complaints do not support

any inference that Cree was or should have been aware of alleged falsity in its advertising or an alleged defect in its products.  *See Wilson*, 668 F.3d at 1147-48.  The Court should thus dismiss Plaintiff's fraud and consumer protection claims.

**E.    Plaintiff's Consumer Protection Claims Based on Products He Did Not Purchase and Representations He Did Not View Should Be Dismissed**

Although Plaintiff alleges that he purchased only three "100 Watt Standard A-Type" bulbs (Compl. ¶ 32), the Complaint includes allegations about numerous other products.  (Compl. ¶¶ 17, 18, 22, 24.)  To the extent Plaintiff's claims are based on products he did not actually purchase, his claims fail.  *Mlejnecky v. Olympus Imaging America, Inc.*, No. 2:10-CV-02630-JAM-KJN, 2011 WL 1497096 at *4 (E.D. Cal. April 19, 2011) (dismissing consumer protection claims concerning products plaintiff did not purchase).

Similarly, Plaintiff's Complaint includes alleged misrepresentations regarding the products he did not purchase.  (Compl. ¶¶ 17, 20, 21, 23, 25, 26.) As discussed above, it is impossible for Cree to determine which of the representations included in the Complaint Plaintiff may have viewed and relied upon in purchasing his bulbs because he does not plead his claims with sufficient particularity.  Regardless, because Plaintiff did not purchase the products these representations concern, logically he did not rely upon these statements.  To the extent his claims are based on representations he did not view or rely upon, his claims fail.  *Mlejnecky*, 2011 WL 1497096 at *5 (holding plaintiff lacked standing to sue defendant "for advertisements and statements other than those she saw and relied upon").

**F.    Plaintiff's Punitive Damages Requests Are Improper**

Plaintiff requests, but is not entitled to, punitive damages for his CLRA

and negligent misrepresentation claims.  (Compl. ¶¶ 74, 99.)  The Court should reject both requests.

First, punitive damages are not recoverable for claims of negligent misrepresentation.  *Martin v. Tradewinds Beverage Co.*, No. 16-9249, 2017 WL 1712533 at *11 (C.D. Cal. April 27, 2017).

With respect to Plaintiff's CLRA claim, his request for punitive damages fails because he did not allege that "an officer, director, or managing agent of the corporation . . . consciously disregarded, authorized, or ratified each act of oppression, fraud, or malice."  CAL. CIV. CODE § 3294(b); *Kanfer v. Pharmacare U.S., Inc.*, 142 F. Supp. 3d 1091, 1108 (S.D. Cal. 2015).  The Court should therefore reject both claims for punitive damages.

## V.   CONCLUSION

Plaintiff's claims should be dismissed because they: (i) are preempted under the EPCA; (ii) are pleaded with insufficient particularity; (iii) include claims that are not cognizable under California law; (iv) are based on products Plaintiff did not purchase and representations he did not view or rely upon; and (v) include inappropriate claims for punitive damages.

Dated:  January 9, 2018                 Respectfully submitted,


                                        **KATTEN MUCHIN ROSENMAN LLP**


                                        By:   /s/ Stuart M. Richter
                                              Stuart M. Richter
                                        Attorneys for Defendant Cree, Inc.