**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JEFF YOUNG,**<br>　　　　　Plaintiff**,**<br>　vs.<br>**CREE, INC.,**<br>　　　　　Defendant. | CASE NO. 17-cv-06252-YGR<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. Nos. 31, 32 |

Plaintiff Jeff Young brings this putative class action lawsuit against defendant Cree, Inc. ("Cree") alleging that defendant engaged in an "unfair and deceptive practice of . . . promising consumers" that Cree's light-emitting-diode bulbs (the "LED Bulbs") "will last for particularly long periods of time up to 35,000 hours" with a "100% Satisfaction Guarantee" and "yearly energy cost savings ranging from around $0.60 to $2 per blub per year" in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code §§ 17200, *et seq.* (Count I); (False Advertising Law ("FAL"), Cal. Bus. Prof. Code §§ 17500, *et seq.* (Count II); Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.* (Count III);[1] fraudulent misrepresentation and concealment (Count V); negligent misrepresentation (Count VI); unjust enrichment (Count VII); breach of express and implied warranties (Count VIII);[2] and negligent failure to test (Count IX). (Dkt. No. 1, Class Action Compliant ("CAC").)

---

[1] Plaintiff has withdrawn his claim for breach of the covenant of good faith and fair dealing (Count IV). (Dkt. No. 37, Opposition at 1.)

[2] Plaintiff's complaint designates two separate causes of action as "Count VII," namely claims for unjust enrichment and breach of express and implied warranties. In the interest of clarity, the Court has re-designated the breach of express and implied warranties claim as "Count VIII."

Now before the Court is defendant's motion to dismiss.[3] (Dkt. No. 31, Motion to Dismiss ("MTD").) Having carefully considered the pleadings and fully-briefed motion, the hearing held on April 3, 2018, and for the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** defendant's motion as described below.

## I. BACKGROUND

As relevant here, the complaint alleges as follows:

Defendant Cree "advertise[s], market[s], distribute[s], or s[ells]" LED Bulbs "to consumers throughout the United States." (CAC ¶ 12.) "[O]n or around April of 2015" Young purchased three of defendant's LED Bulbs at Walmart and paid "approximately $15-20 for each bulb." (*Id.* ¶ 32.) "Within months, all three [LED Bulbs] burned out even though [plaintiff] used them according to the instructions." (*Id.* ¶ 32.)

"Cree's packaging offers a '100% Satisfaction Guarantee' for LED Bulbs and an estimated lifetime of between 15–32 years depending on the product. The packages further offer an estimated yearly energy cost savings ranging from $0.60 to $2 per bulb per year. Cree packaging also offers a '10 Year Warranty.'" (*Id.* ¶¶ 3, 27.) Moreover, Cree's website "boast[s] . . . a 10 year 100% satisfaction guarantee." (*Id.* ¶ 4.) Plaintiff alleges that these "marketing efforts are made in order to—and do in fact—induce its customers to purchase the LED bulbs at a premium because consumers believe the Lightbulbs will last for far longer than their actual life." (*Id.* ¶ 5.) Based thereon, plaintiff asserts "Cree's claims regarding the longevity of the LED Lightbulbs are false." (*Id.* ¶ 6.)

## II. LEGAL FRAMEWORK

### A. Motion to Dismiss

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil

---

[3] Also before the Court is defendant's request for judicial notice of the front and back packaging for three types of Cree LED Blubs. (Dkt. No. 32.) In light of the lack of opposition, the Court **GRANTS** defendant's request for judicial notice, but does not accept the truth of any matters asserted in the documents. The Court gives such documents their proper evidentiary weight.

2

Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). In ruling on a motion to dismiss, "the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000).

Additionally, claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). These requirements "ensure that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

**B.     Preemption**

Preemption is fundamentally a question of congressional intent. *Wyeth v. Levine*, 555 U.S. 555, 565 (2009). "Federal preemption occurs when: (1) Congress enacts a statute that explicitly pre-empts state law; (2) state law actually conflicts with federal law; or (3) federal law

3

occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Chae v. SLM Corp.,* 593 F.3d 936, 941 (9th Cir. 2010) (internal quotation marks and citations omitted).

