Michael McShane (CA State Bar #127944)
mmcshane@audetlaw.com
S. Clinton Woods (CA State Bar #246054)
cwoods@audetlaw.com
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco, CA  94102-3275
Telephone: (415) 568-2555
Facsimile: (415) 568 2556

*Attorneys for Plaintiff*

[Additional counsel listed in signature block]

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFF YOUNG, individually and on behalf of all others similarly situated, | Civil Action No. 4:17-cv-06252-YGR |
| Plaintiff, | **AMENDED CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMAND** |
| CREE Inc., | |
| Defendant. | |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Jeff Young files this Amended Class Action Complaint on behalf of himself and all others similarly situated, by and through his undersigned attorneys, against Defendant Cree, Inc. ("Defendant" or "Cree"), and alleges as follows upon personal knowledge as to himself and his own acts and experience and, as to all other matters, upon information and belief based upon, among other things, investigation conducted by his attorneys.

## NATURE OF THE CASE

1.      Plaintiff brings this class action individually and on behalf of the Classes defined below against Defendant to obtain damages and declaratory relief.  This class action is brought to remedy violations of law in connection with Cree's unfair and deceptive practice of, among other things, promising consumers that its LED lightbulbs (the "LED Lightbulbs" or "Lightbulbs") will last for particularly long periods of time up to 35,000 hours.  These longevity representations are prominently made on the principal display panel of the Lightbulbs and are viewed by every consumer at the point of purchase.  In reliance on those representations, consumers paid and continue to pay a premium for the LED Lightbulbs.

2.      The front of label representations, which promise longevity for far longer than the Lightbulbs actually last, taken in conjunction with Cree's marketing scheme, far out-promise the actual life of the Lightbulbs.

3.      Furthermore, through a uniform scheme and common course of conduct, Cree markets the LED Lightbulbs on its website, product packaging, marketing literature and through retailers, claiming that "[W]e know people prefer better light, and we believe you should not compromise when it comes to the light in your home. That's why we designed no compromise, full featured LED bulbs…"

4.      Cree's packaging offers a "100% Satisfaction Guarantee" for LED Bulbs and an estimated lifetime of between 15-32 years depending on the product. The packages further offer an estimated yearly energy cost savings ranging from around $0.60 to $2 per bulb per year. Cree packaging also offers a "10 Year Warranty."

5.      Cree's warranty representations on the website boast, "What's even better than a product that claims to be superior? How about standing behind that promise with one of the strongest warranties in the industry. Cree LED Light bulbs don't just come with a promise of a better experience. They come with a 10 year 100% satisfaction guarantee."

6.      Cree's marketing efforts are made in order to—and do in fact—induce its customers to purchase the LED Lightbulbs at a premium because consumers believe the Lightbulbs will last for far longer than their actual life.

7.      To the detriment of the consumer, Cree's claims regarding the longevity of the LED Lightbulbs are false.  The LED Lightbulbs do not last nearly as long as advertised.

8.      Cree's customers across the nation have been cheated out of millions of dollars based on false promises, which have caused damages to Plaintiff and the members of the Class.  Plaintiff seeks recovery for Defendant's unfair practices, as well as its Defendant's breach of warranty, and, alternatively, assumpsit and common counts.

9.      Plaintiff and members of the class paid a price premium for the Cree LED bulbs that they would not have paid absent the false marketing representations of Defendant.

## JURISDICTION AND VENUE

10.      This is a nationwide class action commenced by Plaintiff on behalf of himself and all others similarly situated members of the Class defined below. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 because Defendant has advertised in this district and division and received substantial revenues and profits from the sales of the LED Lightbulbs in this district and division, and because a substantial part of the events and/or omissions giving rise to the claims occurred within this district and division.

AMENDED CLASS ACTION COMPLAINT

1     12.     This Court has personal jurisdiction over Defendant because it has conducted
2   substantial business in this judicial district and division, and intentionally and purposefully directed
3   the LED Lightbulbs into the stream of commerce within the districts of California and throughout
4   the United States.
5           //
6           //
7           //

**PARTIES**

13.    Plaintiff Jeff Young is a resident of Guerneville, in Sonoma County, California.

14.    Defendant Cree is an organization incorporated in North Carolina, with its principal place of business at 4600 Silicon Drive, Durham, in Durham County, North Carolina.  Defendant transacts or has transacted business in California and within this district, as well as throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Defendant has advertised, marketed, distributed, or sold the LED Lightbulbs to consumers throughout the United States.

**FACTUAL ALLEGATIONS**

15.    It used to be that consumers did not have a great many choices with respect to purchasing lightbulbs—60-watt incandescent bulbs were the norm.  However, incandescents wasted a lot of energy. Energy-saving compact fluorescent lamps (CFLs) were fluorescent lamps designed to replace incandescent lamps.  LED (light emitting diode) bulbs were introduced to the market relatively soon after CLFs and, because they are even more energy-efficient than CLFs, they quickly overtook their market share.  Indeed, LED bulbs are now mostly considered as the mainstream light source with the phasing out of traditional incandescents.

