Stuart M. Richter (SBN 126231)
stuart.richter@kattenlaw.com
Andrew J. Demko (SBN 247320)
andrew.demko@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Rebecca K. Lindahl (*pro hac vice*)
rebecca.lindahl@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
550 South Tryon Street, Suite 2900
Charlotte, NC 29202-4213
Telephone:  704.344.3141
Facsimile:  704.344.2277

Attorneys for Defendant Cree, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| JEFF YOUNG, individually and on behalf of all others similarly situated, | Case No.     4:17-cv-06252-YGR |
| Plaintiff, | Hon. Yvonne Gonzalez Rogers |
| v. | **NOTICE OF MOTION AND MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b)** |
| CREE, Inc., | [Proposed Order and Request for Judicial Notice Filed Concurrently] |
| Defendant. | Complaint Filed: October 27, 2017 |
| | Date:  July 10, 2018<br>Time: 2:00 pm<br>Place:  Courtroom 1 – 4th Floor |

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 10, 2018 or as soon thereafter as the matter may be heard in the courtroom of the Honorable Yvonne Gonzalez Rogers, United States District Court for the Northern District of California, Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, California 94612, Defendant Cree, Inc. will and hereby does move the Court for an order dismissing Plaintiff Jeff Young's Complaint and each claim alleged therein.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's Complaint fails to state claim upon which relief can be granted.

The motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the Court records and files in this action, and on such other argument and evidence as may be presented to the Court at or prior to the hearing on this Motion.

Dated:  May 21, 2018             KATTEN MUCHIN ROSENMAN LLP

                                  By:   /s/ Stuart M. Richter
                                        Stuart M. Richter
                                  Attorneys for Defendant Cree, Inc.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

# **<u>TABLE OF CONTENTS</u>**

**Page**

I.    INTRODUCTION ........................................................................ 1

II.   STATEMENT OF THE ISSUES TO BE DECIDED .............................. 4

III.  STATEMENT OF THE RELEVANT FACTS ......................................... 5

IV.   ARGUMENT AND PERTINENT AUTHORITIES ................................. 5

    A.   The Product Label Representations Plaintiff Relied Upon Are Not Fraudulent or Misrepresentations or Under the UCL, FAL, or CLRA As A Matter of Law ...................................... 6

        1.   $226.00 Lifetime Energy Savings ....................................... 7

        2.   Better than less expensive LED bulbs ............................... 10

        3.   Better than non-LED bulbs ............................................... 11

        4.   "100% Satisfaction Guaranteed" ........................................ 11

        5.   Cree's limited warranty .................................................... 12

    B.   The Internet and Television Advertisements Plaintiff Supposedly Relied On Are Not Fraudulent or Misrepresentations Under the UCL, FAL, or CLRA .................. 13

        1.   Up to 25 times longer ....................................................... 13

        2.   Fraction of the energy ....................................................... 15

    C.   Because Plaintiff Has Not Alleged Any Actionable Misrepresentation, His Unjust Enrichment Claim Must Be Dismissed ....................................................................... 15

    D.   Plaintiff's Warranty Claims Must Be Dismissed Because Plaintiff Fails to Allege the Exact Terms of the Express Warranties Cree Purportedly Created and Cree Did Not Promise That the Bulbs Would Be Defect-Free ......................... 15

V.    CONCLUSION ...................................................................... 18

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anthony v. Yahoo, Inc.*,
  421 F. Supp. 2d 1257 (N.D. Cal. 2006) ............................................................. 6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 6

*Bohac v. General Mills, Inc.*,
  No. 12-cv-05280, 2014 WL 1266848 (N.D. Cal. March 26, 2014) .................... 9

*Brown v. Hain Celestial Group, Inc.*,
  913 F. Supp. 2d 881 (N.D. Cal. 2012) .............................................................. 15

*Chapman v. Skype, Inc.*,
  220 Cal. App. 4th 217 (Cal. App. 2 Dist. 2013) ................................................ 7

*Chase v. Hobby Lobby Stores, Inc.*,
  No. 17-cv-00881, 2017 WL 4358146 (S.D. Cal. Oct. 2, 2017) ........................ 10

*Chavez v. Nestle USA, Inc.*,
  No. 09-9192, 2011 WL 10565797 (C.D. Cal. Jan. 10, 2011) ..................... 10, 11

*Frenzel v. AliphCom*,
  76 F. Supp. 3d 999 (N.D. Cal. 2014) ........................................................... 17, 18

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) ............................................................ 16

*Hill v. Roll Intern. Corp.*,
  195 Cal. App. 4th 1295 (Cal App. 1 Dist. 2011) .............................................. 15

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod.
  Liab. Litig.*,
  __ F. Supp. 3d. __, No. 17-md-02777-EMC, 2018 WL 1335901
  (N.D. Cal. March 15, 2018) ............................................................................... 11

*In re Clorox Consumer Litig.*,
  894 F. Supp. 2d 1224 (N.D. Cal. 2012) ................................................. 10, 15, 16

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

*In re Ford Fusion & C-Max Fuel Econ. Litig.*,
   No. 13-2450, 2015 WL 7018369 (S.D.N.Y. Nov. 12, 2015) .............................. 9

