**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| **JEFF YOUNG,**<br>Plaintiff,<br>vs.<br>**CREE, INC.,**<br>Defendant. | CASE NO. 17-cv-06252-YGR<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. No. 49 |

Plaintiff Jeff Young brings this putative class action lawsuit against defendant Cree, Inc. ("Cree") alleging that defendant engaged in an "unfair and deceptive practice of . . . promising consumers" that Cree's light-emitting-diode bulbs (the "LED Bulbs") "will last for particularly long periods of time up to 35,000 hours" with a "100% Satisfaction Guarantee" and "yearly energy cost savings ranging from around $0.60 to $2 per blub per year" in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code §§ 17200, *et seq.* (Count I); California's False Advertising Law ("FAL"), Cal. Bus. Prof. Code §§ 17500, *et seq.* (Count II); Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.* (Count III); fraudulent misrepresentation and concealment (Count IV); unjust enrichment (Count V); and breach of express and implied warranties (Count VI). (Dkt. No. 48, Amended Class Action Compliant ("ACAC").)

On April 9, 2018, the Court granted in part and denied in part Cree's motion to dismiss Young's initial class action complaint, with leave to amend. (Dkt. No. 42 ("MTD Order").) On April 30, 2018, Young filed an ACAC. (Dkt. No. 48.) Now before the Court is Cree's motion to dismiss Young's ACAC.[1] (Dkt. No. 49 ("Motion").) Having carefully considered the pleadings

---

[1] The Court has reviewed the papers submitted by the parties in connection with Cree's motion to dismiss Young's amended class action complaint. The Court has determined that the

1 and the papers and evidence submitted, and for the reasons set forth more fully below, the Court

2 **DENIES** Cree's motion to dismiss.[2]

**I.    BACKGROUND**

As in Young's initial complaint, the ACAC alleges as follows:

Defendant Cree "advertise[s], market[s], distribute[s], or s[ells]" LED Bulbs "to consumers throughout the United States." (ACAC ¶ 14.) "[O]n or around April of 2015" Young purchased three of defendant's LED Bulbs at Walmart and paid "approximately $15-20 for each bulb." (*Id.* ¶ 36.) "Within months, all three [LED Bulbs] burned out even though [plaintiff] used them according to the instructions." (*Id.* ¶ 37.)

"Cree's packaging offers a '100% Satisfaction Guarantee' for LED Bulbs and an estimated lifetime of between 15–32 years depending on the product. The packages further offer an estimated yearly energy cost savings ranging from $0.60 to $2 per bulb per year. Cree packaging also offers a '10 Year Warranty.'" (*Id.* ¶¶ 4, 30.) Moreover, Cree's website "boast[s] . . . a 10 year 100% satisfaction guarantee." (*Id.* ¶ 5.) New to his amended complaint, Young now alleges he relied on a number of allegedly false representations found on the packaging for Cree's LED Bulb as well as in several television and internet advertisements. (*Id.* ¶¶ 30-33.)

Plaintiff alleges that these "marketing efforts are made in order to—and do in fact—induce its customers to purchase the LED Bulbs at a premium because consumers believe the Lightbulbs

---

motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the hearing set for August 7, 2018 is **VACATED**.

[2] In connection with its motion to dismiss, Cree requests that the Court take judicial notice of the front and back packaging for three types of Cree LED Bulbs. (Dkt. Nos. 49-1.) The Court **DENIES** Cree's request for judicial notice. Judicial notice is appropriate only when the proffering party has established that the fact "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questions." Fed. R. Evid. 201(b). Here, the plaintiff strongly disputes the factual authenticity of the packaging submitted. Additionally, the document, which appears to contain an internal specification for the packaging rather than a replica of the packaging as it appeared on shelves, contains text so small it is almost impossible to read. *See Tsan v. Seventh Generation, Inc.*, No. 15-cv-00205-JST, 2015 WL 6694104, at *2 (N.D. Cal. Nov. 3, 2015) (denying defendant's request for judicial notice of food labels, finding "there is sufficient justification for Plaintiffs to dispute their authenticity").

1  will last for far longer than their actual life." (*Id*. ¶ 6.) Based thereon, plaintiff asserts "Cree's claims regarding the longevity of the LED Lightbulbs are false." (*Id*. ¶ 7.)

## II. LEGAL FRAMEWORK

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). In ruling on a motion to dismiss, "the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000).

## III. PLAINTIFF'S MISREPRESENTATION-BASED CLAIMS

Cree argues that Young's misrepresentation-based claims, Counts I-V, fail because plaintiff has not alleged, and cannot allege, any actionable misrepresentations in any of the materials which he claims to have reviewed. These materials include: (i) the products' labels; and (ii) internet and television advertisements. (*See* ACAC ¶¶ 30-32.) As to Young's claims regarding the products' labels, Cree argues that "[n]one of the product label representations Plaintiff claims to have relied upon in purchasing his bulbs is actionable, because none is false or likely to deceive or confuse the public." (Motion at 7.) As to Young's claims regarding the internet and television advertisements, Cree argues that the alleged statements are either true or amount to puffery. (*Id.* at 13.)

3

Claims under California consumer protection statutes, like those at issue here, do not require that statements by merchants are actually false. Instead, these statutes prohibit merchants from utilizing any statement which, "although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Chapman v. Skype, Inc.*, 220 Cal. App. 4th 217, 226 (2013); *see also McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1471 (2006) (confirming that "[a] fraudulent business practice is one which is likely to deceive the public.") Whether a business practice results in deception "is based on the likely effect such practice would have on a reasonable consumer," *McKell*, 142 Cal. App. 4th at 1471, and is "usually . . . a question of fact not appropriate for decision on demurrer." *Rubenstein v. Neiman Marcus Grp LLC.*, 687 F. App'x 564, 566 (9th Cir. 2017) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938-39 (9th Cir. 2008)). Additionally, "[w]here, as here, the reasonable consumer test applies to a plaintiff's underlying claim, it is a ' rare situation in which granting a motion to dismiss is appropriate.'" *Rubenstein*, 687 F. App'x at 566 (quoting *Williams*, 552 F.3d at 939).

**A. Product Label Representations**

Cree argues that none of the five label statements to which Young points is false or likely to deceive or confuse the public. As a preliminary matter, Cree's arguments rely substantially on the packaging that is the subject of defendant's request for judicial notice, which the Court has denied. Specifically, Cree argues that these statements cannot be false because (1) the statement regarding energy savings, as shown on the relevant packaging, contains an asterisk, which calls attention to disclosure of assumptions, which plaintiff does not challenge; (2) the statements regarding performance as compared to other-less-expensive LED Bulbs and non-LED Bulbs cannot be found on the relevant packaging; (3) likewise, the statement as to a "100% Satisfaction Guarantee" cannot be found on the relevant packaging; and (4) to the extent that Young relies on statements regarding Cree's 10-year limited warranty, those statements represent a promise to repair, replace, or refund not a guarantee that the product will last ten years. (Motion at 7-12.)

Whether the statements upon which Young allegedly relied, or close approximations thereof, actually existed on the packaging of the LED Bulbs Young purchased in 2015 and whether those statements would have deceived a reasonable customer are both questions of fact

that are not appropriate for resolution at the motion-to-dismiss stage. *See Rubenstein*, 687 F. App'x at 566 (quoting *Williams*, 552 F.3d at 939). Similarly, with respect to Cree's argument regarding its 10-year limited warranty, whether a reasonable customers would have interpreted the warranty to represent a promise to repair, replace, or refund, as opposed to a guarantee that the product would last ten years, is a question of fact not suitable for resolution at this time. *See id.* Each of these arguments is more aptly addressed at summary judgment.

### B. Internet and Television Advertisement Representations

Young claims to have relied upon two statements from Cree's internet and television advertisements: (i) that the LED Bulb would last "up to 25 times longer" than an incandescent bulb; and (ii) that the LED Bulb would use "a fraction of the energy of incandescent bulbs." (ACAC ¶ 37.) Cree argues that the inclusion of the phrase "up to" renders the first statement puffery, especially where, as here, Cree has disclosed elsewhere on the product packaging exactly how long the LED Bulb is expected to last. (Motion at 13.) As to the second statement, Cree asserts that Young has not alleged how the statement that the LED Bulb would use "a fraction of the energy of incandescent bulbs" could be false or misleading because Cree was selling an 18-watt bulb designed to replace a 100-watt bulb. (*Id.* at 15.)

The phrase "up to" does not automatically render a statement "puffery." *See In re Nexus 6P Prod. Liab. Litig.*, 293 F.Supp.3d 888, 936-37 (N.D. Cal. 2018) (holding that "to the extent that Plaintiffs' express warranty claims are premised on Google's 'up to seven hours' statement, they are not properly dismissed as inactionable puffery.") As in *In re Nexus*, the statement at issue here, that a Cree LED bulb can last "up to 25 times longer" than a standard 100-watt incandescent bulb, "relies on numerical figures with a set meaning and defines the relationship between them . . . ." *Id.* at 936.

With respect to the second statement, whether the statement could have deceived a reasonable customer in light of the alleged fact that the 18-watt Cree LED Bulb was designed to replace an 18-watt standard bulb is a question of fact not appropriate for determination through a motion to dismiss. *See Rubenstein*, 687 F. App'x at 566 (quoting *Williams*, 552 F.3d at 939). Additionally, Cree does not provide any factual support for its assertion that the 18-watt Cree LED

5

1 Bulb was so designed. (*See* Motion at 15.)

## C. Plaintiff's Unjust Enrichment Claims

Cree's argument in support of its motion to dismiss Young's unjust enrichment claims rests entirely on its assertion that "none of the statements Plaintiff claims to have relied upon in purchasing his Cree bulbs are misrepresentations or likely to mislead a reasonable consumer." (Motion at 15.) For the reasons discussed above, the Court is not persuaded that the statements upon which Young allegedly relied are not misrepresentations or not likely to mislead a reasonable consumer as a matter of law.

## IV. PLAINTIFF'S WARRANTY CLAIMS

Cree argues that Young's warranty claims fail because plaintiff's "general allegations, encompassing at least nineteen separate products (all of which have different packaging designs and therefore, representations), 'fail[] to allege the exact terms of the warranty for each product at issue.'" (Motion at 16 (quoting *Hadley v. Kellogg Sales Co.*, 243 F.Supp.3d 1074, 1105 (N.D. Cal. 2017).) Additionally, Cree asserts that it "never promised—and Plaintiff does not allege that Cree promised—that each of its LED Bulbs is free of defects at the time of sale." (*Id.* at 17.)

As a preliminary matter, and as previously noted by the Court, Young "does not allege that defendant breached the express warranties included on Cree's product packaging. Rather, he alleges that Cree made representations concerning product life and energy savings which themselves give rise to express warranties regarding the same." (MTD Order at 14-15 (citing Dkt. No. 1 ¶ 115).) Moreover, unlike the complaint at issue in *Hadley*, plaintiff's ACAC sets out with specificity those warranties that arise from product packaging that apply to all products at issue (ACAC ¶ 17) and to specific categories of LED Bulbs (*Id.* ¶ 20-27.) *See Hadley*, 243 F.Supp.3d at 1105 (holding that plaintiff has inadequately plead a cause of action for breach of implied warranty where plaintiff "alleges a litany of statements, undifferentiated by product variant . . . ."). Finally, and for the same reasons stated above, whether Cree's warrantee constituted a representation as to the quality of the LED Bulbs at the time of sale is a question of fact not appropriate for decision at this stage in the litigation. *See Rubenstein*, 687 F. App'x at 566 (quoting *Williams*, 552 F.3d at 939).

6

## V. CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** defendant's motion to dismiss.

This terminates Docket No. 49.

**IT IS SO ORDERED.**

Dated: August 2, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**