MICHAEL MCSHANE (SBN: 127944)
  mmcshane@audetlaw.com
S. CLINTON WOODS (SBN: 246054)
  cwoods@audetlaw.com
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3275
Telephone: (415) 568-2555
Facsimile: (415) 568-2556

MELISSA S. WEINER (Admitted *Pro Hac Vice*)
  mweiner@pswlaw.com
JOSEPH C. BOURNE (SBN: 308196)
  jbourne@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile:  (612) 389-0610

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JEFF YOUNG, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CREE Inc.,<br><br>　　　　　　Defendant. | CASE NO. 4:17-cv-06252-YGR<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MELISSA S. WEINER IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:　　May 28, 2019<br>Time:　　2:00 p.m.<br>Crtrm.:　1, 4th Floor, Oakland<br><br>Complaint Filed:　　October 27, 2017<br>Trail Date:　　　　　N/A |

901065.1

DECLARATION OF MELISSA S. WEINER IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

I, Melissa S. Weiner, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner at the firm of Pearson, Simon & Warshaw, LLP ("PSW"), one of the law firms representing Plaintiff Jeffry Young and the Proposed Class in this case. PSW associated with Audet & Partners, The Sultzer Law Group, Cuneo, Gilbert & LaDuca and Levin, Sedran & Berman in this action (together with PSW, "Class Counsel").

2. I submit this declaration in support of Plaintiffs' Motion for Class Certification ("Motion"). I am one of the attorneys principally responsible for the handling of this matter for PSW. I am personally familiar with the facts set forth in this declaration. If called as a witness I could and would competently testify to the matters stated herein.

3. Attached as **Exhibit 1** is a true and correct copy of an Expert Witness Report of Plaintiff's Expert Stefan Boedeker in support of Plaintiff's Motion for Class Certification. The Boedeker Report, dated January 18, 2019, discusses, analyzes, and quotes extensively from commercially sensitive, proprietary documents that Defendants' have designated as "Confidential." Plaintiff is therefore filing it under seal in compliance with the provisions of the proposed Stipulated Protective Order (Dkt. No. 75).

4. Attached as **Exhibit 2** is a true and correct copy of excerpts of the Deposition of Scott Schwab, taken in this matter on January 4, 2019. Scott Schwab is the VP of Cree's LED Lamp product line and Cree's 30(b)(6) designee for most relevant categories. Defendants have designated his testimony to be "Confidential" and therefore Plaintiff is filing it under seal in compliance with the provisions of the proposed Stipulated Protective Order.

5. Attached as **Exhibit 3** is a true and correct copy of excerpts of the Deposition of Plaintiff Jeffry Young, taken in this matter on September 18, 2018.

6. Attached as **Exhibit 4** is a true and correct copy of a document produced in discovery by Defendant and bates stamped CREE_00049176.

7. Attached as **Exhibit 5** is a true and correct copy of a document produced in discovery by Defendant and bates stamped CREE_00050253. The document has been designated "Confidential" by Defendant, and therefore, Plaintiff is filing it under seal in compliance with the

1  provisions of the proposed Stipulated Protective Order.

2      8.    Attached as **Exhibit 6** is a true and correct copy of a document produced in
3  discovery by Defendant and bates stamped CREE_00050252. The document has been designated
4  "Confidential" by Defendant, and therefore, Plaintiff is filing it under seal in compliance with the
5  provisions of the proposed Stipulated Protective Order.

6      9.    Attached as **Exhibit 7** is a true and correct copy of a document produced in
7  discovery by Defendant and bates stamped CREE_00059264.

8      10.    Attached as **Exhibit 8** is a true and correct copy of a document produced in
9  discovery by Defendant and bates stamped CREE_00049050-51.

10      11.    Attached as **Exhibit 9** is a true and correct copy of a document produced in
11  discovery by Defendant and bates stamped CREE_00032364.

12      12.    Attached as **Exhibit 10** is a true and correct copy of a document produced in
13  discovery by Defendant and bates stamped CREE_00032386.

14      13.    Attached as **Exhibit 11** is a true and correct copy of a document produced in
15  discovery by Defendant and bates stamped CREE_00032398.

16      14.    Attached as **Exhibit 12** is a true and correct copy of a document produced in
17  discovery by Defendant and bates stamped CREE_00032399.

18      15.    Attached as **Exhibit 13** is a true and correct copy of a document produced in
19  discovery by Defendant and bates stamped CREE_00032402.

20      16.    Attached as Exhibit **14** is a true and correct copy of a document produced in
21  discovery by Defendant and bates stamped CREE_00032478.

22      17.    Attached as **Exhibit 15** is a true and correct copy of a document produced in
23  discovery by Defendant and bates stamped CREE_00032634.

24      18.    Attached as **Exhibit 16** is a true and correct copy of a document produced in
25  discovery by Defendant and bates stamped CREE_00032814.

26      19.    Attached as **Exhibit 17** is a true and correct copy of a document produced in
27  discovery by Defendant and bates stamped CREE_00032817.

28      20.    Attached as **Exhibit 18** is a true and correct copy of a document produced in

1 | discovery by Defendant and bates stamped CREE_00032825.

2 |      21.    Attached as **Exhibit 19** is a true and correct copy of a document produced in
3 | discovery by Defendant and bates stamped CREE_00032827.

4 |      22.    Attached as **Exhibit 20** is a true and correct copy of a document produced in
5 | discovery by Defendant and bates stamped CREE_00032917.

6 |      23.    Attached as **Exhibit 21** is a true and correct copy of a document produced in
7 | discovery by Defendant and bates stamped CREE_00032919.

8 |      24.    Attached as **Exhibit 22** is a true and correct copy of a document produced in
9 | discovery by Defendant and bates stamped CREE_00032960.

10 |      25.    Attached as **Exhibit 23** is a true and correct copy of a document produced in
11 | discovery by Defendant and bates stamped CREE_00032965.

12 |      26.    Attached as **Exhibit 24** is a true and correct copy of a document produced in
13 | discovery by Defendant and bates stamped CREE_00032971.

14 |      27.    Attached as **Exhibit 25** is a true and correct copy of a document produced in
15 | discovery by Defendant and bates stamped CREE_00032977.

16 |      28.    Attached as **Exhibit 26** is a true and correct copy of a document produced in
17 | discovery by Defendant and bates stamped CREE_00032983.

18 |      29.    Attached as **Exhibit 27** is a true and correct copy of a document produced in
19 | discovery by Defendant and bates stamped CREE_00032985.

20 |      30.    Attached as **Exhibit 28** is a true and correct copy of a document produced in
21 | discovery by Defendant and bates stamped CREE_00032987.

22 |      31.    Attached as **Exhibit 29** is a true and correct copy of a document produced in
23 | discovery by Defendant and bates stamped CREE_00032359.

24 |      32.    Attached as **Exhibit 30** is a true and correct copy of a document produced in
25 | discovery by Defendant and bates stamped CREE_00032360.

26 |      33.    Attached as **Exhibit 31** is a true and correct copy of a document produced in
27 | discovery by Defendant and bates stamped CREE_00032361.

28 |      34.    Attached as **Exhibit 32** is a true and correct copy of a document produced in

1 discovery by Defendant and bates stamped CREE_00032362.

2   35.   Attached as **Exhibit 33** is a true and correct copy of a document produced in
3 discovery by Defendant and bates stamped CREE_00032369.

4   36.   Attached as **Exhibit 34** is a true and correct copies of a document produced in
5 discovery by Defendant and bates stamped CREE_00032379.

6   37.   Attached as **Exhibit 35** is a true and correct copy of a document produced in
7 discovery by Defendant and bates stamped CREE_00032381.

8   38.   Attached as **Exhibit 36** is a true and correct copy of a document produced in
9 discovery by Defendant and bates stamped CREE_00032383.

10   39.   Attached as Exhibit **37** is a true and correct copy of a document produced in
11 discovery by Defendant and bates stamped CREE_00032385.

12   40.   Attached as **Exhibit 38** is a true and correct copy of a document produced in
13 discovery by Defendant and bates stamped CREE_00032391.

14   41.   Attached as **Exhibit 39** is a true and correct copy of a document produced in
15 discovery by Defendant and bates stamped CREE_00032415.

16   42.   Attached as **Exhibit 40** is a true and correct copy of a document produced in
17 discovery by Defendant and bates stamped CREE_00032418.

18   43.   Attached as **Exhibit 41** is a true and correct copy of a document produced in
19 discovery by Defendant and bates stamped CREE_00032431.

20   44.   Attached as **Exhibit 42** is a true and correct copy of a document produced in
21 discovery by Defendant and bates stamped CREE_00032432.

22   45.   Attached as **Exhibit 43** is a true and correct copy of a document produced in
23 discovery by Defendant and bates stamped CREE_00032446.

24   46.   Attached as **Exhibit 44** is a true and correct copy of a document produced in
25 discovery by Defendant and bates stamped CREE_00032448.

26   47.   Attached as **Exhibit 45** is a true and correct copy of a document produced in
27 discovery by Defendant and bates stamped CREE_00032483.

28   48.   Attached as **Exhibit 46** is a true and correct copy of a document produced in

discovery by Defendant and bates stamped CREE_000004.

49. Attached as **Exhibit 47** is a true and correct copy of a document produced in discovery by Defendant and bates stamped CREE_00032357.

50. Attached as **Exhibit 48** is a true and correct copy of a document produced in discovery by Defendant and bates stamped CREE_00049124. The document has been designated "Confidential" by Defendant, and therefore, Plaintiff is filing it under seal in compliance with the provisions of the proposed Stipulated Protective Order.

51. Attached as **Exhibit 49** is a true and correct copy of a document produced in discovery by Defendant and bates stamped CREE_00049110. The document has been designated "Confidential" by Defendant, and therefore, Plaintiff is filing it under seal in compliance with the provisions of the proposed Stipulated Protective Order.

52. Attached as **Exhibit 50** is a true and correct copy of a document produced in discovery by Defendant and bates stamped CREE_00049122. The document has been designated "Confidential" by Defendant, and therefore, Plaintiff is filing it under seal in compliance with the provisions of the proposed Stipulated Protective Order.

53. Attached as **Exhibit 51** is a true and correct copy of a document produced in discovery by Defendant and bates stamped CREE_00055743. The document has been designated "Confidential" by Defendant, and therefore, Plaintiff is filing it under seal in compliance with the provisions of the proposed Stipulated Protective Order.

54. Attached as **Exhibit 52** is a true and correct copy of a declaration submitted by Plaintiff Jeffry Young.

55. Attached as **Exhibit 53** is a true and correct copy of a chart prepared by Plaintiff which goes through a substantial number of labels, many of which are attached hereto as exhibits and are identified by Bates number in Exhibit 53. Exhibit 53 provides a chart of the marketing representations on those labels regarding longevity, cost savings, and warranty.

56. Attached as **Exhibit 54** is a true and correct copy of a document produced in discovery by Defendant and bates stamped CREE_00068794-68813 at 68800.

57. Attached as **Exhibit 55** is a true and correct copy of excerpts of a document

produced in discovery by Defendant and bates stamped CREE_00051023-24, 51047. The document has been designated "Confidential" by Defendant, and therefore, Plaintiff is filing it under seal in compliance with the provisions of the proposed Stipulated Protective Order.

58. Attached as **Exhibit 56** is a true and correct copy of excerpts of a document produced in discovery by Defendant and identified at the Deposition of Scott Schwab as Exhibit 3, a chart of manufacturers' suggested retail prices for the bulbs. The document has been designated "Confidential" by Defendant, and therefore, Plaintiff is filing it under seal in compliance with the provisions of the proposed Stipulated Protective Order.

59. Attached as **Exhibit 57** is a true and correct copy of a Cree Marketing Document taken from the Cree website, located at https://lighting.cree.com/Coveo_Rest/searchresults/indexall?searchCollection=%40syscollection%3DLighting, (last viewed Jan. 18, 2019), titled the A21 Series LED Lamp Sales Sheet.

60. Attached as **Exhibit 58** is a true and correct copy of excerpts of a Cree Marketing Document taken from the Cree website, https://lighting.cree.com/Coveo_Rest/searchresults/indexall?searchCollection=%40syscollection%3DLighting, (last viewed Jan. 18, 2019), titled the BR40 LED Lamp Sales Sheet.

61. Attached as **Exhibit 59** is a true and correct copy of a picture of a label for the BR30 Gen4-65W daylight lamp found on the internet at https://picclick.com/CREE-65W-Equivalent-Daylight-5000K-BR30-Dimmable-LED-132785029809.html. (last viewed January 18, 2019).

62. Attached as **Exhibit 60** is a true and correct copy of a picture of a label for the Cree 2700K Soft White LED 60w replacement 4Flow design, found on the internet at https://static1.squarespace.com/static/55d54e65e4b0a5b20386b385/t/5616bf96e4b0e9833849a3c5/1444331519419/ (last viewed January 18, 2019).

63. Attached as **Exhibit 61** is a true and correct copy of a picture of a label for the Cree Soft White LED 100w replacement bulb, found on the internet at https://www.geek.com/gadgets/crees-new-100w-led-bulb-looks-like-a-bulb-and-its-just-20-1587558/. (last viewed January 18, 2019).

64. Attached as **Exhibit 62** is a true and correct copy of a picture of the label for the Cree 5000K Daylight LED 40W Replacement bulb, found on the internet at https://www.amazon.com/Equivalent-Daylight-5000KFilament-Design/dp/B01B0IY4EI (last viewed January 17, 2019)

65. Attached as **Exhibit 63** is a true and correct copy of a picture of the label for the Cree 2700K Soft White 60W Replacement, found online at https://www.consumerreports.org/products/lightbulb/cree-60w-4flow-replacement-a19-a-better-led-bulb-304390/overview/  (last viewed January 17, 2019).

66. Attached as **Exhibit 64** is a true and correct copy of a picture of a label for the Cree Soft White LED 100w (BR30 Flood) replacement bulb, found on the internet at https://www.ebay.com/p/Cree-100w-Equivalent-Soft-White-2700k-Br30-Dimmable-LED-Light-Bulb-100-Watt/12010953441 (last viewed January 17, 2019).

67. Attached as **Exhibit 65** is a true and correct copy of a picture of a label for the Cree Soft White LED 100w replacement bulb, found on the internet at https://www.techspot.com/news/62108-cree-launches-new-led-light-bulb-lasts-nearly.html (last viewed January 17, 2019).

68. Attached as **Exhibit 66** is a true and correct copy of the *curriculum vitae* of Michael McShane of the law firm of Audet & Partners, LLP, counsel of record for Plaintiff and the putative class. Mr. McShane devoted the last 30 years of his practice exclusively to the representation of Plaintiffs in class action litigation. He has been appointed by numerous Courts throughout the United States to act as Lead Counsel, Class Counsel and to serve on various Executive and Steering Committees. Those cases include consumer protection litigation and products liability claims.  Since the passage of the Class Acton Fairness Act in 2005, his practice has primarily been in Federal Court.

69. Attached as **Exhibit 67** is a true and correct copy of the *curriculum vitae* for the law firm of Levin, Sedran & Berman, one of the counsel of record for Plaintiff and the putative class. Charlie Schaffer of the law firm of Levin, Sedran & Berman has litigated class action matters for over 20 years and has obtained significant results on behalf of plaintiffs. He has been

1  appointed in leadership positions in high profile class actions throughout the United States in
2  product liability and consumer protection actions.

3      70.    Attached as **Exhibit 68** is a true and correct copy of the *curriculum vitae* for the
4  law firm of Pearson, Simon & Warshaw, LLP, one of the counsel of record for Plaintiff and the
5  putative class. The attorneys at PSW have represented a wide range of clients in complex litigation
6  and class actions.  PSW's firm resume reflects that the attorneys in this case have successfully
7  adjudicated some of the largest and most important class action lawsuits in the United States and
8  have obtained approximately three billion dollars in settlements and verdicts in a wide range of
9  cases. For example, PSW served as Co-Lead Counsel in *In re Credit Default Swaps Antitrust*
10 *Litigation*, MDL No. 2476 (S.D.N.Y.), an antitrust class action alleging an anticompetitive
11 conspiracy by the largest international banks and financial institutions in the world to fix the price
12 of credit default swaps.  That case resulted in $1.86 billion in settlements, making it one of the
13 largest civil lawsuit recoveries in history.  PSW also served as Co-Lead Counsel on behalf of the
14 Direct Purchaser Plaintiffs in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827
15 (N.D. Cal.).  In that case, we helped secure a settlement of over $400 million for the Class and
16 obtained an $87 million verdict, before trebling, following a five-week trial against the only
17 remaining defendant in the case, Toshiba Corporation and its related entities.  In addition to those
18 listed above, PSW has served as lead or co-lead counsel in some of the most advanced and cutting-
19 edge class actions in the country, including: *In re Lithium Ion Batteries Antitrust Litigation*, MDL
20 No. 2420 (N.D. Cal.); *In re Potash Antitrust Litigation* (II), MDL No. 1996 (N.D. Ill.); and *In re*
21 *Carrier IQ Consumer Privacy Litigation*, MDL No. 2330 (N.D. Cal.); *In re Santa Fe Natural*
22 *Tobacco Company Marketing and Sales Practices Litigation*, MDL No. 2695 (D.N.M).

23     71.    Attached as **Exhibit 69** is a true and correct copy of the *curriculum vitae* for the
24 law firm of Cuneo, Gilbert & LaDuca, one of the counsel of record for Plaintiff and the putative
25 class. Cuneo Gilbert & LaDuca has served as Lead Counsel and in Plaintiff Steering Committee
26 roles in various significant class action and antitrust cases throughout the United States.
27 Additionally, Cuneo Gilbert & LaDuca attorneys have held positions of trust in state or federal
28 governments.

72. Attached as **Exhibit 70** is a true and correct copy of the *curriculum vitae* for the law firm of The Sultzer Law Group, P.C., one of the counsel of record for Plaintiff and the putative class. The Sultzer Law Group ("SLG") focuses on complex civil litigation, including consumer class actions, many of which involve misrepresentations regarding consumer products. Since the firm's founding in 2013, it has acted as lead counsel in numerous high-profile consumer fraud and false advertising class actions, including: *Vincent, Wesley, et al. v People Against Dirty, PBC. and Method Products, PBC.*, No. 7:16-cv-06936 (S.D.N.Y.) (served as co-lead counsel and obtained settlement fund of $2.8 million on behalf of national class of consumers who purchased cleaning products deceptively marketed as "Natural"); *Run Them Sweet, LLC v. CPA Global, Ltd., et al*, No. 1:16-cv-1347 (E. D. Va.) (obtained settlement fund of $5.6 million on behalf of consumers who were overcharged with respect to foreign patent renewal services); *Rapoport-Hecht, Tziva et al. v. Seventh Generation, Inc.*, No. 14-cv-9087 (S.D.N.Y.) (served as co-lead counsel and obtained settlement fund of $4.5 million on behalf of a national class of consumers who purchased cleaning products deceptively marketed as "Natural"); *Davenport, Sumner, et al. v. Discover Financial Services, et al.*, No. 15-cv-06052 (N.D. Ill.) (served as co-lead counsel and obtained settlement fund of $5.6 million for victims of violations of the Telephone Consumer Protection Act). SLG is headquartered in New York and maintains offices in New Jersey and Pennsylvania. The firm is included in Martindale-Hubbell's Bar Register of Preeminent Lawyers for its class action practice. Jason Sultzer and Joseph Lipari are AV rated by Martindale-Hubbell and have been selected as Super Lawyers. In addition, they have both been selected as the American Law Media's Mass Tort Lawyer of the Year. The firm's founding partner, Jason Sultzer, has earned selection as a Fellow of the Litigation Counsel of America, recognizing the country's top trial attorneys. The firm's class action practice has been featured in numerous publications, including Law360, Inside Counsel Magazine, Risk Management Magazine, and CNBC News. In addition, the attorneys within the firm have written and lectured extensively on class action practice.

73. Plaintiff's Counsel has spent many of hours diligently and passionately pursuing the instant matter on behalf of Plaintiff Cover and the putative class. The Court is well-aware of

901065.1                                                    10                              Case No. 4:17-06252-YGR
DECLARATION OF MELISSA S. WEINER IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

the procedural history of the instant action, but in summary Plaintiff's Counsel has represented Plaintiff and the putative class through dispositive motion briefing, extensive discovery involving voluminous document production, and depositions.

74. During the course of this litigation, Plaintiff's Counsel have relied on their extensive experience and qualifications to litigate this action in furtherance of the interests of the Class members through strategy meetings, extensive discovery and document review, and class certification. Plaintiff's Counsel has the means and willingness to continue the vigorous representation of Plaintiff and the Class members and will do so through trial if necessary.

75. Plaintiff's Counsel has no known conflicts which would prevent them from adequately representing the putative class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 18, 2018, in Minneapolis, Minnesota.

Melissa S. Weiner