Stuart M. Richter (SBN 126231)
stuart.richter@kattenlaw.com
Andrew J. Demko (SBN 247320)
andrew.demko@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Rebecca K. Lindahl (*pro hac vice*)
rebecca.lindahl@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
550 South Tryon Street, Suite 2900
Charlotte, NC 29202-4213
Telephone: 704.344.3141
Facsimile: 704.344.2277

Attorneys for Defendant Cree, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| JEFF YOUNG, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CREE, Inc.,<br><br>    Defendant. | Case No.   4:17-cv-06252-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>[PROPOSED] **PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, good cause having been shown, the following Protective Order (the "Order") is hereby entered to facilitate and expedite discovery in this action.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

IT IS HEREBY ORDERED that Plaintiff, Defendant, and any person subject to this Order shall adhere to the following terms:

1. **Definition of Protected Material.** "Protected Material" means all documents, tangible items, testimony, written discovery responses, and information that have been properly designated by any party or non-party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order. Such information produced by non-parties in connection with this litigation is also protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

2. **Criteria for Designation.** A party or non-party may designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" only in accordance with the following procedures:

    (a) **"CONFIDENTIAL" Material.** A party or non-party (the "Designating Party") may designate documents, tangible items, testimony, or other

1

information (collectively, "material") as "CONFIDENTIAL" if the party or non-party reasonably believes that the material contains a trade secret or other proprietary or confidential business, technical, sales, marketing, financial or other commercial information.

(b) **"ATTORNEYS' EYES ONLY" Material.** The Designating Party may designate documents, tangible items, testimony, or other information (collectively, "material") as "ATTORNEYS' EYES ONLY" if the party or non-party reasonably believes that the material (i) qualifies as "CONFIDENTIAL" as defined above; and (ii) the confidentiality of such material cannot be adequately maintained so as to protect the reasonable interests of the Designating Party unless the disclosure of the material is limited to the persons to whom "ATTORNEYS' EYES ONLY" material may be disclosed pursuant to this Order.

3. **Manner of Designation.**

<u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to court remedies.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

The Designating Party shall designate Protected Material in the following manner:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), by placing the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page of such document. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings) and must specify, for each portion, the level of protection being asserted;

(b) For <u>information produced in some form other than documentary and for any other</u> tangible items, by placing the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the item, or if such is not practicable, as otherwise agreed by the parties If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.;

(c) For testimony given in deposition or in other pretrial or trial proceedings, by (i) designating such testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within the time periods allowed pursuant to paragraph 4(c) of this Order; and (ii) requesting that the court reporter place the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page of the transcript so designated, which designated pages of the transcript shall be separately bound and conspicuously marked on its cover; any testimony taken by the parties during which Protected Material is being disclosed shall be taken as if <u>in camera</u> without any persons in attendance other than the persons listed in

3

Paragraph 6 below, except that the parties may by unanimous consent agree that additional persons may attend; and

    (d) For declarations, affidavits, written discovery responses, court filings or pleadings, by placing the notation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the face of such document.

4. **Time of Designation.** Unless otherwise agreed, the designation of any material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made at the following times:

    (a) For documents, at the time of the production of documents;

    (b) For declarations, affidavits, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first; and

    (c) For testimony, either (i) at the time that such testimony is given, or (ii) within thirty (30) days after the receipt of the transcript of such testimony by the Designating Party; and

    (d) For documents received from a third-party in response to a subpoena, within thirty (30) days after the receipt of such documents by the Designating Party.

5. **Resolution of Disputes Regarding Designation.** If a party receiving Protected Material (the "Receiving Party") believes that any information is improperly designated, as provided in this Order, it may, at any time, contest such designation by sending written notice to the Designating Party. Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The parties shall attempt to resolve each challenge in good faith and must confer directly (in voice to voice dialogue; relying solely on other forms of communication is not sufficient) within 14 days of the date of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the

4

[PROPOSED] PROTECTIVE ORDER     4:17-cv-06252-YGR
US_133104266v1_336091-00016 4/27/2018 11:23 AM

designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the parties cannot in good faith resolve the dispute, the parties will submit a joint letter brief that addresses their positions on removing or changing the designation; provided, however, that the Designating Party shall have the burden of proving that such particular Protected Material is properly designated. Protected Material that is subject to a dispute shall be treated as originally designated until the parties agree or the Court orders otherwise. In addition, the parties may submit a joint letter brief addressing their respective positions on a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any joint letter brief brought pursuant to this provision must be accompanied by a competent declaration affirming that the parties have complied with the meet and confer requirements imposed.

6. **Persons to Whom Protected Material May Be Disclosed.**

(a) **Disclosure of "CONFIDENTIAL" Material.** Material designated as "CONFIDENTIAL" may be disclosed, and copies may be provided, only to the following:

  i. The parties to this action;

  ii. The parties' outside counsel of record and such counsel's support staff, legal assistants, and clerical personnel (collectively, "Outside Counsel");

  iii. Any expert witness or consultant (collectively, "Expert") retained by a party or its respective attorneys in connection with this action, but only after such person has been provided with a copy of this Order and has acknowledged his or her willingness to abide by the Order by executing the attached Confidentiality Agreement;

  iv. Any witness who may testify at a deposition or trial in this action with respect to Confidential Material, but only after such person has been

5

[PROPOSED] PROTECTIVE ORDER
US_133104266v1_336091-00016 4/27/2018 11:23 AM

4:17-cv-06252-YGR

provided with a copy of this Order and has acknowledged his or her willingness to abide by the Order by executing the attached Confidentiality Agreement;

   v. Any non-party support services including, but not limited to, outside copying services, court reporting services, court reporters, and videographers as may be reasonably necessary in connection with the preparation or conduct of this action; and

   vi. The Court and its personnel and any mediator or arbitrator having jurisdiction over this action.

   vii. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  **(b) Disclosure of "ATTORNEYS' EYES ONLY" Material.** Material designated as "ATTORNEYS' EYES ONLY" may be disclosed, and copies may be provided, only to the following:

   i. The parties' outside counsel of record and such counsel's support staff, legal assistants, and clerical personnel (collectively, "Outside Counsel");

   ii. Any expert witness or consultant (collectively, "Expert") retained by a party or its respective attorneys in connection with this action;

   iii. Any non-party support services including, but not limited to, outside copying services, court reporting services, court reporters, and videographers as may be reasonably necessary in connection with the preparation or conduct of this action; and

   iv. The Court and its personnel and any mediator or arbitrator having jurisdiction over this action.

   v. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6
[Proposed] Protective Order  4:17-cv-06252-YGR
US_133104266v1_336091-00016 4/27/2018 11:23 AM

(c) **Additional Authorized Disclosure of Protected Materials.** Notwithstanding anything to the contrary in ¶¶ 6(a) or 6(b) of this Order, particular Protected Materials that have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be disclosed and copies may be provided:

  i. To any other persons with the prior written consent of the Designating Party; and

  ii. To any other persons with the prior authorization of the Court.

7. **Disclosure and Use of Protected Material.** The Receiving Party shall not disclose Protected Material except in accordance with this Order, nor use Protected Material for any purpose other than preparing for and conducting the prosecution and defense of the claims between or involving the parties to this proceeding and any review or appellate proceedings that may follow. Disclosure of any Protected Material shall be limited to disclosure reasonably necessary for the prosecution and defense of claims in this proceeding.

8. **No Limitation on Ability to Advise Clients.** Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his or her examination of documents or information designated as Protected Material; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the content or the source of such information or documents contrary to the terms of this Order.

9. **Filings with This Court.** To the extent that Protected Material is sought to be filed with this Court, each such document and thing sought to be filed under seal shall follow the requirements and procedures of Local Rule 79-5.

10. **Duty to Return Documents and Things.** Within sixty (60) days after the entry of a final non-appealable judgment or order concluding the above-captioned action or the complete settlement of all claims asserted against all parties in this

7

action, each party shall, at its option, either return to the Designating Party or destroy all Protected Material received from the Designating Party, and shall destroy in whatever form stored or reproduced all work product and any other documents or tangible things that contain or refer to Protected Material. Outside Counsel for any party or non-party properly receiving Protected Material shall provide written certification of compliance with this provision to counsel for the Designating Party within ninety (90) days after the entry of a final non-appealable judgment or order concluding this action or the complete settlement of all claims asserted against all parties to this action. Counsel of record may retain one set of all papers filed with the Court, including any Protected Material filed under seal and need not destroy any work product containing any Protected Material. Protected Material used as exhibits in hearings or other aspects of this matter may be resealed at the request of either party.

11. **Inadvertent Disclosure of Protected Material.** Inadvertent failure to identify documents or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information pursuant to the terms of this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent disclosure. At such time, arrangements shall be made for the Designating Party to appropriately mark the information in accordance with the terms of this Order. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in documents or items not bearing a confidentiality legend occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

12. **Inadvertent Disclosure of Work Produce or Privileged Information.** When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

8

Procedure 26(b)(5)(B). If, after conferring, the parties are unable to reach a satisfactory agreement, the Producing Party may file a motion regarding the matter, but must do so within ten (10) business days after conferring with the Receiving Party. The Receiving Party shall not disclose to any person the document or thing for which the belated claim of immunity or privilege is being made, other than those persons who have had it in their possession prior to receipt of notification from the Producing Party, until ten (10) business days after receipt of the notification or, if a motion seeking the return of the inadvertently disclosed documents or information is filed with the Court, until the disposition of any such motion.

13. **Subpoena of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Information.** If any individual or entity subpoenas, orders production, or requests discovery of Protected Material that a Receiving Party has obtained subject to this Order, the Receiving Party shall promptly notify the Designating Party of same and shall not produce the Protected Material until the Designating Party has had reasonable time (at least ten (10) business days) to object or take other appropriate steps. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

14. **Duty to Report.** When any attorney of record in this action becomes aware of any disclosure of Protected Material to any person or in any circumstance not authorized under this Protective Order, such attorney shall promptly report any

9

[PROPOSED] PROTECTIVE ORDER
US_133104266v1_336091-00016 4/27/2018 11:23 AM

4:17-cv-06252-YGR

such violation to Outside Counsel for the Designating Party, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and request such person or persons to execute the attached Exhibit A attached hereto.

15. **Continuing Jurisdiction.** After the conclusion of the above-captioned action, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Protected Material pursuant to this Order, in order to enforce the provisions of this Order.

16. **Limitations of Order.** The restrictions set forth in any of the preceding paragraphs shall not apply to material that:

(a) was, is, or becomes public in a manner other than by violation of this Order;

(b) was already lawfully possessed by the non-designating party before the disclosure by the Designating Party (except for documents or items in the possession of the non-designating party that are subject to a confidentiality or non-disclosure agreement); or

(c) was independently developed by the non-designating party by personnel who did not receive or have access to the Designating Party's Protected Material.

17. **Modification or Amendment of Order.** This Order is without prejudice to the right of any party to seek modification or amendment of this Order by further Order of this Court upon motion and notice.

IT IS SO ORDERED.

DATED this 22nd day of January, 2019.

_____
U.S. Magistrate Judge Thomas S. Hixson

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax