1  Michael A. McShane (CA #127944)
   mmcshane@audetlaw.com
2  S. Clinton Woods (CA #246054)
   cwoods@audetlaw.com
3  Ling Y. Kuang (CA #296873)
   lkuang@audetlaw.com
4  AUDET & PARTNERS, LLP
   711 Van Ness Avenue, Suite 500
5  San Francisco, CA 94102-3275
   Telephone:   (415) 568-2555
6  Facsimile:   (415) 568-2556

7  *Attorneys for Plaintiff Jeff Young, on behalf of himself and all others similarly situated*

8  [Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JEFF YOUNG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Cree, Inc.,<br><br>Defendant. | Case No:   4:17-cv-06252-YGR<br><br>**PLAINTIFF'S MOTION TO STRIKE REPORT AND EXCLUDE OPINIONS OF MR. JESSE DAVID**<br><br>Date:    May 28, 2019<br>Time:    2:00 p.m.<br>Place:   Courtroom 1, 4th Floor<br>Judge:   Hon. Yvonne Gonzalez Rogers<br><br>Compl. Filed:   October 27, 2017<br>Trial Date:     N/A |

## I. INTRODUCTION

Plaintiff moves to strike the entire expert report of Mr. Jesse David, retained by Defendant Cree, Inc. (hereinafter "Cree"). After he submitted his report and was deposed, Cree and Mr. David improperly produced new documents upon which Mr. David relied to complete his report. Plaintiff's experts have not had time to review or analyze the newly produced materials. As this Court is aware, all disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). As a result of the prejudice to Plaintiff, Mr. David's report should be stricken or, in the alternative, any opinions which he made based on the new documents should be stricken.

## II. RELEVANT FACTUAL HISTORY

Mr. David submitted his thirty-one-page expert report on March 22, 2019. *See* Dkt. No. 87, Ex. 6 (hereinafter "Report"). Mr. David was deposed about his Report on April 16, 2019. Dr. David testified that he relied upon all of the documents listed in his Report to form his conclusions, particularly as they relate to Dr. David's opinions as to Cree's business and marketing plans. Declaration of S. Clinton Woods (hereinafter "Woods Decl."), at Ex. 1 ("David Dep.") at 87:20-88:24. However, after the deposition, on April 19, counsel for Plaintiff requested clarification on several documents listed in the Report, which had not been produced and were outside the bates ranges previously produced by Defendant and requested all documents listed in the Report be produced immediately. Woods Decl. at ¶ 4. Counsel for Cree did not respond meaningfully until a week later, on April 26, 2019, confirming that there were, in fact, additional and new documents to produce. Woods Decl. at ¶ 5. When counsel for Cree "produced" these documents, they did so late in the day on Friday April 26, and sent them only to one of Plaintiff's counsel whom they knew was out of the office for an extended period. *Id*. at ¶ 6. Nevertheless, Cree produced nearly four hundred pages of new documents, bates stamped CREE_00072983-CREE_00073321, as well as several thousand documents which Dr. David had relied upon but were mislabeled. *Id*. at ¶ 7.

Despite promises to supplement Dr. David's report with accurate information as to the documents he relied upon to submit his report, as of the filing of this motion, Cree has not yet done so. *Id*. at ¶ 8. The documents are complex in nature and contain Cree financials, strategy, market

analysis and SKU information and Plaintiff was not given a meaningful opportunity to analyze them in the context of Dr. David's report. *Id.* at ¶ 9.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(A) and (B) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705," and such disclosure "must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." The expert's report must contain *inter alia* "the facts or data considered by the witness in forming" his opinions. Fed. R. Civ. P. 26(a)(2)(B).

The disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If a party fails to provide such disclosures as required under Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). As an additional sanction, the court may "order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A).

### IV. ARGUMENT

Plaintiff has been prejudiced because he was not able to properly investigate or question the new documents. Cree did not disclose salient facts and documents in a timely fashion. The documents Cree has produced late are complex and are germane to Mr. David's opinions because he testified that he relied upon them in formulating the report.

Further, Plaintiff's experts have not had time to review or analyze the newly produced materials. *See e.g.*, *Jackson Family Wines, Inc. v. Diageo N. Am., Inc.*, No. 11-5639 EMC (JSC), 2013 WL 5913749, at *2 (N.D. Cal. Oct. 31, 2013) (Allowing plaintiffs to reconvene defendant's expert's deposition and requiring defendant to pay for two hours of plaintiff's counsel's time where defendant failed to timely disclose facts and data the expert relied on, but declining to strike the defendant's expert's testimony.); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-cv-03972-LHK, 2012 WL 6096664, at *2–3 (N.D. Cal. Dec. 7, 2012) (striking expert reliance data disclosed in a supplemental report because

it should have been disclosed with the expert's affirmative report); *Occidental Research Corp., a California corporation; et al.,v. Curtis Tamkin, et al.*, No. 17-4621-R, 2018 WL 6333687, at *1 (C.D. Cal. Aug. 30, 2018) (Granting motion *in limine* to preclude invoices and related testimony from trial because they were produced almost a month after the close of discovery and plaintiffs claimed to have been seriously prejudiced by this late disclosure, as plaintiff's expert witness was unable to review the documents before issuing his expert report or sitting for his deposition. Defendant failed to demonstrate that the failure to comply with discovery obligations was substantially justified or harmless.); *Belch v. Las Vegas Metro. Police Dep't*, No. 2:10-CV-00201-GMN, 2012 WL 845883, at *3 (D. Nev. Mar. 13, 2012) (Defendants suffered prejudice after plaintiff failed to provide timely disclosures associated with expert report; because plaintiff did not provide a substantial justification for the untimely and incomplete disclosures, the court granted the motion to strike plaintiff's expert's report and precluded plaintiff from utilizing the expert's opinion. Plaintiff was ordered to pay reasonable expenses, including attorney's fees, as a sanction.); *Qualcomm Inc. v. Apple, Inc.*, No. 17CV1375-DMS-MDD, 2019 WL 92570, at *3 (S.D. Cal. Jan. 3, 2019) (striking portions rebuttal expert report that relied on documents that were not timely disclosed).

Here, Cree plainly failed to timely produce documents and information regarding the materials Mr. David relied upon. When they were asked to produce such materials, they did so in a manner guaranteed to frustrate Plaintiff's efforts to review and analyze the documents prior to their own upcoming filing date. Cree's gamesmanship should not be rewarded, and Dr. David's report should be stricken, or, in the alternative, the Court should strike any opinions expressed which rely on untimely produced documents.

## V.     CONCLUSION

Plaintiffs request that Mr. David's report be stricken in its entirely or in the alternative strike any opinions which Mr. David made based on the new documents.

Dated: May 3, 2019            By:    /s/ *S. Clinton Woods*

                                              S. Clinton Woods (CA #246054)
                                              Michael A. McShane (CA #127944)
                                              Ling Y. Kuang (CA #296873)
                                              AUDET & PARTNERS, LLP

                                              *Attorneys for Plaintiff Jeff Young*

Melissa S. Weiner (Admitted *Pro Hac Vice*)
mweiner@pswlaw.com
Joseph C. Bourne (SBN: 308196)
jbourne@pswlaw.com
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone:(612) 389-0600
Facsimile: (612) 389-0610

*Attorneys for Plaintiff Jeff Young*

Charles J. LaDuca
claduca@cuneolaw.com
Alexandra C. Warren
awarren@cuneolaw.com
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Facsimile: (202) 589-1813

*Attorneys for Plaintiff Jeff Young*

Charles E. Schaffer
cschaffer@lfsblaw.com
LEVIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500

*Attorney for Plaintiff Jeff Young*

Michael Liskow
liskowm@thesultzerlawgroup.com
THE SULTZER LAW GROUP P.C.
351 W. 54th St., Suite 1C
New York, NY 10019
Telephone: (212) 969-7811
Facsimile: (888) 749-7747

*Attorney for Plaintiff Jeff Young*

4

PLAINTIFFS' MOTION TO STRIKE                    4:17-CV-06252-YGR