# EXHIBIT 4

Michael A. McShane (CA #127944)
mmcshane@audetlaw.com
S. Clinton Woods (CA #246054)
cwoods@audetlaw.com
Ling Y. Kuang (CA #296873)
lkuang@audetlaw.com
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3275
Telephone:    (415) 568-2555
Facsimile:     (415) 568-2556

*Attorneys for Plaintiff Jeff Young, on behalf of himself and all others similarly situated*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| JEFF YOUNG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Cree, Inc.,<br><br>Defendant. | Case No:      4:17-cv-06252-YGR<br><br>**PLAINTIFF JEFF YOUNG'S RESPONSES AND OBJECTIONS TO INTERROGATORIES NOS. 1-13, SET ONE** |

**PLAINTIFF JEFF YOUNG'S RESPONSES AND OBJECTIONS TO INTERROGATORIES NOS. 1-13, PROPOUNDED BY DEFENDANT CREE, INC.**

Jeff Young ("PLAINTIFF"), through his undersigned counsel, and pursuant to Fed. R. Civ. P. 33, hereby responds and objects to Defendant's Interrogatories Nos. 1-13, Set One, that were served by electronic mail to plaintiff on November 8, 2018

All responses and objections to Defendant's discovery are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserves the following:

(a)   Evidence for any purpose, of the answer or subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other actions;

(b)   The right to object to the use of any said answers, or such matter thereof, in any subsequent proceeding in, or the trial of, this or any other actions;

(c)   The right to object on any ground at any time for a demand for further response to these or any other discovery requests or other discovery procedures involving or relating to the subject matter of the discovery herein being answered; and

(d)   The right to at any time, revise, correct, add to, or clarify any of the answers propounded herein.

Plaintiff has used Plaintiff's best recollection at the time of answering these interrogatories.

**INTERROGATORY NO. 1:**

State the name, address, and telephone number of each individual likely to have discoverable information RELATING TO this ACTION that YOU may use to support YOUR claims and defenses, and state the subject matter of that information.

**Plaintiff's Response to Interrogatory No. 1**

Plaintiff objects to the extent that the interrogatory is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine. Plaintiff further objects

on the ground that the interrogatory seeks an improper legal or expert opinion. Without waiving and subject to these objections, Plaintiff states: Plaintiff himself, who may be reached through his counsel; and currently unspecified employees and representatives of Defendant, who may be reached through their counsel. Plaintiff reserves the right to supplement this response as investigation or discovery continues.

**INTERROGATORY NO. 2:**

Provide a computation of each category of damages that YOU claim.

**Plaintiff's Response to Interrogatory No. 2**

Plaintiff objects to the extent that the interrogatory is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine. Plaintiff further objects on the ground that the interrogatory seeks an improper legal or expert opinion. Plaintiff further objects to the extent that the interrogatory seeks premature disclosure of expert opinions. Without waiving and subject to these objections, Plaintiff reserves the right to supplement this response as investigation or discovery continues.

**INTERROGATORY NO. 3:**

IDENTIFY any witness YOU may call at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence and (i) a complete statement of all opinions the witness will express and the basis and reason for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in this ACTION.

**Plaintiff's Response to Interrogatory No. 3**

Plaintiff objects to the extent that the interrogatory is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine. Plaintiff further objects

on the ground that the interrogatory seeks an improper legal or expert opinion. Plaintiff further objects to the extent that the interrogatory seeks premature disclosure of expert opinions. Without waiving and subject to these objections, Plaintiff reserves the right to supplement this response as investigation or discovery continues.

**INTERROGATORY NO. 4:**

IDENTIFY the location at which YOU purchased the Cree bulbs at issue in this ACTION and the date on which YOU purchased the bulbs.

**Plaintiff's Response to Interrogatory No. 4**

Plaintiff objects to the extent that the interrogatory is vague and ambiguous, and duplicative of previous requests. Without waiving and subject to these objections, Plaintiff purchased the bulbs prior to April 2015 most likely from the Home Depot location in Windsor, CA. Plaintiff does not recall the exact date. Plaintiff reserves the right to supplement this response as investigation or discovery continues.

**INTERROGATORY NO. 5:**

IDENTIFY the price YOU paid for the Cree bulbs you purchased that are at issue in this ACTION.

**Plaintiff's Response to Interrogatory No. 5**

Plaintiff objects to the extent that the interrogatory is vague and ambiguous, and duplicative of previous requests. Without waiving and subject to these objections, Plaintiff recalls spending approximately $10-$20 per bulb. Plaintiff does not recall the exact price. Plaintiff reserves the right to supplement this response as investigation or discovery continues.

**INTERROGATORY NO. 6:**

IDENTIFY and DESCRIBE the location and conditions in which you stored each Cree bulb that is the subject of this ACTION, including without limitation whether each bulb was stored inside or outside; the ambient temperature to which each bulb was exposed in storage, on average; whether each bulb was exposed to water or moisture; and the period of time in which each bulb was stored before being installed.

**Plaintiff's Response to Interrogatory No. 6**

- 3 -

1    Plaintiff objects to the extent that the interrogatory is vague and ambiguous as to several
2    things, including time frame. Plaintiff further objects to this interrogatory to the extent it seeks
3    matters immune from discovery under either the attorney-client privilege and/or the work
4    product doctrine. Plaintiff further objects on the ground that the interrogatory seeks an
5    improper legal or expert opinion. Plaintiff further objects on the ground that the interrogatory
6    is duplicative of previous requests. Without waiving and subject to these objections, Plaintiff
7    responds that the bulbs went directly into the wall sconces after purchase, and then after they
8    burned out one of them was stored in a metal cabinet on an enclosed front porch, which is
9    depicted in two photographs produced concurrently with these interrogatories.   Plaintiff
10   reserves the right to supplement this response as investigation or discovery continues.

11   **INTERROGATORY NO. 7:**

12   DESCRIBE the locations and conditions in which YOU used each Cree bulb at
13   issue in this ACTION, including without limitation the average hours per day YOU
14   operated each bulb, and the time period during which you used each bulb.

15   **Plaintiff's Response to Interrogatory No. 7**

16   Plaintiff objects to the extent that the interrogatory is vague and ambiguous as to several
17   things, including time frame. Plaintiff further objects to this interrogatory to the extent it seeks
18   matters immune from discovery under either the attorney-client privilege and/or the work
19   product doctrine. Plaintiff further objects on the ground that the interrogatory seeks an
20   improper legal or expert opinion. Plaintiff further objects on the ground that the interrogatory
21   is duplicative of previous requests. Without waiving and subject to these objections, Plaintiff
22   responds that the bulbs were used in the hallway lighting sconces that are depicted in
23   photographs produced concurrently with these interrogatories, and on no more than a few
24   hours per day on dates from approximately April of 2015 to August of 2016. Plaintiff reserves
25   the right to supplement this response as investigation or discovery continues.

26   **INTERROGATORY NO. 8:**

27   DESCRIBE the residence in which YOU operated each Cree bulb at issue in
28   this ACTION, including without limitation the age of the home, number of rooms, and its

electrical wiring system.

**Plaintiff's Response to Interrogatory No. 8**

Plaintiff objects to the extent that the interrogatory is vague and ambiguous as to several things, including time frame. Plaintiff further objects to this interrogatory to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine. Plaintiff further objects on the ground that the interrogatory seeks an improper legal or expert opinion. Plaintiff further objects on the ground that the interrogatory is duplicative of previous requests. Without waiving and subject to these objections, Plaintiff's residence is a two unit home built 50-70 years ago. The upstairs unit, where Plaintiff resides, is a two bedroom unit. The downstairs unit has 2-3 bedrooms. It has a fairly modern 200 amp electrical service that is shared between the two units. Plaintiff reserves the right to supplement this response as investigation or discovery continues.

**INTERROGATORY NO. 9:**

IDENTIFY and DESCRIBE any electrical events or disturbances that affected YOUR residence while the Cree bulbs at issue in this ACTION were installed in your home, including without limitation any and all lightning strikes, power outages, and power surges, regardless of whether the bulb was in operation at the time of the electrical event or disturbance.

**Plaintiff's Response to Interrogatory No. 9**

Plaintiff objects to the extent that the interrogatory is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine. Plaintiff further objects on the ground that the interrogatory seeks an improper legal or expert opinion. Without waiving and subject to these objections, Plaintiff does not recall any specific electrical events or disturbances which may have taken place during the time the bulbs were being used. Plaintiff reserves the right to supplement this response as investigation or discovery continues.

**INTERROGATORY NO. 10:**

IDENTIFY all LED bulbs YOU have purchased from 2013 until the date of your

answer, including without limitation: (1) the brand, wattage, and color temperature of each bulb; (2) the date on which YOU purchased each bulb; (3) the location from which you purchased each bulb; (4) where and when YOU installed and operated each bulb; (5) the conditions in which YOU operated each bulb, including average operating hours per day.

**Plaintiff's Response to Interrogatory No. 10**

Plaintiff objects to the extent that the interrogatory is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine. Plaintiff further objects on the ground that the interrogatory seeks an improper legal or expert opinion. Plaintiff further objects that the interrogatory is duplicative of previous requests. Without waiving and subject to these objections, Plaintiff states that he purchased 3 packs of 3-way LED bulbs on or around 1/22/18 for $16.97 each from Home Depot in Windsor for use in his mother's lamps. The receipt for this purchase is reflected in the pictures produced concurrently. Plaintiff also purchased a Great Value 100-watt replacement LED on or around 8/6/16, the package of which is reflected in the pictures produced concurrently, for personal use around his home in the bulbs. He also purchased a GE LED 100-watt replacement bulb from Home Depot on 6/2/18 for personal use around his home and it was replaced into the wall sconce. He also purchased an 8-pack package of EcoSmart 60w LED bulbs from Home Depot on 1/11/18, price unknown, for personal use around his home in his ceiling light fixtures. Plaintiff may have purchased other LED bulbs at other times. Plaintiff reserves the right to supplement this response as investigation or discovery continues.

**INTERROGATORY NO. 11:**

Provide the make, model, year, brand, and any other information necessary to identify every light fixture in which you installed the Cree 100-Watt replacement lightbulb at issue in this ACTION, including but not limited to the "wall sconces" about which you testified on Page 38, Lines 16-25 of your deposition.

**Plaintiff's Response to Interrogatory No. 11**

- 6 -

Plaintiff objects to the extent that the interrogatory is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine. Plaintiff further objects on the ground that the interrogatory seeks an improper legal or expert opinion. Without waiving and subject to these objections, Plaintiff responds that he does not know the make, model, year, or brand of the sconces, and they do not indicate the make or model on the outside of the sconces. Plaintiff believes they are approximately 10 years old and most likely purchased at Home Depot. Plaintiff reserves the right to supplement this response as investigation or discovery continues.

**INTERROGATORY NO. 12:**

DESCRIBE the physical characteristics of every light fixture in which you installed the Cree 100-Watt replacement lightbulb at issue in this ACTION, including but not limited to the "wall sconces" about which you testified on Page 38, Lines 16-25 of your deposition, including its recommended wattage, the maximum number of bulbs each fixture uses or takes, and whether it is fully or partially enclosed.

**Plaintiff's Response to Interrogatory No. 12**

Plaintiff objects to the extent that the interrogatory is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine. Plaintiff further objects on the ground that the interrogatory seeks an improper legal or expert opinion. Without waiving and subject to these objections, Plaintiff responds that he does not know the make, model, year, or brand of the sconces, and they do not indicate the make or model on the outside of the sconces. Plaintiff believes they are approximately 10 years old and most likely purchased at Home Depot. Plaintiff reserves the right to supplement this response as investigation or discovery continues.

**INTERROGATORY NO. 13:**

For each of the light fixtures identified in Interrogatory No. 11 that uses or takes more than one bulb, including but not limited to the "wall sconces" about which you

testified on Page 38, Lines 16-25 of your deposition, state how many light bulbs YOU installed in each fixture, and DESCRIBE each bulb, including its type (LED, incandescent, CFL, etc.), wattage, color temperature, brand, and installation date.

**Plaintiff's Response to Interrogatory No. 13**

Plaintiff objects to the extent that the interrogatory is vague and ambiguous. Plaintiff further objects to this interrogatory to the extent it seeks matters immune from discovery under either the attorney-client privilege and/or the work product doctrine. Plaintiff further objects on the ground that the interrogatory seeks an improper legal or expert opinion. Without waiving and subject to these objections, Plaintiff responds that he does not know the make, model, year, or brand of the sconces, and they do not indicate the make or model on the outside of the sconces. Plaintiff believes they are approximately 10 years old and most likely purchased at Home Depot. Of the eight bulbs in the wall sconces, four of them are LED bulbs 100W equivalent, and four are 100W equivalent CFL bulbs. Plaintiff reserves the right to supplement this response as investigation or discovery continues.

Dated: December 13, 2018          By:     s/ *S. Clinton Woods*

S. Clinton Woods (CA #246054)
cwoods@audetlaw.com
Michael McShane (CA #127944)
mcshane@audetlaw.com
Ling Y. Kuang (CA #296873)
lkuang@audetlaw.com
AUDET & PARTNERS, LLP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3275
Phone (415) 568-2555
Fax (415) 568-2556

- 8 -

Charles Schaffer
cschaffer@lfsblaw.com
LEVIN, SEDRAN & BERMAN, LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106-1500
Phone: 215-592-1500
Fax: 215-592-4663

Melissa S. Weiner
mweiner@pswlaw.com
PEARSON SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402

Jason P. Sultzer
sultzerj@thesultzerlawgroup.com
Adam R. Gonnelli
gonnellia@thesultzerlawgroup.com
THE SULTZER LAW GROUP, PC
14 Wall Street, 20th Floor
New York, NY 10005

*Attorneys for Plaintiff Jeff Young*

**CERTIFICATE OF SERVICE**

I, Harold Darling, declare that I am over the age of eighteen (18) and not a party to the entitled action. My business address is Audet & Partners, LLP, which is located at 711 Van Ness Avenue, Suite 500, San Francisco, California 94102-3229, hdarling@audetlaw.com, and on December 14, 2018, I caused to be served the following:

**PLAINTIFF JEFF YOUNG'S RESPONSES AND OBJECTIONS TO INTERROGATORIES NOS. 1-13, SET ONE**

was delivered, in accordance with Federal Rules of Civil Procedure Rule 5, via electronic mail, to the parties and their respective attorneys of record as indicated below:

Andrew John Demko
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East
Suite 2600
Los Angeles, CA 90067−3012
310−788−4462
Fax: 310−788−4471
Email: andrew.demko@kattenlaw.com

*Attorney for Cree, Inc.*

Charles Allan DeVore
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe St.
Chicago, IL 60661
312−902−5478
Email: charles.devore@kattenlaw.com

*Attorney for Cree, Inc.*

Rebecca K. Lindahl
KATTEN MUCHIN ROSENMAN LLP
550 S Tryon Street, Suite 2900
Charlotte, NC 28202
704−344−3141
Fax: 704−344−2277
Email: rebecca.lindahl@kattenlaw.com

*Attorney for Cree, Inc.*

Stuart Matthew Richter
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067−3012
310−788−4400
Fax: 310−788−4471
Email: stuart.richter@kattenlaw.com

*Attorney for Cree, Inc.*

Melissa S. Weiner
mweiner@pswlaw.com
PEARSON SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402

*Attorney for Plaintiff Jeff Young*

- 10 -

Charles Schaffer
cshaffer@lfsblaw.com
LEVIN, SEDRAN & BERMAN, LLP
510 Walnut Street
Suite 500
Philadelphia, PA 19106-1500
Phone: 215-592-1500
Fax: 215-592-4663

Jason P. Sultzer
sultzerj@thesultzerlawgroup.com
Adam R. Gonnelli
gonnellia@thesultzerlawgroup.com
THE SULTZER LAW GROUP, PC
14 Wall Street, 20th Floor
New York, NY 10005

*Attorney for Plaintiff Jeff Young*

*Attorneys for Plaintiff Jeff Young*

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Date: <u>December 14, 2018</u>   Signature: _____

Harold Darling





03/08/2015



03/08/2015



03/08/2015