While the Court's interpretation of a preemption statute "must begin with its text," that interpretation "does not occur in a contextual vacuum." *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 484–85 (1996); *see Altria Group, Inc. v. Good,* 555 U.S. 70, 76 (2008) (stating that, even "[i]f a federal law contains an express pre-emption clause, it does not immediately end the inquiry because the question of the substance and scope of Congress' displacement of state law still remains."). In analyzing the issue, a court must begin with the presumption that unless a "clear and manifest purpose of Congress" exists, federal acts should not supersede the historic police powers of the states. *Wyeth*, 555 U.S. at 565; *Lohr,* 518 U.S. at 485. "Parties seeking to invalidate a state law based on preemption 'bear the considerable burden of overcoming the starting presumption that Congress does not intend to supplant state law.'" *Stengel v. Medtronic,* 704 F.3d 1224, 1227–28 (9th Cir. 2013) (*en banc*) (quoting *De Buono v. NYSA–ILA Med. & Clinical Servs. Fund,* 520 U.S. 806, 814 (1997)).

Preemption is express where Congress has considered the issue of preemption and included in the enacted legislation a provision explicitly addressing that issue. *Valentine v. NebuAd, Inc.*, 804 F. Supp. 2d 1022, 1028 (N.D. Cal. 2011) (citing *Cipollone v. Liggett Group*, 505 U.S. 504, 517 (1992)). In the absence of explicit preemptive language, congressional intent to preempt can be implied under two scenarios: field preemption and conflict preemption. First, field preemption occurs "where the scheme of federal regulation is 'so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it.'" *Valentine*, 804 F. Supp. 2d at 1028 (quoting *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992)). Field preemption should not be found in the absence of persuasive reasons—either that the nature of the regulated subject matter permits no other conclusion, or that, without question, Congress has so ordained. *Valentine*, 804 F. Supp. 2d at 1028–29 (such preemption arises in only extraordinary circumstances). Second, conflict preemption arises when "compliance with both federal and state regulations is a physical impossibility." *Id.* (internal citations omitted).

4

Conflict preemption may also exist where "state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* (internal citations omitted). Showing preemption by impossibility is a "demanding defense." *Wyeth*, 555 U.S. at 573.

### C. Energy Policy and Conservation Act

The Energy Policy and Conservation Act (the "EPCA") establishes a national energy conservation program to reduce energy use in the United States by creating various requirements with regard to (i) energy efficiency, (ii) efficiency testing, (iii) operating costs, and (iv) labeling requirements. 42 U.S.C. §§ 6291-6309; s*ee also* S. Rep. No. 94-516, at 517 (1975), reprinted in 1975 U.S.C.C.A.N. 1956, 1957. Under the EPCA, LED bulb manufacturers must disclose certain information on their product packaging. 16 C.F.R. 305.15. The product's "principal display panel" must include the LED bulb's estimated annual energy cost, "expressed as 'Estimated Energy Cost' in dollars and based on usage of 3 hours per day and 11 cents ($0.11) per kWh." 16 C.F.R 305.15(b)(1). The package's "Lighting Facts" label must further include the estimated lifespan of each bulb. 16 C.F.R. 305.15(b)(3).

Illustrative examples of the required disclosures are depicted below:

**Principal Display Panel**     **Lighting Facts Label**



The EPCA provides that these required disclosures do not give rise to express or implied warranties. Specifically, Section 6297(g) of the EPCA provides:

//

//

//

5

> Any disclosure with respect to *energy use, energy efficiency, or estimated annual operating cost which is required to be made* under the provisions of this part *shall not create an express or implied warranty under State or Federal law* that such energy efficiency will be achieved or that such energy use or estimated annual operating cost will not be exceeded under conditions of actual use.

42 U.S.C. § 6297(g) (emphasis supplied).

### III. DISCUSSION

Defendant argues that plaintiff's claims fail because the claims are (i) preempted by the EPCA and, in any event, (ii) not sufficiently pled. Defendant also claims that Young lacks standing to bring claims for alleged misrepresentations regarding certain types of LED Bulbs which he did not purchase.

#### A. EPCA Preemption

As an initial matter, the Court must determine whether plaintiff's claims are preempted by the EPCA. As noted, the EPCA states that "[a]ny disclosure with respect to energy use, energy efficiency, or estimated annual operating cost which is required to be made under the [EPCA] . . . shall not create an express or implied warranty under State or Federal law." 42 U.S.C. § 6297(g). Several district courts interpreting Section 6297(g) have held that the EPCA preempts both warranty and non-warranty claims which arise from defendant's "disclosure[s] with respect to energy use, energy efficiency, or estimated annual operating cost which [are] required to be made under the [EPCA]." *See Schwartz v. Vizio, Inc.,* 2017 WL 2335364, at *4 (C.D. Cal. 2017) (citing 42 U.S.C. § 6297(g)); *Jurgensen v. Felix Storch, Inc.*, 2012 WL 2354247, at *7 (S.D.N.Y. 2012). Stated differently, Section 6297(g) "expressly preempts all . . . claims [which] allege that [consumer products] did not perform as promised on a federally-required label." *Id*.

*Schwartz* is instructive. There, plaintiff brought warranty and non-warranty claims[4] alleging that defendant's representations regarding energy efficiency contained within a federally-

---

[4] Plaintiff's warranty claims included causes of action for breach of express warranty and implied warranty of merchantability. *Schwartz,* 2017 WL 2335364, at *1.
Plaintiff's non-warranty claims included causes of action for violations of Illinois' Consumer Fraud and Deceptive Business Practices Act; Pennsylvania's Unfair Trade Practices and Consumer Protection Law; negligent misrepresentation; fraudulent concealment; intentional misrepresentation; fraud; and unjust enrichment. *Schwartz,* 2017 WL 2335364, at *1.

6

required energy label were misleading. *Id*. at *1. In granting defendant's motion to dismiss, the *Schwartz* court held that plaintiff's warranty claims were preempted under the EPCA and the non-warranty claims were similarly preempted on the ground that the non-warranty claims were "simply . . . backdoor" attempts to recast "a breach of warranty claim." *Id*. at *4 (internal quotations omitted); *see also Jurgensen,* 2012 WL 2354247, at *1 (finding plaintiff's unjust enrichment claim preempted because it was merely a "backdoor" to a warranty claim); *Gee v. Viking Range Corp*., WL 4416442, at *2 (N.D. Miss. 2008) (non-warranty claims barred because the such claims were "inextricably intertwined with warranty claims which are barred by §6297(g)").

Here, plaintiff asserts his claims do not arise from statements which appear within the LED Bulbs' principal display panels or Lighting Facts labels but from representations which appear elsewhere on the product packaging or on the internet. (*See* Opposition at 6.) Upon review, the Court finds three categories of alleged misrepresentations, namely those which (i) reiterate disclosures required to be made on the product's principal display panel or Lighting Facts label; (ii) present information regarding *comparative* energy consumption, energy savings, and lifespan; and (iii) state that Cree's products are "100% Satisfaction Guaranteed." Examples of each category are depicted below.

**First Category**



**Second Category**



† At $.011 per kWh when compared to 60W incandescent, 30,000 hour lifetime.

**Third Category**



\* This product is guaranteed to give 100% performance satisfaction and is covered by a limited warranty. If within 5 years from the date of purchase you are not completely satisfied with the performance of this product, return the product to Cree . . . [and] Cree will send you a replacement or at Cree's option refund the original purchase price. Cree may require a purchase receipt.

### 1. First Category: Reiterations of Federally-Required Disclosures

Several courts have held that statements which merely reiterate the content of federally-required disclosures are preempted. *See Cooper v. United Vaccines, Inc.*, 117 F. Supp. 2d 864, 871–872 (E.D. Wis. 2000) (adopting a "sensible and practical approach" which "focuses the preemption issue upon the content and language of the representation at issue" rather than the physical placement of the representation); *see also Kuiper v. American Cyanamid Co.*, 913 F. Supp. 1236, 1244 (E.D. Wis. 1996) (finding the reiteration of federally-required label information not actionable); *Kanter v. Warner–Lambert Co.*, 99 Cal. App. 4th 780, 797 (2002) (statements which are "simply alternative explanations" of those contained in federally mandated labels are preempted).

Here, plaintiff's claims are preempted to the extent that such claims arise from the first category of alleged misrepresentations, namely those statements which merely reiterate the information required to be disclosed on the LED Bulbs' principal display panel or Lighting Facts label pursuant to the EPCA.[5] Such statements include representations regarding the "estimated

---

[5] Plaintiff argues that the first category of representations goes beyond the federally-required disclosures and is not preempted because these representations omit or alter the information which appears in the Lighting Facts Panel. For example, the Lighting Facts Panel states that the lifespan of the LED Bulb is "27.4 years" based on "3 hrs/day" of use whereas the challenged representation states that the LED Bulb is "27+ years rated lifetime." Plaintiff's argument fails in light of the fact that the federally-required disclosure and challenged representation both address the "estimated lifespan of the light bulb," 16 C.F.R. § 305.15(c), and were displayed in close proximity on the LED Bulb's packaging.

8

lifespan of the light bulb."[6] *See* 16 C.F.R. § 305.15(c), 16 C.F.R. § 305.2(w); (CAC ¶ 16). Accordingly, defendant's motion to dismiss is **GRANTED** to the extent that plaintiff's claims arise from statements which simply reiterate federally-required disclosures.

### 2. Second Category: Comparative Performance

With regard the second category, and, by contrast to mere reiterations, statements which are "substantially different" from the federally-required disclosures are not preempted. *Cooper*, 117 F. Supp. 2d at 871–72; *see also Taylor AG Industries v. Pure–Gro*, 54 F.3d 555, 563 (9th Cir. 1995) (finding claims based on oral statements made by a distributor preempted because there was no evidence that the statements "were inconsistent with or went beyond the labels"). These include representations regarding energy consumption, lifetime energy savings, and lifespan as compared to competing products.

*In re Ford* is instructive. There, plaintiffs alleged that Ford made misleading comparisons between Ford's Fusion cars and competing hybrid vehicles using figures derived from federally-mandated fuel efficiency disclosures. *In re Ford Fusion and C–Max Fuel Economy Litig.*, 2015 WL 7018369 at *2–3 (S.D.N.Y. 2015). The court held that plaintiffs' claims were preempted to the extent that such claims arose from Ford's presentation of federally-mandated fuel efficiency estimates. *Id.* at *27. However, the court also found that claims based on Ford's representations which *compared* the fuel efficiency of Ford's Fusion cars to that of Ford's competitors were not preempted on the ground that such statements "go beyond merely reporting the EPA-estimated MPG." *Id.* at *26; *see also Yung Kim v. General Motors, LLC*, 99 F. Supp. 3d 1096, 1104 (C.D. Cal. 2015) (finding representations based on federally-mandated EPA estimates not preempted by the EPCA because the representations could lead reasonable consumers to believe the vehicles would be "able to achieve real-world mileage and tank range derived from those figures"). In denying defendant's motion to dismiss, the court highlighted that plaintiffs' consumer protection

---

[6] To the extent that the complaint alleges misrepresentations which convey the LED Bulbs' estimated lifespan in hours as opposed to years such statements are similarly preempted. *See Cooper*, 117 F. Supp. 2d at 871–72. The simple arithmetic conversation of years to hours does not change the content of the challenged representation.

9

claims "were not based on the disclosure of fuel economy or fuel operating costs, but rather [were] based on the more general duty not to deceive," which Ford violated by "portraying a false impression about the 'superior' fuel economy of the [vehicles], beyond the mere disclosure of the EPA estimates." *Id.* at *24.

Here, plaintiff challenges several representations which tout the performance of Cree's LED Bulbs *when compared to competing bulbs*, including representations on Cree's website that its LED Bulbs will last "up to 3x as long as the cheap LED bulbs" and on the packaging which indicates that customers will save $95-177 by using a Cree LED Bulb. (CAC ¶¶ 19–27.) Such statements "go beyond merely reporting the EPA-estimated" bulb lifespan and convey an allegedly "false impression about the superior" longevity and cost savings of Cree's LED Bulbs. *In re Ford Fusion*, 2015 WL 7018369 at *24 (internal quotations omitted). These representations give rise to a plausible inference that reasonable consumers would believe the Cree's LED Bulbs are "able to achieve real-world" lifespan and cost savings. *See Yung Kim*, 99 F. Supp. 3d at 1104.

Accordingly, defendant's motion to dismiss is **DENIED** to the extent that such claims challenge the second category of alleged misrepresentations, namely those that purport to compare the longevity, energy consumption, and cost savings of defendant's LED Bulbs to competitors' LED and incandescent bulbs.

### 3. Third Category: 100% Satisfaction Guaranteed

With regard to the third category, which includes representations that the LED Bulbs are "100% Guaranteed[,]" such representations are not preempted. Such representations are not required by EPCA and therefore fall outside the purview of Section 6297(g). *See In re Ford*, 2015 WL 7018369 at *1 (holding "any allegations that go beyond the mere disclosure . . . [of information required by the statute], go beyond the scope of the EPCA"); *see also True v. Honda Motor Co.*, 520 F. Supp. 2d 1175, 1181 (C.D. Cal. 2007) (claims not preempted because the challenged representations were not within the scope of a federally-mandated disclosure).

## B. Sufficiency of Allegations

Having determined that plaintiff's claims are preempted only to the extent that such claims arise from the first category of representations, the Court now turns to whether plaintiff's claims

10

arising from non-preempted representations are sufficiently pled as to each category of alleged misrepresentations.

### 1. Second Category: Comparative Performance
#### a. Claims Sounding in Fraud: UCL, FAL, CLRA, and Fraudulent Misrepresentation and Concealment

Plaintiff alleges four causes of action involving allegations sounding in fraud, namely claims under the UCL (Count I), FAL (Count II), and CLRA (Count III), and for fraudulent misrepresentation and concealment (Count V). All four claims require plaintiff to allege a false or misleading statement, scienter, intent, reasonable reliance, and damages. *See Bank of the West v. Valley Nat. Bank of Arizona*, 41 F.3d 471, 477 (9th Cir. 1994) (citing *Hackethal v. Nat Cas. Co.*, 189 Cal. App. 3d. 1102, 1111 (1987)). In a deceptive advertising case involving allegations of fraud, "Rule 9(b) requires that the plaintiff(s) identify specific advertisements and promotional materials; allege when the plaintiff(s) were exposed to the materials; and explain how such materials were false or misleading." *Janney v. Mills*, 944 F. Supp. 2d 806, 818 (N.D. Cal. 2013). Defendant asserts that plaintiff fails to allege (i) Cree's scienter and (ii) the circumstances surrounding the alleged fraud including Young's reliance.

With respect to defendant's first argument, plaintiff alleges that defendant "designed, formulated, tested, manufactured, inspected, distributed, marketed, supplied, and/or sold" the LED Bulbs at issue. (CAC ¶ 125.) According to plaintiff, Cree claims on its website that it "designs and tests its bulbs to last longer, with rated lifetimes equal to or exceeding Energy Star minimum requirements." (*Id*. ¶ 26.) These allegations, particularly those related to testing, are sufficient to create a reasonable inference that Cree knew that the challenged representations were false. *See Kowalsky v. Hewlett–Packard Co.*, 2011 WL 3501714 (N.D. Cal. 2011) (finding plaintiff's allegation that defendant tested its products sufficient to create a plausible inference that defendant had knowledge of a product defect); *Avedisian v. Mercedes–Benz USA, LLC*, 2013 WL 2285237, at \*7 (C.D. Cal. 2013) (same).

Turning to Cree's second argument, plaintiff alleges that defendant knowingly made false representations and concealed material facts regarding the "quality, durability, longevity and benefits of [Cree's] LED Lightbulbs." (CAC ¶¶ 46–47, 48, 50, 57, 58, 66, 67, 70.) Plaintiff

11

identifies the specific advertisements and marketing materials which he claims are false and misleading. (*Id.* ¶¶ 15, 16, 17, 19, 20, 21, 23, 24, 25, 27.) Next, plaintiff alleges that he was exposed to the false representations when he purchased the LED Bulbs from Walmart in April of 2015. (*Id.* ¶ 32.) Further, he claims he would not have purchased the bulbs, or would not have paid as much for them, absent the alleged misrepresentations. (*Id.* ¶¶ 50, 60, 68, 90, 97, 122.) Plaintiff alleges that these representations are false and misleading because the LED Bulbs "do not last nearly as long as advertised. (*Id.* ¶ 6.) However, plaintiff fails to plead his reliance and does not identify the specific representations on which he relied.

Accordingly, defendant's motion to dismiss is **GRANTED** with respect to plaintiff's claims under the UCL (Count I), FAL (Count II), CLRA (Count III), and for fraudulent misrepresentation and concealment (Count V) with leave to amend to plead plaintiff's reliance and identify the specific representations on which he relied.

### b. Negligence Claims

Plaintiff alleges two causes of action for negligence, namely negligent misrepresentation (Count VI)[7] and negligence in design based on Cree's failure to test its LED Bulbs adequately (Count IX). Defendant argues that both negligence claims are barred by the economic loss rule.

"The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Ladore v. Sony Comput. Entm't Am.*, 75 F. Supp. 3d 1065, 1074 (N.D. Cal. 2014) (quoting *Tasion Communications v. Ubiquiti Networks, Inc.*, 2013 WL 4530470, at *3 (N.D. Cal. 2013)). "[T]he economic loss rule has been applied to bar a plaintiff's tort recovery of economic damages unless such damages are accompanied by some form of *physical harm* (i.e., personal injury or property damage)." *Id.* (emphasis in original) (citing *North Am. Chem. Co. v.*

---

[7] "In California, the elements of negligent misrepresentation are '(1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1018 (N.D. Cal. 2015) (quoting *Ragland v. U.S. Bank Nat. Assn.*, 209 Cal. App. 4th 182, 196 (2012)).

*Superior Court*, 59 Cal. App. 4th 764, 777 (1997)). "Put more precisely, in actions arising from the sale or purchase of a defective product, plaintiffs seeking economic losses must be able to demonstrate that either physical damage to property (other than the defective product itself) or personal injury accompanied such losses; if they cannot, then they would be precluded from any tort recovery in strict liability or negligence." *Id*. (quoting *North Am. Chem.*, 59 Cal. App. 4th at 780). The economic loss rule "prevents the law of contract and the law of tort from dissolving into one another." *Robinson Helicopter Co., v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).

Several California courts and federal courts in this district have recognized an exception to the economic loss rule. *See Robinson Helicopter,* 34 Cal. 4th at 989–93; *JMP Securities LLP, v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1043–44 (N.D. Cal. 2012). Specifically, a plaintiff seeking economic damages for a negligence claim "will [not] be barred by the economic loss rule [where] the plaintiff alleges that the defendant made an affirmative representation, and that the defendant's representation exposed the plaintiff to independent personal liability." *Crystal Springs Upland School v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962, 970 (N.D. Cal. 2016) (dismissing negligent misrepresentation claim because plaintiff did not allege exposure to independent personal liability); *see also Westport Ins. Corp. v. Vasquez, Estrada and Conway LLP*, 2016 WL 1394360, at *5–7 (N.D. Cal. 2016) (claim for negligent misrepresentation barred under the economic loss rule because the alleged tortious conduct was not separate from the breach of contract); *Nada Pac. Corp. v. Power Eng.g & Mfg., Ltd.*, 73 F. Supp. 3d 1206, 1224–25 (N.D. Cal. 2014) (same).[8]

---

[8] Defendant raises two additional arguments in its motion regarding plaintiff's negligence actions. First, defendant argues that plaintiff cannot bring a claim for "negligence—failure to test" because it is not a valid cause of action in California. This argument is without merit. California courts have held that the "duty to test is a subpart of the other three duties [to safely manufacture, adequately design, and appropriately warn]." *Valentine v. Baxter Healthcare Corporation*, 68 Cal. App. 4th 1467, 1486 (1999); *see also Gordon v. Aztec Brewing Co.*, 33 Cal. 2d 514, 520 (1949) (finding "negligence in the defendant's failure to test"); *Centeno v. Bayer HealthCare Pharm. Inc.*, 2014 U.S. Dist. LEXIS 136234, at *8-9 (S.D. Ill. 2014) (applying California law and denying dismissal of a negligence claim by finding that "failure to test" is a factual allegation supporting a claim that defendants were negligent and brings it "within the ambit of *Valentine*, which recognizes that testing and inspection duties may be tied to liability for manufacture, design, and failure to warn, even if they are not maintainable as an independent duty").

Here, plaintiff does not allege that he suffered "physical harm" or that he was exposed to personal liability as a result of defendant's alleged misrepresentations. Accordingly, defendant's motion to dismiss plaintiff's claims for negligent misrepresentation (Count VI) and negligent failure to test (Count IX) is **GRANTED** on the ground that such claims are barred by the economic loss rule. Plaintiff is granted leave to file an amended complaint which alleges, if possible, that he was exposed to "independent personal liability."

### c. Unjust Enrichment

Defendant argues that plaintiff's cause of action for unjust enrichment (Count VII) should be dismissed because it is not a cause of action in California. Defendant's argument fails as the California Supreme Court has clarified that unjust enrichment is a valid cause of action in California. *See Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 1000 (2015) (clarifying California law and allowing an independent claim for unjust enrichment).

Accordingly, defendant's motion to dismiss plaintiff's claim for unjust enrichment is **DENIED**.

### d. Breach of Express and Implied Warranties

Defendant argues plaintiff's warranty claim (Count VIII) should be dismissed on two grounds. First, plaintiff fails to allege that he attempted to enforce the terms of the warranties at issue. Second, Young lacks contractual privity because he purchased the LED Bulbs from a non-party, namely Wal-Mart. The Court addresses each.

With respect to the first argument, Cree mischaracterizes plaintiff's warranty claims. He does not allege that defendant breached the express warranties included on Cree's product packaging. Rather, he alleges that Cree made representations concerning product life and energy

---

Second, defendant argues that plaintiff fails to allege detrimental reliance with respect to the negligent misrepresentation claims. Defendant does not persuade. Plaintiff alleges that he relied on defendant's representations regarding the quality and longevity of defendant's LED Bulbs. (*See* CAC ¶¶ 1, 5, 50, 59, 67, 68, 90, 96.) In any event, an inference of reliance is appropriate where the alleged misrepresentations are material. *See Vasquez v. Superior Court*, 4 Cal.3d 800, 814 (Cal. 1971).

14

savings which themselves give rise to express warranties regarding the same. (CAC ¶ 115).[9]

Turning to the second argument, "[u]nder California law, the general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale." *In re Clorox Consumer Litig.,* 894 F. Supp. 2d 1224, 1236 (N.D. Cal. 2012) (internal quotation marks omitted) (citing *Burr v. Sherwin Williams Co.,* 42 Cal. 2d 682, 695 (Cal. 1954)). However, a "particularized exception[]" to the privity requirement exists as "when the plaintiff relies on written labels or advertisements of a manufacturer." *Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017, 1023 (9th Cir. 2008) (citing *Burr*, 42 Cal. 2d 682, 696 (1954); *see also In re Ferrero Litig.* 794 F. Supp. 2d 1107, 1118 (S.D. Cal. 2011). Here, plaintiff alleges misrepresentations regarding defendant's product packaging, written labels, and advertisements. (CAC ¶ 2.) Accordingly, privity of contract is not required. *See Clemens,* 534 F.3d at 1023. Defendant's motion to dismiss plaintiff's express and implied warranty claims (Count VIII) is **DENIED**.

### 2. Third Category: 100% Satisfaction Guaranteed

Plaintiff's claims based on the third category of representations arise from allegations that defendant's LED Bulbs "are sold with packaging which indicates . . . '100% Satisfaction Guaranteed.'" (CAC ¶ 15.) With respect to this category *Punian* illuminates. *See Punian v. Gillette Co.*, 2016 WL 1029607, at \*6–8 (N.D. Cal. 2016). There, plaintiffs alleged that defendant's labels, which stated that Duralock Batteries were "GUARANTEED for 10 YEARS in storage[,]" were misleading because they did not disclose possible leakage from the batteries during that period. *Id*. at \*3, 6. Plaintiff brought numerous claims but in granting defendant's motion to dismiss, the court found that "[i]n California the use of the term 'guarantee' generally creates an express warranty . . . [which] is not a representation that a product has no defects, but rather a promise to repair, replace or refund a failed product." *Id*. (citing Cal. Civ. Code §

---

[9] Pursuant to Cal. Com. Code § 2313(a), "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."

15

1791.2(b); *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1104 (N.D. Cal. 2007)).

Similarly, the "100% Satisfaction Guarantee[]" at issue here "is not a representation that a product has no defects, but rather a promise to repair, replace or refund a failed product." *Id*. Young does not allege that Cree failed to "repair, replace or refund a failed product." *Id*. Thus, defendant's motion to dismiss plaintiff's claims based on the "100% Satisfaction Guarantee[]" is **GRANTED** with leave to file an amended complaint to allege, if possible, defendant's failure to "repair, replace or refund a failed product." [10] *Id*.

### C. Standing

Next, defendant argues that Young lacks standing to pursue claims arises from LED Bulbs that he did not purchase. The Court does not agree.

"[A] Plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012); *see also Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 2990766, at *11 (N.D. Cal. 2012) ("the critical inquiry seems to be whether there is sufficient similarity between the products purchased and not purchased"). "The majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012) (noting that "substantial similarity" could be ascertained by examining "product composition" and "whether the alleged misrepresentations are sufficiently similar across product[s]").

Here, plaintiff alleges that he purchased three "100 Watt Standard A-Type" LED Bulbs. (CAC ¶ 32.) The Court finds that Young has standing to assert claims with regard to two other types of LED Bulbs, namely "Reflector (Flood/Spot)" and "Specialty" Bulbs, because plaintiff alleges substantially similar misrepresentations concerning longevity and cost savings. (*See* CAC

---

[10] At oral argument, plaintiff's counsel seemed to suggest that the representation may be circumstantial evidence of other claims. The court takes no position on that argument.

¶ 17 (identifying the three types of LED light bulbs manufactured by Cree as "Standard A-Type, Reflector (Flood/Spot), and Specialty; ¶¶ 19–21 (alleged misrepresentations for Standard A-Type); ¶¶ 23–24 (alleged misrepresentations for Reflector); ¶ 25 (alleged misrepresentations for Specialty).) Accordingly, defendant's motion to dismiss on standing grounds is **DENIED**.

### D. Punitive Damages

Cree argues that plaintiff's request for punitive damages under the CLRA fails because he does not allege that "an officer, director, or managing agent of the corporation . . . consciously disregarded, authorized, or ratified each act of oppression, fraud, or malice." Cal. Civ. Code §§ 3294(b); *see Kanfer v. Pharmacare U.S., Inc.*, 142 F. Supp. 3d 1091, 1108 (S.D. Cal. 2015). The Court concurs and finds that dismissal of plaintiff's request for punitive damages under the CLRA is appropriate in this case.

Accordingly, defendant's motion is **GRANTED** with regard to plaintiff's request for punitive damages under the CLRA with leave to amend to allege, if possible, that "an officer, director, or managing agent of the corporation . . . consciously disregarded, authorized, or ratified each act of oppression, fraud, or malice" now in accordance with this order or 60 days before the close of discovery with leave of the Court should evidence be discovered to support the allegation. *Id*.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS IN PART** and **DENIES IN PART** defendant's motion to dismiss as follows:

    **1.** On the topic of preemption, the Court:

        **A.** **GRANTS** defendant's motion to dismiss as to the first category of representations, namely those that reiterate disclosures required to be made on the product's principal display panel or Lighting Facts label.

        **B.** **DENIES** as to the second category of representations, namely those that present information regarding comparative energy consumption, energy cost savings, and lifespan.

        **C.** **DENIES** as to the third category of representations, namely those that

present information regarding comparative energy consumption, energy cost savings, and lifespan, namely those that state that Cree's products are "100% Satisfaction Guaranteed."

 **2.** With respect to the legal sufficiency of the complaint on the second and third categories of representations, the Court:

  **A.** **GRANTS** defendant's motion on the fraud counts, namely Counts I, II, III and V, with leave to amend to plead reliance and the specific representations on which plaintiff relied.

  **B.** **GRANTS** defendant's motion on the negligence-based counts, namely Counts VI and IX, with leave to amend regarding whether plaintiff was exposed to "independent personal liability."

  **C.** **DENIES** defendant's motion as to Count VII for unjust enrichment.

  **D.** **DENIES** defendant's motion as to Count VIII for breach of express and implied warranties with respect to comparative product life and energy savings. However, the motion as to a claim based on "100% Satisfaction Guaranteed" is **GRANTED** with leave to allege, if possible, defendant's failure to "repair, replace or refund a failed product."

 **3.** Defendant's motion based on standing is **DENIED**.

 **4.** Defendant's motion with respect to punitive damages is **GRANTED** with leave to amend now in accordance with this order or 60 days before the close of discovery with leave of the Court should evidence support the allegation.

Plaintiff shall file an amended complaint within 21 days of this Order. Defendant shall file its response within 21 after plaintiff's filing.

This terminates Docket Nos. 31, 32.

**IT IS SO ORDERED.**

Dated: April 9, 2018

                _____
                **YVONNE GONZALEZ ROGERS**
                **UNITED STATES DISTRICT COURT JUDGE**