16.    Incandescent bulbs typically last between 1,000 and 2,000 hours, and CFLs typically last about 10,000 hours. The lifespan for LED replacements is routinely quoted as 25,000 to 50,000 hours. Long lifespan, and the reduced power used to create the same amount of light, is what makes this technology so promising and induces consumers to purchase LED Lightbulbs.

17.    Many of Cree's LED bulbs are sold with packaging which indicates that the product comes with a 10 Year Warranty or "100% Satisfaction Guaranteed." Furthermore, the packages all contain an estimated lifetime use and energy saving, indicating that the products will save consumers money in the long term despite their high purchase price point. These representations signal to the customer that the useful life of the product will be at least 10 years or more.

//

//

//

1

AMENDED CLASS ACTION COMPLAINT

18.     Furthermore, Cree packaging boasts that their products have a life of "27+ years" or more depending on the bulb.

AMENDED CLASS ACTION COMPLAINT



19.    Cree has created an overall marketing scheme that overpromises the longevity of the Lightbulbs. Specifically, the longevity representations (i.e. 27+ years), taken in conjunction with the marketing and advertising of the Lightbulbs detailed herein, signals to the consumer that the bulbs will significantly outlast traditional incandescent bulbs, when it is, in fact, not true.

20.    Cree manufactures three categories of LED bulbs: Standard A-Type, Reflector (Flood/Spot), and Specialty.  On its website, Cree claims with respect to each type of LED Lightbulb that "the Cree LED bulb is designed to create comfortable living spaces with better colors… [D]esigned to last more than 22 years (25,000 hours)[1], the Cree LED bulb is a worry-free choice backed by a 100% performance satisfaction guarantee."

---

[1] Some products, such as the 100 Watt Replacement Standard A-Type bulb, state that they will last for 13 years, or 15,000 hours.

AMENDED CLASS ACTION COMPLAINT

21.     Defendant manufactures six types of Cree Standard A-Type LED bulbs: a 40 Watt Replacement, 60 Watt Replacement, Connected 60 Watt Replacement, 75 Watt Replacement, 100 Watt Replacement, and 3-Way Replacement.

22.     Cree's website and marketing materials claim, with respect to its 100 Watt Replacement Standard A-Type bulbs that "Unlike some others, Cree doesn't compromise" and "Long LED lifetime lasts 13+ years (15,000 hours), up to 3x as long as the cheap LED bulbs."

23.     Furthermore, Cree claims with respect to its 40/60/75 Watt Standard A-Type LED bulbs that "Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs."

24.     Cree's website and marketing materials also claim with respect to its Connected 60 Watt Replacement bulbs that they feature a "25,000-hour lifetime compared to about 1,000 hours for a typical incandescent."

25.     The Cree Reflector (Flood/Spot) products come in eight variations including: a 75 Watt Replacement Flood, a 65 Watt Replacement Flood, 100 Watt Replacement Flood, 85 Watt Replacement Flood, 120 Watt Replacement Flood, 120 Watt Replacement Spot, 75 Watt Replacement Bright Flood, 75 Watt Replacement Bright Spot, Downlight 55 Watt Replacement, Downlight 65 Watt Replacement, and Downlight100 Watt Replacement.

26.     All of the Reflector series bulbs advertise a "Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs." The only exceptions are the Downlight 55/65/100 Watt bulbs which advertise "Longer LED lifetime lasts 32+ years (35,000 hours), up to 6x as long as the cheap LED bulbs."

27.     The Cree LED "Specialty" line comes in two varieties, the 25 Watt Replacement Candelabra and the 40 Watt Replacement Candelabra, both of which advertise "Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs."

28.     In addition to the claims about longevity, each Cree product makes a claim about an "estimated" cost savings for the purchaser buying the product, which range based on the cost of the product and the advertised lifespan for the LED lights. For example, the 55 Watt Replacement Downlight advertises an estimated savings of $177 per bulb, and a yearly energy cost savings of

2

$1.08. The 100 Watt Replacement Standard A-Type bulb advertises a Lifetime savings of $138 with a yearly average energy cost savings of $1.99. The 40 Watt Replacement Standard A-Type bulb advertises a lifetime savings of $95 and a yearly energy cost savings of $0.66.

29.     Cree further entices consumers by asserting "When you buy an LED bulb, you expect it to be in your home for a long time. Cree does too. That's why Cree designs and tests its bulbs to last longer, with rated lifetimes equal to or exceeding Energy Star minimum requirements. Most Cree LED bulbs are rated to last 25,000 hours. So, you'll be happy to have beautiful Cree LED light in your home for decades."

**Defendant's Label Misrepresentations**

30.     Defendant's misrepresentations within advertisements and marketing include, but are not limited to, the following:

- Defendant's labels advertise that the products have a 13-32+ years useful lifetime.

- Defendant's labels indicate that the products have a 10 Year Warranty.

- Defendant's labels indicate that the products carry a 100% Satisfaction Guarantee.

- Defendant's labels indicate that the products will save consumers hundreds of dollars per bulb of energy costs over the useful lifetime of the product.

**Defendant's Advertising and Marketing Misrepresentations**

- "Long LED lifetime lasts 13+ years (15,000 hours), up to 3x as long as the cheap LED bulbs."

- "Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs"

- "Longer LED lifetime lasts 32+ years (35,000 hours), up to 6x as long as the cheap LED bulbs."

- "[D]esigned to last more than 22 years (25,000 hours), the Cree LED bulb is a worry-free choice backed by a 100% performance satisfaction guarantee The LED general purpose bulbs "last up to 25,000 hours, equal to 25 incandescents."

3

- 25,000-hour lifetime compared to about 1,000 hours for a typical incandescent."

- "Most Cree LED bulbs are rated to last 25,000 hours. So, you'll be happy to have beautiful Cree LED light in your home for decades."

31.     In addition, the various lifetime savings estimations asserted by Defendant in its advertising are illusory and incorrect.

32.     Furthermore, Cree ran several internet and television ads which make various claims regarding the longevity of the bulbs, especially as they relate to the lifetime of the Cree bulbs in comparison to incandescent bulbs. For instance, one ad features an actor who metaphorically buries an incandescent bulb – set into a tiny bulb-shaped coffin – to emphasize that the new Cree bulb heralds the death knell of the incandescent bulb[2]. Still other television and internet ads, featuring the same actor, make other claims about Cree's superior lifetime and performance in comparison to incandescent bulbs.[3] These advertisements were part of Cree's pervasive marketing efforts and were viewed by Plaintiff and members of the class.

33.     Through the advertisements described above and others, Cree represented, directly or indirectly, expressly or by implication, that the LED Lightbulbs would last for specified periods or lifespans.  These representations are false.  The Lightbulbs do not in fact last for the warranted time or lifespan.

**Online Customer Complaints**

34.     Evidencing the impact of Cree's plan and scheme, numerous Cree customers from multiple states have lodged complaints online.  Consumers regularly complain that they were lured by Cree's representations of the lifespan of the LED Lightbulbs but the Lightbulbs failed well before the promised time frame.

---

[2] *See* "Eulogy", at https://www.ispot.tv/ad/7o4P/cree-bulbs-eulogy (last viewed 4/30/18);
[3] *See, e.g.*, "Obsolete", at https://www.ispot.tv/ad/7Km3/cree-bulbs-the-room-of-enlightenment-obsolete-ft-lance-reddick (last viewed 4/30/18); *and* "What Caboodle Actually Means", at https://www.ispot.tv/ad/AEuk/cree-led-bulbs-what-caboodle-actually-means-feat-lance-reddick (last viewed 4/30/18); *and* "Child" at https://www.youtube.com/watch?v=YT8Lhb0_y-0 (last viewed 4/30/18); *and* "1879" at https://www.youtube.com/watch?v=LPn8EodTjQA (last viewed 4/30/18).

4

35.     Set forth below is a small sample of customer complaints made on the Internet regarding Defendant's fraudulent scheme:

- Has anyone else had issues with the Cree 60 watt equivalent soft white bulbs that home depot sells? Out of the 1st four pack I bought, 1 went bad in about 3 months. I got 15 more from Duke energy at reduced prices and 3 of them have gone bad. Two I have yet to open so out of the 17 used, 4 have gone bad. That a 24% failure rate on a 10 year warranty bulb in a matter of months. …
  Most have gone bad with reduced output and some flash at reduced output. One was flashing and I actually her it pop inside and it went dark. It's definitely the electronics as all the LEDs still worked. These are all in open bathroom fixtures by the way.[4]

- CREE has really, really stepped down quality. I bought 2 CREE daylight LED bulbs and two months after putting them in the rubbery coating they had on on the plastic globe around the diotes started to cra

- Man, I was so happy with these things...up until they started going out. I bought a bunch of these (qty. 10) less than 2-3 months ago. So far 4 of them have burnt out already. They start flickering and with a pop or a fizzle, they are                                                                                                  gone.

  I have since switched over to Philips in hopes that they will last longer.

  What sucks is the warranty for these is such that you have to have the original boxes, a store receipt, and pay to ship them to them for review when they go out. Who keeps the packaging? Especially when they boast a crazy long life warranty. Guess I should have known, too good to be true right?[5]

- Great at first but both ones I bought started strobing after only a year and had to get rid of them. Not anywhere hear the rated life I expected.[6]

- Was a beautiful light for about 3 weeks, after which point it burnt out. I've never had a bulb in a simple desk lamp burn out so quickly.[7]

---

[4] http://www.dslreports.com/forum/r29858942-Rant-CREE-LED-Bulbs-going-bad
[5] https://www.amazon.com/gp/customer-reviews/R3NMC4TJ8AAE3U/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B00BXFP0SS
[6] https://www.amazon.com/gp/customer-reviews/R29EY7QY334JCL/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B00BXFP0SS
[7] https://www.amazon.com/gp/customer-reviews/RTB8E4XK8T1HV/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B00BXFP0SS

- I bought 7 of the BR30 lamps 5/24/15 and already 3 of them have failed. Sending the lamps to Cree rather than Home Depot (who was the only re-seller of the lamp) seems designed to deter anyone from using the warranty. I purchased 6 GE reveal branding LED BR30s at the same time and not one has failed. I have a 2700sq/ft home with all LEDs lamps from several other brands (including walmart store brand level). So far only these CREE branded bulbs have failed. I have very little faith that the remainder of the bulbs will last much longer. Very disappointing.[8]

## INDIVIDUAL PLAINTIFF FACTS

36.     Plaintiff Jeff Young is a resident of Geurneville, California who purchased three 100 Watt Standard A-Type bulbs on or around April of 2015 from WalMart. He paid approximately $15-20 for each bulb. Prior to purchasing the bulbs, Mr. Young reviewed the representations on the label which compared the Cree bulbs to other LED and non-LED light bulbs. Those representations included, but are not necessarily limited to: representations that he would save upwards of $100 per bulb over the life of the bulb; representations that the bulb would perform better than other less-expensive LED and non-LED bulbs; representations that the bulbs were guaranteed and/or warranted for performance.

37.     In addition, Mr. Young viewed some internet and television advertisements by Cree prior to purchasing that contained representations that the bulbs would last up to 25 times longer than incandescent bulbs and use a fraction of the energy of incandescent bulbs. Mr. Young relied on these representations, and in doing so decided to purchase the Cree LED bulbs. Were it not for the marketing representations made by Defendant that he relied upon, Mr. Young would not have bought the Cree LED bulbs, or would not have paid a price premium for him.  Within months, all three bulbs burned out even though Mr. Young used them according to the instructions. Mr. Young attempted to contact Cree to request replacement but was unsuccessful in contacting Cree through their website. Mr. Young also considered returning the bulbs to Wal-Mart but was told by Wal-Mart that it was too late to return them to the store.

## CLASS ACTION ALLEGATIONS

---

[8] https://www.facebook.com/atka1971/posts/10156193064939672:0

AMENDED CLASS ACTION COMPLAINT

38.     Plaintiff brings this suit as a class action on behalf of himself and all other similarly situated Cree customers (the "Class") pursuant to Fed.R.Civ.P.23.   Plaintiff seeks to represent the following Class:

> All persons in California who purchased the LED Lightbulbs during the applicable limitations period.  Excluded from the Class are (a) any Judge or Magistrate presiding over this action and members of their families; (b) the Defendant and its subsidiaries and affiliates; and (c) all persons who properly execute and file a timely request for exclusion from the Class (the "Class").

39.     Plaintiff reserves the right to re-define the Class (hereinafter referred to as the "Class," unless otherwise specified) prior to moving for class certification.

40.     The exact number of Class members is unknown as such information is in the exclusive control of Defendant. Plaintiff, however, believes that the Class encompasses thousands of individuals who are geographically dispersed throughout California.   Therefore, the number of persons who are members of the Class described above are so numerous that joinder of all members in one action is impracticable.

41.     Questions of law and fact that are common to the entire Class predominate over individual questions because the actions of Defendant's complained of herein were generally applicable to the entire Class.  These legal and factual questions include, but are not limited to:

    a.   The nature, scope and operations of Defendant's wrongful practices;

    b.   Whether Defendant marketed, designed, manufactured and sold LED lights into the stream of commerce which do not last as long as their represented and/or warranted life span and do not provide the promised costs savings;

    c.   Whether the LED lights prematurely fail before their represented and/or warranted life span

    d.   Whether the LED lights are capable of and provide the costs savings promised and represented by Defendants over the represented and warranted life span for the products;

AMENDED CLASS ACTION COMPLAINT

e.  Whether Defendant knew and failed to disclose that the LED lights were not durable and long lasting as they represented, promised and warranted and instead would fail well before their projected life span;

f.  Whether Defendant knew and failed to disclose that Led lights were not durable and long lasting as they represented, promised and warranted , and as such, the consumer would not achieve or realize the promised cost savings over the warranted life span for LED lights;

g.  Whether Defendant engaged in unconscionable, deceptive, misleading and/or fraudulent conduct and/or practices with respect to the sale of the LED lights or processing and handling of warranty claims ;

h.  Whether Defendant misrepresented, omitted or concealed information regarding the characteristics, quality, serviceability or longevity of the LED Lights;

i.  Whether Defendant's marketing of the LED lights was false, deceptive, and misleading to a reasonable consumer:

j.  Whether Defendant's conduct violated California law and whether based on the substantial connection between the wrongful conduct in question and Defendant's operations in California, whether such law can be applied to the claims of all Class Members;

k.  Whether Defendant's conduct constituted a breach of applicable warranties and/or gives rise to claims in *assumpsit*;

l.  Whether, as a result of Defendant's actions, omissions and/or misrepresentations of material facts related to the LED Lightbulbs, Plaintiff and members of the Class have suffered an ascertainable loss of monies and/or property and/or value;

m.  Whether Plaintiff and the Class members paid a price premium for the Cree LED Lightbulbs that they would not have but for the false marketing representations by Defendant.

n.   Whether Plaintiff and Class members are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief.

42.   Plaintiff's claims are typical of the members of the Class because Plaintiff and Class members were injured by the same wrongful practices.  Plaintiff's claims arise from the same practices and course of conduct that gives rise to the claims of the Class members, and are based on the same legal theories.  Plaintiff has no interests that are contrary to or in conflict with those of the Class he seeks to represent.

43.   Questions of law or fact common to Class members predominate. A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the Class members' aggregate damages are likely to be in the millions of dollars, the individual damages incurred by each Class member are, as a general matter, too small to warrant the expense of individual suits.  The likelihood of individual Class members prosecuting separate individual claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by the individual litigation of such cases. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials on the same factual issues.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Certification of the Class under Rule 23(b)(3) is proper.

44.   Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper.  Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with regard to Class members as a whole and certification of the Class under Rule 23(b)(2) proper.

**<u>TOLLING OF STATUTES OF LIMITATIONS</u>**

45.   <u>Discovery Rule</u>: Plaintiff's and class members' claims accrued upon discovery that the LED bulbs did not have the useful life advertised by Defendant. While Defendant knew, and

concealed, these facts, Plaintiffs and class members could not and did not discover these facts through reasonable diligent investigation until after they experienced the product's failure.

46.   <u>Active Concealment Tolling</u>: Any statutes of limitations are tolled by Defendant's knowing and active concealment of the facts set forth above. Defendant kept Plaintiff and all class members ignorant of vital information essential to the pursuit of their claim, without any fault or lack of diligence on the part of Plaintiff. The details of Defendant's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and class members, and await discovery. Plaintiff could not have reasonably discovered these facts, nor that Defendant failed to disclose material facts concerning its performance

47.   <u>Estoppel</u>: Defendant is and was under a continuous duty to disclose to Plaintiffs and all class members the true character, quality, and nature of the product. At all relevant times, and continuing to this day, Defendant knowingly, affirmatively, and actively concealed the true character, quality, and nature of the products. The details of Defendant's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and class members, and await discovery. Plaintiff reasonably relied on Defendant's active concealment. Based on the foregoing, Defendant is estopped from relying on any statutes of limitation in defense of this action.

48.   <u>Equitable Tolling</u>: Defendant took active steps to conceal and misrepresent material facts relating to the products' performance. The details of Defendant's efforts are in its possession, custody, and control, to the exclusion of Plaintiff and class members, and await discovery. When Plaintiff learned about this material information, they exercised due diligence by thoroughly investigating the situation, retaining counsel, and pursuing their claims. Should such tolling be necessary, therefore, all applicable statutes of limitation are tolled under the doctrine of equitable tolling.

## COUNT I

## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*

AMENDED CLASS ACTION COMPLAINT

49.    Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

50.    Business & Professions Code § 17200, *et seq*. prohibits acts of "unfair competition," which is defined by Business & Professions Code § 17200 as including any "any unlawful, unfair or fraudulent business act or practice . . . ."

51.    Defendant has engaged in unfair competition and unfair, unlawful or fraudulent business practices by the conduct, statements, and omissions described above by (1) making material representations about the quality, characteristics, reliability, durability, longevity and benefits of the LED Lightbulbs such as set forth herein, upon which Plaintiff was exposed to and reasonably relied as they were a substantial factor in his purchase decision, and/or (2) omitting the material facts about the actual lifespan of the LED Lightbulbs upon which Plaintiff would have relied had such facts been timely and adequately disclosed.

52.    Defendant's representations set forth above regarding the qualities, reliability, durability and lifespan of the LED Lightbulbs are false.

53.    Defendant concealed from Plaintiff and Class members the material facts that the LED Lightbulbs would not actually last for the period or lifespan represented and that the Plaintiff and Class members would not realize the promised cost savings.

54.    Defendant should have disclosed this information because it was in a superior position to know the true facts related to the LED Lightbulbs, was aware of the nature, qualities, reliability, durabaility and lifespan of the LED Lightbulbs at the time it sold the Lightbulbs to consumers, and Plaintiff and Class members could not reasonably be expected to learn or discover the true facts related to the LED Lightbulbs until actual failure.

55.    The omissions and acts of concealment by Defendant pertained to information material to Plaintiff and Class members and would have been likely to deceive them based on reasonable consumers' expectations and assumptions as to the lifespan of the LED Lightbulbs. Facts that indisputably pertain to the lifespan of the Lightbulbs—that they were specifically represented to last for a certain period of time-- are presumptively material to the reasonable consumer. An inference of reliance on such facts thus exists as a reasonable person would attach importance or

11

AMENDED CLASS ACTION COMPLAINT

significance, in determining whether to purchase the LED Lightbulbs at the prices they did, to the lifespan of the Lightbulbs. Had Defendant fully and adequately disclosed that its representations regarding the lifespan of the Lightbulbs were false or unsubstantiated, Plaintiff and the Class would not have purchased the LED Lightbulbs, or in the alternative would have paid less for.

56.    These acts and practices have also deceived Plaintiff and are likely to deceive persons targeted by such statements and omissions. In misrepresenting and failing to disclose material information regarding the lifespan of the LED Lightbulbs from Plaintiff and Class members, Defendant breached its duties to disclose these facts, violated the UCL, and caused injuries to Plaintiff and Class members. The injuries suffered by Plaintiff and Class members are also greatly outweighed by any potential countervailing benefit to consumers or to competition. Nor are they injuries that Plaintiff and Class members should or could have reasonably avoided.

57.    Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under Cal. Bus. & Prof. Code § 17200.

## COUNT II

## VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW, BUSINESS AND PROFESSIONS CODE § 17500, *et seq*.

58.    Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

59.    Defendant does business throughout the United States including within California.

60.    The Defendant is a "person" within the meaning of Civil Code §§ 1761(c) and 1770, and have provided "goods" within the meaning of Civil Code §§ 1761(b) and 1770.

61.    Plaintiff and members of the proposed class are "consumers" within the meaning of Civil Code §§ 1761(d) and 1770

62.    In violation of California Business & Professions Code § 17500, *et seq*., Defendant has disseminated or caused to be disseminated deceptive advertising misrepresentations, omissions and practices, including the statements referenced herein. These statements are actionable violations

of § 17500 in that Defendant expressly states that the LED Lightbulbs have attributes which they do not possess.

63.     Defendant's advertising misrepresentations, omissions, and practices made in connection with the sale of the LED Lightbulbs are unfair, deceptive and/or misleading within the meaning of California Business & Professions Code § 17500, et seq.  These representations are likely to deceive reasonable consumers.

64.     In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were and are misleading or likely to mislead for the reasons set forth above.

65.     Had the Defendant not misrepresented and concealed material facts about the LED lights, Plaintiff, members of the proposed class, and reasonable consumers would not have purchased or would have paid less for the LED lights.

66.     As detailed above, Plaintiff and the Class suffered injuries in fact and losses of money as a result of Defendant's unfair and deceptive  acts and practices, which violate § 17500, *et seq*.

67.     Pursuant to California Business & Professions Code § 17535, Plaintiff and members of the Class seek, and are entitled to: an order enjoining Defendant from continuing to make false and misleading statements concerning the LED Lightbulbs; restitution and disgorgement of any and all excessive amounts paid to Defendant or its agents; equitable relief pursuant to Cal. Code of Civil Procedure § 384; pre- and post-judgment interest at the highest rate allowable by law; and payment of attorney's fees and costs pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5, the common fund and private attorney general doctrines.

68.     As a result of Defendant's numerous violations of the false advertising statute, Plaintiff and Class members are entitled to equitable relief as the Court deems appropriate.

## COUNT III

### VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT,

### CALIFORNIA CIVIL CODE § 1750 et seq.

69.     Plaintiff re-alleges and incorporated by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

70.     This cause of action is brought pursuant to the California Consumers Legal Remedies Act ("CLRA"), Civil Code section 1750, *et seq*. Plaintiff brings this action on his own behalf and on behalf of the Class members, all of whom are similarly situated consumers within the meaning of Civil Code section 1781.

71.     The acts and practices described in this Complaint were intended to result in the sale of goods, specifically the LED Lightbulbs, in consumer transactions. Defendant has violated, and continues to violate, the CLRA, Civil Code section 1770, including but not limited to subdivisions (a)(5), (a)(7), (a)(9), and (a)(16) by:

- Representing that the LED Lightbulbs have characteristics or benefits, as described herein, which the Lightbulbs do not have, or omitting material facts to the contrary.

- Representing that the LED Lightbulbs are of a particular standard or quality, when the Lightbulbs are of another, or omitting material facts to the contrary.

- Advertising the LED Lightbulbs as having the potential to bring about certain results with the intent to sell the Lightbulbs without actually having those capabilities.

- Representing that the LED Lightbulbs were supplied in accordance with previous representations, when they were not, or omitting material facts to the contrary.

72.     Defendant made material representations about the quality, characteristics, reliability and benefits of the LED Lightbulbs such as referenced herein, upon which Plaintiff was exposed to and reasonably relied as they were a substantial factor in his purchase decision, and/or omitted the material facts about the actual lifespan of the LED Lightbulbs upon which Plaintiff would have relied had such facts been timely and adequately disclosed.  Defendant's representations set forth above regarding the qualities and lifespan of the LED Lightbulbs were false when made.  Defendant

concealed from Plaintiff and Class members the material facts that the LED Lightbulbs would not actually last for the promised length of time.

73.     The omissions and acts of concealment by Defendant pertained to information material to Plaintiff and Class members in that it would have been likely to deceive them based on reasonable consumers' expectations and assumptions. These facts are or would be presumptively material to the reasonable consumer. Had Defendant fully and adequately disclosed true qualities of the LED Lightbulbs, Plaintiff and Class Members would not have purchased the Lightbulbs or paid the prices that they did for them.

74.     Plaintiff and the Class members have thus suffered damage as a result of these violations.

75.     Defendant concealed the true qualities and lifespan of the LED Lightbulbs even though it was or reasonably should have been aware of this information.

76.     Defendant's misrepresentations and omissions of material fact described in the preceding paragraphs were at a minimum made without the use of reasonable procedures adopted to avoid such errors.

77.     Defendant, directly or indirectly, has engaged in substantially similar conduct with respect to Plaintiff and each member of the Class.

78.     Unless Defendant is enjoined from engaging in such wrongful actions and conduct in the future, members of the consuming public will be further damaged by Defendant's conduct.

79.     Plaintiff and the Class are entitled to equitable relief on behalf of the members of the Class in the form of an order, pursuant to Civil Code section 1780, subdivisions (a)(2)-(5), prohibiting Defendant from continuing to engage in the above-described violations of the CLRA, to provide restitution or actual damages in the form of all monies paid for the inflated sale price of the LED Lightbulbs, and any other relief the court deems proper. Plaintiff further seeks reasonable attorneys' fees under Civil Code section 1780(e).

80.     Pursuant to California Civil Code section 1782, Plaintiff has sent a demand letter to Defendant via registered mail, and defendant has not responded. Plaintiff will amend the complaint once defendant has responded to the demand letter.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT IV

### FRAUDULENT MISREPRESENTATION AND CONCEALMENT

81.     Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

82.     Defendant, either directly and/or through agents, made material misrepresentations and concealed material information concerning the qualities, characteristics, reliability, durability, longevity, benefits and lifespan of the LED Lightbulbs from its customers as set forth above.

83.     At the times Defendant misrepresented and concealed these material facts, Plaintiff and the members of the Class had no knowledge of the material facts that Defendant misrepresented and failed to disclose.

84.     At all times relevant, Defendant had superior knowledge regarding the qualities, characteristics, reliability, durability, longevity, benefits and lifespan of the LED Lightbulbs than did Plaintiff and Class members.

85.     By misrepresenting and failing to disclose material facts, Defendant intended that the Plaintiff and Class members would rely upon such failures to disclose material facts.

86.     Defendant owed a duty to Plaintiff and Class members to disclose material facts related to their purchase of the LED lights, including but not limited to the foregoing facts that concerned the qualities, characteristics, reliability, durability, longevity, benefits and lifespan of the LED Lightbulbs.

87.     Plaintiff and all Class members did, in fact, rely upon such Defendant's failure to disclose all material facts and, as a consequence, became customers of Defendant and purchased the LED lightbulbs. Plaintiff and Class members relied to their detriment on Defendant's omissions of material facts and upon representations delivered through Defendant's marketing materials, including its website and advertisements. Had Defendant disclosed to customers that its representations regarding the qualities, characteristics, reliability, durability, longevity, benefits and lifespan of the Lightbulbs were false or were not substantiated at the time that were made, Plaintiff and Class members would not have purchased the LED Lightbulbs from Defendant, or would have paid less for the LED lights.

88.     As a direct and proximate result of Defendant's deceptive, fraudulent, and unfair practices, Plaintiff and Class members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

89.     Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendant for damages and declaratory relief.

//

//

//

## COUNT V

## UNJUST ENRICHMENT

90.     Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

91.     As Plaintiff and the Class show just grounds for recovering money to pay for benefits Defendant received from them, they have a right to restitution at law through an action derived from the common-law writ of assumpsit by implying a contract at law, or a quasi-contract as an alternative to a claim for breach of contract.

92.     Plaintiff and members of the Class conferred a benefit upon Defendant by purchasing the LED Lightbulbs from Defendant.

93.     Defendant had knowledge that this benefit was conferred upon it.

94.     Defendant, having received such benefits, is required to make restitution as the circumstances here are such that, as between the two, it is unjust for Defendant to retain such monies based on the illegal conduct described above. Such money or property belongs in good conscience to Plaintiff and the Class members and can be traced to funds or property in Defendant's possession. Plaintiff and Class members have unjustly enriched Defendant through payments and the resulting profits enjoyed by Defendant as a direct result of such payments. Plaintiff's and Class members' detriment and Defendant's enrichment were related to and flowed from the conduct challenged in this Complaint.

AMENDED CLASS ACTION COMPLAINT

95.     Defendant  appreciated, accepted, and retained the non-gratuitous benefits conferred by Plaintiffs and the proposed Class members, who, without knowledge that the LED Lights would not perform as advertised, paid a higher price for the product than it was worth. Defendant  also received monies for the LED lights  that Plaintiff and the proposed Class members would not have otherwise purchased.

96.     It would be inequitable and unjust for Defendant to retain these wrongfully obtained profits.

97.     Defendant's retention of these wrongfully obtained profits would violate the fundamental principles of justice, equity, and good conscience.

98.     An entity that has been unjustly enriched at the expense of another is required to make restitution to the other. Under common law principles recognized in claims of common counts, assumpsit, and quasi-contract, as well as principles of unjust enrichment, under the circumstances alleged herein it would be inequitable for Defendant to retain such benefits without paying restitution or damages therefor. Defendant should not be permitted to retain the benefits conferred via payments to be received from and/or paid by Plaintiff and Class members as a result of such transactions, and other remedies and claims may not permit them to obtain such relief, leaving them without an adequate remedy at law.

## COUNT VI

### BREACH OF EXPRESS AND IMPLIED WARRANTIES

99.     Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated herein.

100.    Defendant sold the products in their regular course of business.  Plaintiff and Class members purchased the LED products.

101.    The Products are "consumer products" within the meaning of the Magnuson- Moss Warranty Act, 15 U.S.C. § 2301(1) and California law, respectively. The products costs more than five dollars.

102.    Plaintiffs and Class members are "consumers" and "buyers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3) and California law, respectively.

103.    Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) – (5). Defendant is also a "manufacturer" and "seller" within the meaning of California law, respectively.

104.    Defendant made promises and representations in an express warranty provided to all consumers, which became the basis of the bargain between Plaintiff, Class members and Defendant.

105.    Defendant's written affirmations of fact, promises and/or descriptions as alleged are each a "written warranty."   The affirmations of fact, promises and/or descriptions constitute a "written warranty" within the meaning of the Magnuson-Moss Act, 15 U.S.C. §2301(6).

106.    By placing such products into the stream of commerce, by operation of law including the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*, and the Uniform Commercial Code § 2-314 and other applicable state laws, including the Song-Beverly Act, Defendants also impliedly warranted to Plaintiff and Class members that the LED lightbulbs were of merchantable quality (i.e., a product of a high enough quality to make it fit for sale, usable for the purpose it was made, of average worth in the marketplace, or not broken, unworkable, contaminated or flawed or containing a defect affecting the safety of the product), would pass without objection in the trade or business, and were free from material defects, and reasonably fit for the use for which they were intended.

107.    Defendant breached all applicable warranties because the products suffer from a latent and/or inherent defect that causes it to fail, rendering it unfit for its intended use and purpose. This defect substantially impairs the use, value and safety of the Product.

108.    The latent and/or inherent defect at issue herein existed when the LED blulbs left Defendants' possession or control and was sold to Plaintiff and the Class members.  The defect was undiscoverable to Plaintiff and the Class members at the time of purchase.

109.    All conditions precedent to seeking liability under this claim for breach of express and implied warranty have been performed by or on behalf of Plaintiff and others in terms of paying for the goods at issue.  Defendant, having been placed on reasonable notice of the defect in the Products and breach of the warranties, have had an opportunity for years to cure the defect for Plaintiff and all Class members, but has failed to do so.

AMENDED CLASS ACTION COMPLAINT

110.     Defendant was on notice of the problems with the LED bulbs based on the complaints it received directly from Plaintiff and Class members, and from the plethora of public complaints.

111.     Defendant breached their express and implied warranties, as the Product did not contain the properties Defendant represented.

112.     Defendant's breaches of warranty have caused Plaintiffs and Class members to suffer injuries, paying for defective products, and entering into transactions they would not have entered into for the consideration paid.   As a direct and proximate result of Defendant's breaches of warranty, Plaintiff and Class members have suffered damages and continue to suffer damages, including economic damages in terms of the cost of the Product and the cost of efforts to mitigate the damages caused by same.

113.     As a result of the breach of these warranties, Plaintiffs and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and members of the Class, respectfully requests that this Court:

114.     Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

115.     Appoint Plaintiff as the representative of the Class and his counsel as Class counsel;

116.     Award all actual, general, special, incidental, statutory, injunctive, and consequential damages to which Plaintiff and Class members are entitled;

117.     Award pre-judgment and post-judgment interest on such monetary relief;

118.     Award reasonable attorneys' fees and costs; and

119.     Grant such further relief that this Court deems appropriate.

AMENDED CLASS ACTION COMPLAINT

1

## <u>DEMAND FOR JURY TRIAL</u>

2      Plaintiff respectfully demands a trial by jury on all issues within the instant action so triable.

3

4   Dated April 30, 2018                          Respectfully submitted,

5                                                 s/ Michael McShane

6                                                 Michael McShane (CA State Bar #127944)
7                                                 mmcshane@audetlaw.com
                                                  S. Clinton Woods (CA State Bar #246054)
8                                                 cwoods@audetlaw.com
9                                                 AUDET & PARTNERS, LLP

10  Charles J. LaDuca                             Melissa S. Weiner
11  Alexandra C. Warren                           weiner@halunenlaw.com
    awarren@cuneolaw.com                          Amy E. Boyle
12  CUNEO GILBERT & LADUCA, LLP                   boyle@halunenlaw.com
13  4725 Wisconsin Avenue NW                      HALUNEN LAW
    Suite 200                                     1650 IDS Center, 80 S Eighth St.
14  Washington, DC 20016                          Minneapolis, Minnesota 55402
    Telephone: 202-789-3960                       Telephone: (612) 605-4098
15  Facsimile: 202-589-1813                       Facsimile: (612)605-4099

16
17                                                Charles E. Schaffer, Esquire
                                                  LEVIN SEDRAN & BERMAN
18                                                510 Walnut Street, Suite 500
                                                  Philadelphia, PA  19106
19                                                Phone: (215) 592-1500
                                                  Fax: (215) 592-4663
20                                                cschaffer@lfsblaw.com

21
                                                  *Attorneys for Plaintiff*
22

23

24

25

26

27

28

AMENDED CLASS ACTION COMPLAINT