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ................................................................... 10

*Maloney v. Verizon Internet Servs., Inc.*,
   No. 08-1885, 2009 WL 8129871 (C.D. Cal. Oct. 4, 2009), *aff'd*,
   413 F. App'x 997 (9th Cir. 2011) ........................................................... 3, 14

*Punian v. Gillette Co.*,
   No. 14-5028, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) ............... 12, 13, 17

*Resnick v. Hyundai Motor Am., Inc.*,
   No. 16-00593, 2017 WL 1531192 (C.D. Cal. April 13, 2017) ...................... 17

*Rojas-Lorenzo v. Google, Inc.*,
   159 F. Supp. 3d 1101 (N.D. Cal. 2016) ....................................................... 15

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir. 1998) ................................................................... 10

*Terraza v. Safeway, Inc.*,
   241 F. Supp. 3d 1057 (N.D. Cal. 2017) ....................................................... 10

*Tomek v. Apple, Inc.*,
   No. 11-02700, 2013 WL 3872774 (E.D. Cal. July 25, 2013), *aff'd*,
   636 F. App'x 712 (9th Cir. 2016) ................................................................. 14

*Trafficschool.com, Inc. v. Edriver, Inc.*,
   653 F.3d 820 (9th Cir. 2011) ..................................................................... 13

*Yamauchi v. Cotterman*,
   84 F. Supp.3d 993 (N.D. Cal. 2015)w ........................................................... 6

*Yung Kim v. Gen. Motors, LLC*,
   99 F. Supp. 3d 1096 (C.D. Cal. 2015) ........................................................... 9

**Statutes**

Cal. Bus. and Prof. Code § 17200 ................................................................... 5

Cal. Civ. Proc. Code § 1750 ........................................................................... 5

Energy Policy and Conservation Act, 42 U.S.C. § 6297 .................................... 1

iii

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1

**Rules**

Fed. R. Civ. Proc. 12 ................................................................................................ 6

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT          4:17-cv-06252-YGR

## I.     INTRODUCTION

In his initial complaint, Plaintiff attempted to fashion a claim based on representations regarding the longevity of Cree's LED bulbs.  The Court granted Cree's motion to dismiss because his claims are preempted under the Energy Policy and Conservation Act ("EPCA"), 42 U.S.C. § 6297.  In an attempt to avoid the preemption bar (even though his amended complaint is still an attack on the lifespan of Cree bulbs), Plaintiff alleges he relied on misrepresentations from three sources when purchasing Cree 100-Watt replacement bulbs: the products' labels, undisclosed "internet advertisements," and television advertisements.  While these new theories may not be preempted, they still should be dismissed because Plaintiff has not alleged (and cannot allege) any actionable misrepresentation in any of the materials he supposedly reviewed.

**The label.** Plaintiff claims he relied on five statements on Cree's labels, *three* of which do not even exist on the product he admits he purchased.[1]  First, he allegedly relied on a representation that Cree's bulb would save him over $100 per bulb over the bulb's lifespan.  To be specific, Cree said it would save Plaintiff $226 over the lifetime of the bulb.  But Plaintiff omits that Cree also disclosed its assumptions:

> \* At $0.11 per kWh when compared to 100W incandescent. 25,000 hour lifetime.

Based on the assumptions, the math is accurate.  Accordingly, it is not an actionable misrepresentation because it is true.

---

[1]     It is frustrating that Cree has to refute these claims.  Cree's counsel provided Plaintiff's counsel with the correct 100-Watt label a week before his amended complaint was due.  Richter Decl. ¶ 2.  Plaintiff chose not to include the correct label.

NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT          4:17-cv-06252-YGR

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

Next, Plaintiff claims the label included "representations that the bulb would perform better than other less-expensive LED" bulbs.  The label does not say that.  *See* RJN, Exh. 1.

Third, Plaintiff claims he relied on representations that "the bulb would perform better than other less-expensive . . . non-LED bulbs."  Other than the energy use (true) and savings (addressed above), the label does not so state.  To the contrary, the label compares the quality of the light as similar to (*i.e.*, not superior to) an incandescent bulb: "delivers a beautiful, warm, incandescent-like light," and "provides a compact, optically centered light source in real glass—so it looks and lights just like a traditional incandescent bulb."   These are not misrepresentations concerning comparisons to incandescent bulbs.  *Supra* n.1.

Fourth, Plaintiff alleges he relied on the "100% Satisfaction Guaranteed" language in the *60-watt* label depicted in his FAC.  That language is not on the 100-watt label Plaintiff purchased.  *Supra* n.1.

Finally, Plaintiff claims he relied on representations that the bulbs "were guaranteed and/or warranted for performance."  They were:



**LIMITED WARRANTY**
If this bulb does not operate for 10 years (based on 6 hours per day / 7 days per week of normal consumer use) from date of purchase when used as directed, return the bulb with proof of purchase, register receipt and your name and address to Cree, Inc. (Consumer Warranty), 4600 Silicon Drive, Durham, NC 27703 USA. Cree will send you a replacement or at Cree's option refund the original purchase price. For warranty or other questions please call 1-866-924-3645.

Plaintiff does not allege that the representations in this limited warranty were false or misleading.  Nor does he allege that he returned the bulb to Cree at its address with a proof of purchase within the warranty period.  In fact, he affirmatively alleges *he did not* follow the warranty.  He says he tried to contact Cree through its website but "was unsuccessful," and he tried to return the bulbs to "Wal-Mart but was told by Wal-Mart that it was too late."  Accordingly, he has not alleged a misrepresentation.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

2

**Internet ads**.  The Court ordered Plaintiff to comply with Rule 9(b).  Notwithstanding, Plaintiff provided no details as to what, where, or when, he supposedly saw internet ads.  Without that information, Cree cannot respond.  In any event, he claims the ads made the same representations as the television ads, which are addressed next.

**TV ads**.  Plaintiff alleges he saw and relied on television ads that claim Cree bulbs would use a "fraction of the energy of incandescent bulbs," and a Cree bulb would "last up to 25 times longer" than an incandescent bulb.

Plaintiff does not—and cannot—allege that the first claim is false.  Energy is measured in Joules.  Energy "use" is measured in Watts (Joules/second).  Cree manufactured an 18-Watt bulb that replaced a 100-Watt bulb; 18 is clearly a fraction of 100.  The only way that statements related to the bulb's energy "use" could be false or misleading is through an allegation that Cree's bulb did not operate at 18 Watts or that the 100-Watt bulb it replaced operated at far less than 100-Watts.  Plaintiff has not made these allegations.

As to the second representation, it is questionable whether "up to" language can even create an actionable misrepresentation.  *See, e.g. Maloney v. Verizon Internet Servs., Inc.*, No. 08-1885, 2009 WL 8129871, at *5 (C.D. Cal. Oct. 4, 2009), *aff'd*, 413 F. App'x 997 (9th Cir. 2011) ("The 'up to' language should have put any reasonable customer on notice that his or her own speed may not reach 3 Mbps.").  The language here does not, because Plaintiff admitted to examining and relying on the labels, and specifically, the lifespan of the bulbs.  *See* Dkt. #37 at 20 ("Mr. Young . . . relied on the misleading statements specifically listed on the bulbs he purchased."); *id.* at 13 ("Cree packaging boasts that their products have a life of '27+ years' or more").  In fact, Cree's label provides the exact amount of time its 100-Watt bulbs lasted in testing: 22.8 years at 3 hours per day.  RJN, Exh. 1.  Even assuming

2029 Century Park East, Suite 2600  Los Angeles, CA 90067-3012  310.788.4400 tel   310.788.4471 fax

**Katten**

3

Plaintiff had some understanding of how long an incandescent bulb lasts during testing (0.9 years), he could not have reasonably relied on this vague "up to" claim when the label he also relied on had exact information about how long the bulb he purchased lasted in the government-required testing.

In his first complaint, Plaintiff's primary claim was that his bulbs did not last as long as Cree claimed they did because the ones he purchased burned out. Had Plaintiff read his package or checked the internet, he could have received replacements by following the warranty instructions. Instead, he chose to file his complaint. When his "lifespan" claims were dismissed as preempted, the Court graciously provided him a second chance. And Cree even sent him the right label so he could make accurate allegations. Notwithstanding, Plaintiff filed a second complaint, attempting to turn accurate representations based on the Lighting Facts information into disguised longevity claims that were previously preempted and dismissed. The Court should dismiss this Amended Complaint as well and should not provide Plaintiff a third opportunity to attempt to state a cognizable claim.

## II.   STATEMENT OF THE ISSUES TO BE DECIDED

1.     Should the Court dismiss Plaintiff's claims because the statements on which Plaintiff relies are not false or misleading as a matter of law?

2.     Should the Court dismiss Plaintiff's claims because the statements on which Plaintiff relies are puffery that would not mislead a reasonable consumer?

3.     Should the Court dismiss Plaintiff's claims based on "100% Satisfaction Guaranteed" language because he did not rely on that language or allege that Cree did not repair, replace, or refund the allegedly defective products, as required by the Court's prior Order?

4.     Should the Court dismiss Plaintiff's claims based on Cree's limited warranty because Plaintiff has not alleged he complied with the

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

4

warranty's terms?

## III.   STATEMENT OF THE RELEVANT FACTS

Plaintiff filed his Amended Complaint on April 30, 2018.  As in his original complaint, Plaintiff alleges that he purchased three Cree 100-Watt Standard A-Type bulbs (the "Bulbs") from Wal-Mart "on or around April of 2015." (Amend. Compl. ¶ 36).  Plaintiff alleges he paid between $15 and $20 per Bulb and that each "burned out" "[w]ithin months." (*Id.*).  Based on these purchases, Plaintiff alleges claims for violation of the UCL, FAL, and CLRA; fraudulent misrepresentation and concealment; unjust enrichment; and breach of express and implied warranties.

To support each of his causes of action, Plaintiff alleges that Cree engaged in a "marketing scheme" that caused Plaintiff and other putative class members to pay "a price premium for the Cree LED bulbs that they would not have paid absent the false marketing representations of Defendant." (Amend. Compl. ¶¶ 2, 9, 37).  Plaintiff identifies statements on product labels and in television and internet advertisements upon which he supposedly relied when deciding to purchase the bulbs.  Specifically, Plaintiff identifies the following product label representations: (i) "representations that he would save upwards of $100 per bulb over the life of the bulb;" (ii) "representations that the bulb would perform better than other less-expensive LED and non-LED bulbs;" and (iii) representations that the bulbs were "guaranteed and/or warranted for performance." (Amend. Compl. ¶ 36).  Plaintiff also alleges that he viewed "some internet and television advertisements" that contained representations that "the bulbs would last up to 25 times longer than incandescent bulbs and use a fraction of the energy of incandescent bulbs." (Amend. Compl. ¶ 37).

## IV.   ARGUMENT AND PERTINENT AUTHORITIES

While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, the plaintiff must still provide the grounds of his

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

5

entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That obligation "requires more than labels and conclusions." *Id.* at 555. A court considering a motion to dismiss for failure to state a claim should grant the motion where the complaint "lacks a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Anthony v. Yahoo, Inc.*, 421 F. Supp. 2d 1257, 1260 (N.D. Cal. 2006) (citation omitted). Here, each of Plaintiff's claims hinges on his allegation that "[w]ere it not for the marketing representations made by Defendant that he relied upon, Mr. Young would not have bought the Cree LED bulbs, or would not have paid a price premium for [them]." (Amend. Compl. ¶ 37). Accordingly, the Court can resolve the question of whether Plaintiff's Amended Complaint states a cognizable claim by determining whether the representations Plaintiff relied upon are actionable. For the reasons set forth below, the representations Plaintiff relied upon are true and not likely to deceive the public, and therefore are not actionable as a matter of law. Plaintiff has thus failed to satisfy the Rule 12 pleading standards for any of his claims, and they should be dismissed without leave to amend.

A. **The Product Label Representations Plaintiff Relied Upon Are Not Fraudulent or Misrepresentations or Under the UCL, FAL, or CLRA As A Matter of Law**

A claim for fraudulent misrepresentation in California requires that a statement be actually false. *See Yamauchi v. Cotterman*, 84 F. Supp.3d 993, 1018 (N.D. Cal. 2015). Similarly, to satisfy his pleading requirements for a fraudulent misrepresentation claim, Plaintiff must "set forth what is false or misleading about a statement, and why it is false." *Id.* In contrast, to state a claim for relief under the UCL, FAL, and CLRA, Plaintiff must plausibly allege that Cree's advertisements or label representations are "either actually misleading or . . . [have] a capacity, likelihood, or tendency to deceive or

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

6

confuse the public." *Chapman v. Skype, Inc.*, 220 Cal. App. 4th 217, 226 (Cal. App. 2 Dist. 2013). "'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Id.* Instead, the standard is satisfied only where "the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*

Here, Plaintiff attempts to identify five product label representations that he claims to have relied upon when purchasing his bulb. None of the product label representations Plaintiff claims to have relied upon in purchasing his bulbs is actionable, because none is false or likely to deceive or confuse the public.

### 1.    $226.00 Lifetime Energy Savings

The first product label statement Plaintiff identifies is a representation that Plaintiff "would save upwards of $100 per bulb over the life of the bulb." (Amend. Compl. ¶ 36). Cree's 100W bulb package actually says "$226 Lifetime Energy Savings" with a significant *asterisk*. The asterisk, which Plaintiff fails to mention, calls attention to Cree's disclosure of the assumptions from which the $226.00 in energy savings were calculated: "At $0.11 per kWh when compared to 100W incandescent. 25,000 hour lifetime." RJN, Exh. 1. Accordingly, no part of the $226.00 in savings is attributed to the costs of the bulb(s);[2] rather, the statement focuses on the amount of money saved on an energy bill and is based on the following, disclosed assumptions:

- the energy the bulb uses (18 Watts) compared to the bulb it is

---

[2]    In other words, consumers would achieve those energy savings as long as they used any 18-watt bulbs instead of 100-watt bulbs over 25,000 hours, regardless of how many of each type of bulb that would be needed to cover the 25,000 hours. With the assumptions all disclosed, the representation is only simple arithmetic. The costs of two or more bulbs are not part of the equation.

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

7

replacing (100 Watts),

- the cost of energy ($0.11 per kWh), and
- the time period (25,000 hours).

Two of these assumptions (the amount of energy and its lifespan) are taken directly from the "Lighting Facts" box, which is adjacent to the energy savings representation. The rest is just math.[3]

The only way it can be false or even misleading is if one or more of the underlying assumptions— particularly here, the 25,000-hour timeframe—is false.

In cases like this, it is critical to unpack the $226.00 Lifetime Savings representation to identify exactly what Plaintiff claims makes it false. Here, he presumably claims he did not achieve $226.00 in lifetime savings because his bulbs burned out after a couple of months. First, as explained above, the representation concerns how much money would be saved in energy consumption by using an 18-watt bulb versus a 100-watt bulb. The Amended Complaint contains no allegation that would make the statement false (such as that the Cree bulb actually uses *more than* 18 watts or energy costs more or less than $0.11/kW).

Of the three assumptions made in the calculation, then, the one Plaintiff necessarily claims is false is the assumption of a "25,000-hour lifetime." Critically, the Court has already ruled that representation is preempted (Dkt. #42 at 9 n.6 ("To the extent that the complaint alleges misrepresentations which convey

---

[3]    According to the "Lighting Facts," Cree's bulb uses 18 watts (0.018kW). A 100 watt bulb uses, by definition, 100 watts or 0.1kW. Multiply those by 25,000 hours and one would get 450 kW used by Cree's bulb(s) and 2,500 kW used by the 100-watt bulb(s). Multiply those by $0.11 and one would get $49.50 for the Cree bulb and $275.00 for the 100-watt bulb. Subtract $49.50 from $275.00 and one gets $225.50 saved. Accordingly, the math is correct. This is just like the other "comparison" representation the Court found was not preempted (the 83% less energy). That, too, is math. The 60-watt replacement bulb on which it was based uses 10 watts, divide that by the 60 watts it is replacing, times one hundred, and one would get 83%.

133299911_336091-00016

the LED Bulbs' estimated lifespan in hours as opposed to years such statements are similarly preempted.")).  And Plaintiff has not re-alleged that Cree's 25,000-hour lifetime by itself, or assuming a 25,000-hour lifespan, is false or misleading. Without an allegation that the underlying assumptions are false or misleading, there can be nothing false or misleading about multiplication.

These circumstances are fundamentally different than those in the cases cited in the Court's prior order, all of which included affirmative misrepresentations that a car could achieve a certain miles-per-gallon *without adequate disclaimers*.  *See, e.g.*, *Yung Kim v. Gen. Motors, LLC*, 99 F. Supp. 3d 1096, 1099 (C.D. Cal. 2015) (citing a brochure that states the car "has the best highway fuel economy in its class at 32 highway miles per gallon . . . and can go up to 600 highway miles on a single tank of gas"); *In re Ford Fusion & C-Max Fuel Econ. Litig.*, No. 13-2450, 2015 WL 7018369, at *2 (S.D.N.Y. Nov. 12, 2015) ("47 mpg in the city and on the highway? Yes, it's true. The all new Fusion ... achieves 47 combined mpg-doubling the fuel economy of the average vehicle."). Here, by contrast, the disclaimers are present right below the representations and right next to the Lighting Facts box, which contains the same information. Accordingly, a reasonable person would not have been deceived unless he or she relied on the 25,000-hour assumed lifespan and claimed it was false or misleading. *See Bohac v. General Mills, Inc.*, No. 12-cv-05280, 2014 WL 1266848 at *9 (N.D. Cal. March 26, 2014) (explaining that where "the challenged misrepresentations are explicitly disclaimed or modified by other words in the same general location on the label," courts have held that reasonable

1   consumers could not be misled) (collecting cases).[4]  Because there is no

2   allegation that the lifespan assumption was false or misleading, the Court should

3   dismiss the claim.

### 2.   Better than less expensive LED bulbs

5   Plaintiff does not specifically identify the second product label

6   representation, but describes it as a "representation[] that the bulb would

7   perform better than other less-expensive LED" bulbs.  (Amend. Compl. ¶ 36).

8   Plaintiff's lack of specificity is not surprising, because Cree's packaging

9   does not reference other LED bulbs, whether of comparable or lesser cost.[5]

10  RJN, Exh. 1.  Because Plaintiff cannot point to a specific representation—*see*

11  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009)—and because

12  the product label Plaintiff claims to have relied upon does not contain that

13  representation, this allegation fails.  *See In re Clorox Consumer Litig.*, 894 F.

14  Supp. 2d 1224, 1235 (N.D. Cal. 2012) (holding that where plaintiff alleged the

15  existence of actionable "product labels," the allegation was too vague to

16  support a claim for breach of warranty and "[fell] far short of the plausibility

17  and notice requirements set forth in *Iqbal* and *Twombly*."); *Chavez v. Nestle*

18  *USA, Inc.*, No. 09-9192, 2011 WL 10565797 at *4 (C.D. Cal. Jan. 10, 2011)

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**Katten**
KattenMuchinRosenmanLLP

---

20  [4]   In addition to the representation here not being false or misleading as a matter of law, Plaintiff's allegations also suffer from "a critical omission"—

21  Plaintiff does not "plead whether . . . [he] saw the asterisk. . . or whether [he] even read the disclaimer at issue."  *Chase v. Hobby Lobby Stores, Inc.*, No. 17-

22  cv-00881, 2017 WL 4358146 at *8 (S.D. Cal. Oct. 2, 2017).  Accordingly, Plaintiff's allegations "cannot advance past the pleading stage" because they

23  are not "pled with sufficient particularity."  *Id.* at *10.

24  [5]   Though Plaintiff's factual allegations are taken as true for the purposes of a motion to dismiss, the Court is not required to ignore the contents of

25  evidence referenced in and inherent to the allegations of Plaintiff's Amended Complaint.  *Terraza v. Safeway, Inc.*, 241 F. Supp. 3d 1057, 1072-73 (N.D.

26  Cal. 2017) (relying on the contents of judicially-noticed documents to discount a plaintiff's allegations in analyzing a motion to dismiss); *see also Steckman v.*

27  *Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

28

1   (holding dismissal of plaintiff's claims based on challenged advertising
2   statements may be appropriate where plaintiff alleged that defendant marketed
3   its products as making children smarter but could not point to a specific
4   representation).[6]

5            **3.      Better than non-LED bulbs**

6            Plaintiff's assertion that he relied upon a product label representation
7   "that the bulb would perform better than . . . non-LED bulbs" is equally
8   specious.  The only specific references to non-LED bulbs on Cree's product
9   labels are statements referring to the lighting qualities of incandescent bulbs
10  *positively* to explain how Cree LED bulbs perform like them (*not* superior to
11  them).  For example, Cree's product packaging states that its LED bulb
12  "delivers a beautiful, warm, incandescent-like light" and "provides a compact,
13  optically centered light source in real glass—so it looks and lights just like a
14  traditional incandescent bulb."   RJN, Exh. 1.   Because Plaintiff does not
15  identify a specific misrepresentation—and cannot, given the contents of Cree's
16  product packaging—this allegation does not support Plaintiff's claims.  *See*
17  *Chavez*, 2011 WL 10565797 at *4.  And even if there were such a
18  representation, it would be "classic" puffery on which a plaintiff may not base
19  a misrepresentation claim.  *Supra* n.5.

20           **4.      "100% Satisfaction Guaranteed"**

21           Finally, Plaintiff identifies representations on the packaging that "the
22  bulbs were guaranteed and/or warranted for performance" to substantiate his

23  _____

24  [6]   Plaintiff may have been looking at a statement on Cree's 60-watt
    packaging that says "A Better LED Bulb."  Even if that statement were on the
25  100-watt packaging, it would unquestionably be puffery on which a reasonable
    person could not rely.  *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales*
26  *Practices, & Prod. Liab. Litig.*, __ F. Supp. 3d. __, No. 17-md-02777-EMC,
    2018 WL 1335901 at *55 (N.D. Cal. March 15, 2018) (citing "classic
27  examples [of puffery] being a vague advertising claim that one's product is
    better than a competitor's.")
28

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1   claims.  As a preliminary matter, it is not clear what representations Plaintiff

2   could be referring to with this allegation.  To the extent Plaintiff refers to the

3   "100% Satisfaction Guaranteed" language he references elsewhere in the

4   Amended Complaint, that statement is not on the packaging for the product

5   Plaintiff purchased.  RJN, Exh. 1.  Plaintiff, therefore, could not have relied on

6   it.

7                 **5.    Cree's limited warranty**

8           To the extent Plaintiff references Cree's 10-year limited warranty, a

9   reasonable consumer would understand this to be an express warranty, not a

10  representation that the bulb would last a certain amount of time:



LIMITED WARRANTY
If this bulb does not operate for 10 years (based on 6 hours per day / 7 days per week of normal consumer use) from date of purchase when used as directed, return the bulb with proof of purchase, register receipt and your name and address to Cree, Inc. (Consumer Warranty), 4600 Silicon Drive, Durham, NC 27703 USA. Cree will send you a replacement or at Cree's option refund the original purchase price. For warranty or other questions please call 1-866-924-3645.
REPLACEMENT OR REFUND IS CREE'S SOLE WARRANTY OBLIGATION. INCIDENTAL AND CONSEQUENTIAL DAMAGES ARE EXCLUDED.

16          At best for Plaintiff, this is the same issue decided in *Punian v. Gillette*

17  *Co.*, No. 14-5028, 2016 WL 1029607, at *7 (N.D. Cal. Mar. 15, 2016).  In that

18  case, the plaintiff tried to claim that Duracell's "Duralock guarantee" was a

19  promise that its batteries would not leak for ten years.  *Id.* at *6

20  ("GUARANTEED for 10 years in storage.").  The Court disagreed, finding

21  using words like "guarantee" and "warranty" create, at best, a "promise to

22  repair, replace, or refund a battery that is in storage and fails within ten years

23  of purchase—not [] a promise that Duralock Batteries have no potential to

24  leak." *Id.*

25          Here, Plaintiff does not allege that Cree failed to replace, repair, or

26

27

28

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

refund his bulbs after Plaintiff complied with Cree's warranty requirements.[7] *See* Amend. Compl. ¶ 37.  Accordingly, Plaintiff has not alleged an actionable misrepresentation based on Cree's use of the word "warranty."  *See Punian*, 2016 WL 1029607 at *6-*7.

**B.      The Internet and Television Advertisements Plaintiff Supposedly Relied On Are Not Fraudulent or Misrepresentations Under the UCL, FAL, or CLRA**

As with Plaintiff's product label-based claims, Plaintiff's claims based on internet and television advertising must allege that "a statement made in a commercial advertisement or promotion is false or misleading" or "that it actually deceives or has the tendency to deceive a substantial segment of its audience."  *Trafficschool.com, Inc. v. Edriver, Inc.*, 653 F.3d 820, 828 (9th Cir. 2011).   Here, Plaintiff claims to have relied upon two additional statements from Cree's "internet advertisements and TV commercials": (i) that a Cree bulb would last "up to 25 times longer" than an incandescent bulb; and (ii) that the Cree bulb would use "a fraction of the energy of incandescent bulbs."  (Amend. Compl. ¶ 37).  As with the product label representations discussed above, neither of these representations can support Plaintiff's claims.

**1.      Up to 25 times longer**

Any representation that a Cree LED bulb can last "up to 25 times longer" than a standard 100-watt incandescent bulb is puffery.  Using "up to" language, especially when Cree was required to disclose and did disclose on the product package *exactly* how long the bulb is expected to last, cannot

---

[7]      Instead, Plaintiff alleges that he "attempted to contact Cree . . . through [its] website." (Amend. Compl. ¶ 37). Cree's limited warranty requires that a consumer return the product with proof of purchase, receipt, and name and address to a specific mailing address. RJN, Exh. 1. The limited warranty also provides a phone number for questions. *Id.* Plaintiff does not allege that he complied with the terms of the warranty or ever called Cree's hotline. (*See* Amend. Compl.).

Katten

KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

deceive a reasonable consumer. *See Maloney v. Verizon Internet Servs., Inc.*, No. 08-1885, 2009 WL 8129871, at *5 (C.D. Cal. Oct. 4, 2009), *aff'd*, 413 F. App'x 997 (9th Cir. 2011) ("The 'up to' language should have put any reasonable customer on notice that his or her own speed may not reach 3 Mbps, a detail reinforced by the TOS to which a customer would have to agree before receiving internet service."); *Tomek v. Apple, Inc.*, No. 11-02700, 2013 WL 3872774, at *4 (E.D. Cal. July 25, 2013), *aff'd*, 636 F. App'x 712 (9th Cir. 2016) ("As the Ninth Circuit explained and this Court noted in the previous two Orders, a 'reasonable consumer would not have been deceived by statements, which included the qualifier "up to" (meaning the same or less than).'").

Like the two cases above, Cree provided a disclaimer that Plaintiff read and relied on in purchasing the light bulbs; namely, the exact amount of time the bulb was expected to last, or the 22.8 years provided in the "Lighting Facts" box on Cree's packaging and the 25,000 hours (he continues to rely on)).   Faced with the exact amount of time the bulb was expected to last, Plaintiff could not have reasonably relied on vague puffery that the bulb would last "up to 25 times" as long as an incandescent bulb.[8]   Under these circumstances, a vague statement regarding the bulb's lifespan cannot supersede the actual lifespan disclosed on the packaging Plaintiff read and

---

[8]   In any event, this representation is mathematically factual and based on each product's respective "Lighting Facts" boxes.  The "Lighting Facts" label on Cree's 100W bulb packaging specifies that the bulb will last for 22.8 years, "based on 3 hrs/day."   RJN, Exh. 1.  On all 100-watt incandescent bulb "Lighting Facts" labels, the bulb is estimated to last 0.9 years based on 3 hrs/day.  *Id.*  Multiplying the estimated life of the incandescent bulb—0.9 years—by 25, it is clear that the estimated life of the Cree 100W LED bulb is 25 times that of the 100W incandescent bulb it is designed to replace.  As with Plaintiff's challenged product label statements, because this representation is accurate based on the products' "Lighting Facts" labels, the particulars of which are disclosed to consumers, it is not actionable.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

14

relied upon.  *See Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 899 n.10 (N.D. Cal. 2012) (collecting cases in which challenged advertising statements were held not likely to mislead a reasonable consumer where product labels expressly provided qualifying information).

### 2.    Fraction of the energy

Plaintiff alleges that Cree's television and internet advertisements state that Cree bulbs use "a fraction of the energy" of an incandescent bulb. (Amend. Compl. ¶ 37).  Plaintiff has not alleged how that statement is or could be false or misleading.  Cree sold an 18-watt bulb designed to replace a 100-watt bulb.  18 out of 100 is "a fraction" as that term is commonly used and understood.  Plaintiff thus fails to state a claim for which relief can be granted. *See In re Clorox Litig.*, 894 F. Supp. 2d at 1235.

### C.    Because Plaintiff Has Not Alleged Any Actionable Misrepresentation, His Unjust Enrichment Claim Must Be Dismissed

As discussed above, none of the statements Plaintiff claims to have relied upon in purchasing his Cree bulbs are misrepresentations or likely to mislead a reasonable consumer.   Accordingly, like Plaintiff's fraudulent misrepresentation, UCL, FAL, and CLRA claims, Plaintiff's claim for unjust enrichment must be dismissed.  *Rojas-Lorenzo v. Google, Inc.*, 159 F. Supp. 3d 1101, 1120 (N.D. Cal. 2016) ("[W]hen a plaintiff fails to sufficiently plead an actionable misrepresentation or omission, his restitution [or unjust enrichment] claim must be dismissed.").  This is the only logical result, as where there is "no actionable wrong, there is no basis for the relief."  *Hill v. Roll Intern. Corp.*, 195 Cal. App. 4th 1295, 1307 (Cal App. 1 Dist. 2011).

### D.    Plaintiff's Warranty Claims Must Be Dismissed Because Plaintiff Fails to Allege the Exact Terms of the Express

NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT          4:17-cv-06252-YGR

133299911_336091-00016

**Warranties Cree Purportedly Created and Cree Did Not Promise That the Bulbs Would Be Defect-Free**

In Plaintiff's Amended Complaint, as in his prior Opposition to Cree's first Motion to Dismiss, Plaintiff alleges that "Defendant made promises and representations in an express warranty" and that "Defendant's written affirmations of fact, promises, and/or descriptions as alleged are each a written warranty." [Amend. Compl. ¶¶ 104, 105; Dkt. #37 at 24]. As a preliminary matter, Plaintiff's general allegations, encompassing at least nineteen separate products (all of which have different packaging designs and therefore, representations), "fail[] to allege the exact terms of the warranty for each product at issue." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1105 (N.D. Cal. 2017). In *Hadley*, the plaintiff "allege[d] that a litany of statements, undifferentiated by product variant, constitute the express warranty." *Id.* Here, Plaintiff differentiates Cree's *website and marketing material* claims regarding different products, but does not differentiate, or in some cases allege, product-label representations that give rise to a warranty claim for each product at issue. [Amend. Compl. ¶¶ 21-30]. Plaintiff's warranty-by-representation claims require that the challenged representations be part of "the basis of the bargain" and where, as here, Plaintiff alleges that he relied on the product packaging, "the basis of the bargain for each product would only include *the statements made on the packaging for that specific product variant*." *Id.* (emphasis added). Plaintiff should therefore have "differentiate[d] exactly what express warranty Plaintiff is claiming as to each product." *Id.* Because Plaintiff failed to allege the exact terms of the warranty he alleges was created for each product, his warranty-by-representation claims must be dismissed. *Id.*; *In re Clorox Consumer Litig.*, 894 F. Supp. 2d at 1235 (dismissing a breach of warranty claim where the plaintiff's allegations "[fell] far short of the plausibility and notice requirements set forth in *Iqbal* and

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

16

1    *Twombly*" because plaintiff did not specify warranty terms).

2        Even if Plaintiff did meet his burden to properly identify "the exact

3    terms of the warranty for each product at issue," Plaintiff's breach of warranty

4    claims still fail because Cree never promised—and Plaintiff does not allege

5    that Cree promised—that each of its LED bulbs is free of defects at the time of

6    sale.   Express warranties, including warranties-by-representation, do not

7    promise that a product will operate defect-free throughout its life; rather, they

8    are a promise to refund, repair, or replace a failed product within the warranty

9    period.   *Punian v. Gillette Co.*, No. 14-CV-05028, 2016 WL 1029607 at *6

10   (N.D. Cal. March 15, 2016).   Warranties-by-representation are also subject to

11   the limitations and exclusions set out in a manufacturer's written express

12   warranty.   *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1019-20 (N.D. Cal. 2014)

13   (dismissing warranty-by-representation claims where plaintiff failed to allege a

14   breach within the written express warranty period because "words or conduct

15   relevant to the creation of an express warranty and words or conduct tending to

16   negate or limit warranty shall be construed wherever reasonable as consistent

17   with each other." (citing CAL. COM. CODE § 2316)); *Resnick v. Hyundai Motor*

18   *Am., Inc.*, No. 16-00593, 2017 WL 1531192 at *9 (C.D. Cal. April 13, 2017)

19   ("[E]ven assuming that any of [d]efendant's representations constitute a viable

20   express warranty. . ., that warranty is limited to the same terms as

21   [defendant's] express warranty.").

22        As discussed above, Cree sets out its express limited warranty on the

23   packaging of the bulbs Plaintiff purchased.   RJN, Exh. 1.   The limited

24   warranty requires that a consumer return the bulb to Cree with proof of

25   purchase, receipt, and the consumer's contact information.   [*Id.*].   In capital

26   letters, the warranty also limits a consumer's remedies to bulb replacement or

27   refund and excludes incidental and consequential damages.   [*Id.*].   Here, there

28   is no allegation that Cree failed to "refund, repair, or replace" Plaintiff's

Katten

KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

17

1  supposedly defective LED bulbs.[9]   Because any warranty-by-representation

2  claims Plaintiff alleges must be read in conjunction with the terms of Cree's

3  written limited warranty, Plaintiff's failure to comply with the terms of Cree's

4  limited warranty requires that the claims be dismissed.   *See Frenzel*, 76 F.

5  Supp. at 1019-20.

6  **V.      CONCLUSION**

7          Each of Plaintiff's claims hinges on Plaintiff's allegation that Cree made

8  misrepresentations that induced him to buy Cree bulbs.   This Court also

9  required Plaintiff to specify what representations he relied upon in deciding to

10  purchase Cree's 100-watt Replacement bulb.  [Order at 17-18].  By identifying

11  only representations that are not false or misleading, and failing to specifically

12  identify other representations that are only vaguely described, Plaintiff has

13  failed to meet his burden.  Accordingly, each of his claims should be dismissed

14  with prejudice.

15

16  Dated:  May 21, 2018            Respectfully submitted,

17

18                                 **KATTEN MUCHIN ROSENMAN LLP**

19                                 By:   /s/ Stuart M. Richter
20                                       Stuart M. Richter
                                         Attorneys for Defendant Cree, Inc.

21

22

23

24

25

26

27  [9] Plaintiff's failure to include this allegation appears to ignore the Court's
    Order on Cree's first Motion to Dismiss. [Order at 17-18].

28

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax