Stuart M. Richter (SBN 126231)
stuart.richter@kattenlaw.com
Andrew J. Demko (SBN 247320)
andrew.demko@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Rebecca K. Lindahl (*pro hac vice*)
rebecca.lindahl@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
550 South Tryon Street, Suite 2900
Charlotte, NC 29202-4213
Telephone:  704.344.3141
Facsimile:  704.344.2277

Attorneys for Defendant Cree, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| JEFF YOUNG, individually and on behalf of all others similarly situated, | Case No.    4:17-cv-06252-YGR |
| Plaintiff, | Hon. Yvonne Gonzalez Rogers |
| v. | **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S INDIVIDUAL CLAIMS** |
| CREE, Inc., | |
| Defendant. | |
| | Complaint Filed: October 27, 2017 |
| | Date: September 7, 2021<br>Time: 2:00 PM PDT<br>Place: Courtroom 1 – 4th Floor |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 7, 2021 at 2:00 PM PDT or as soon thereafter as the matter may be heard in the courtroom of the Honorable Yvonne Gonzalez Rogers, Oakland Federal District Courthouse, 1301 Clay Street, Courtroom 1, Fourth Floor, Oakland, California 94612, Defendant Cree, Inc. will and hereby does move the Court for an order granting summary judgment as to Plaintiff Jeff Young's individual claims.

This motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that there is no genuine issue of material fact and Defendant Cree, Inc. is entitled to judgment on each of Plaintiff's individual claims as a matter of law.

The motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Court records and files in this action, and on such other argument and evidence as may be presented to the Court at or prior to the hearing on this Motion.

Dated:  June 25, 2021            KATTEN MUCHIN ROSENMAN LLP


                                 By:   /s/ Stuart M. Richter
                                        Stuart M. Richter
                                 Attorneys for Defendant Cree, Inc.

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................... 1

II.   STATEMENT OF THE ISSUES TO BE DECIDED ............................ 1

III.  STATEMENT OF THE RELEVANT FACTS ........................................ 2

IV.   ARGUMENT AND PERTINENT AUTHORITIES ............................... 6

  A.   Plaintiff's Deposition Errata Sheet Unsuccessfully Attempted to Reverse His Testimony. ......................... 7

  B.   Because Plaintiff Did Not Rely on Any Challenged Representations, His Fraud and Consumer Protection Claims Fail. .................................................... 7

  C.   Plaintiff's Warranty Claims Must Be Dismissed Because Plaintiff Did Not Comply with Cree's Warranty Terms, Cree Did Not Promise That the Bulbs Would Be Defect-Free, and Plaintiff Lacks Privity with Cree. ............................. 10

    1.   All of Plaintiff's Express and Implied Warranty Claims Fail Because Plaintiff Did Not Rely on Advertising or Label Statements and Cannot Show Privity with Cree. ............................... 11

    2.   Plaintiff's Express Warranty Claims Fail Because Plaintiff Did Not Comply with Cree's Warranty Terms. ................................................... 12

    3.   Cree's Alleged Warranties-By-Representation Did Not Promise the Bulbs Would Operate Defect-Free and Were Not Breached. ...................................... 13

    4.   Because Plaintiff's State Law Express and Implied Warranty Claims Fail, His Magnuson-Moss Warranty Act Claim Must Also Be Dismissed. ................. 15

  D.   Because Plaintiff Has Not Alleged Any Actionable Misrepresentation, His Unjust Enrichment Claim Must Be Dismissed. ...................................... 15

V.    CONCLUSION .................................................... 16

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008)..............................................................................15

*Daughterty v. Am. Honda Motor Co., Inc.*,
   144 Cal. App. 4th 824 (2006)................................................................................15

*Equinox Hotel Management, Inc. v. Equinox Holdings, Inc.*,
   No. 17-CV-06393-YGR, 2018 WL 659105 (N.D. Cal. Feb. 1,
   2018)........................................................................................................................8

*Frenzel v. AliphCom*,
   76 F. Supp. 3d 999 (N.D. Cal. 2014)..............................................................12, 13

*Hill v. Roll Intern. Corp.*,
   195 Cal. App. 4th 1295 (Cal App. 1 Dist. 2011)..................................................15

*Hoey v. Sony Elecs., Inc.*,
   515 F. Supp. 2d 1099 (N.D. Cal. 2007) ................................................................14

*In re Apple iPhone 3G Products Liability Litig.*,
   859 F. Supp. 2d 1084 (N.D. Cal. 2012) ................................................................15

*In re Clorox Consumer Litig.*,
   894 F. Supp. 2d 1224 (N.D. Cal. 20120) ..............................................................11

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)..................................................................................7

*Punian v. Gillette Co.*,
   No. 14-CV-05028, 2016 WL 1029607 (N.D. Cal. March 15, 2016)................14

*Resnick v. Hyundai Motor Am., Inc.*,
   No. 16-00593, 2017 WL 1531192 (C.D. Cal. April 13, 2017)..........................12

*Rojas-Lorenzo v. Google, Inc.*,
   159 F. Supp. 3d 1101 (N.D. Cal. 2016) ................................................................15

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

*Stearns v. Select Comfort Retail Corp.*,
No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) ................... 14, 15

*T & M Solar and Air Conditioning, Inc. v. Lennox Intern., Inc.*,
83 F. Supp. 3d 855 (N.D. Cal. 2015) ................................................................ 11

*Tapia v. Dvaol, Inc.*,
116 F. Supp. 3d 1149 (S.D. Cal. 2015) ............................................................ 11

*Wilson v. Frito-Lay N. Am., Inc.*,
260 F. Supp. 3d 1202 (N.D. Cal. 2017) .............................................. 6, 7, 8, 9

**Rules**

Fed. R. Civ. P. 56(a) ..................................................................................................... 6

Fed. R. Civ. P. 56(c)(1)(A) ........................................................................................... 6

Fed. R. Civ. P. 56(c)(1)(B) ........................................................................................... 6

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

## I.      INTRODUCTION

On January 28, 2021, this Court denied Plaintiff's renewed motion for class certification.  [Doc. No. 139].  Cree now moves the Court for summary judgment on Plaintiff's individual claims because Plaintiff testified to two case-dispositive facts during his deposition: first, he either cannot remember or did not see the statements that he alleges are misleading—including those in television ads that he specifically describes in his Amended Complaint.  And second, even if he did see the allegedly misleading statements, Plaintiff admitted he did not rely on any of them.  These admissions are fatal to his claims.

Here, as laid out below, Plaintiff's testimony cannot support—and often directly contradicts—the allegations he used to get past Cree's motion to dismiss: namely, that he saw, and relied on, representations on Cree's labels and statements in Cree's television and internet advertising.  Because reliance is a critical element of Plaintiff's fraudulent misrepresentation, False Advertising Law ("FAL"), Unfair Competition Law ("UCL"), and Consumer Legal Remedies Act ("CLRA") claims, Cree is entitled to summary judgment on each.  Similarly, Plaintiff's express and implied warranty claims should be dismissed, among other reasons, for lack of privity given Plaintiff's admissions that he did not rely upon Cree's advertising or label representations.  Finally, because none of the representations Plaintiff identifies are actionable due to his lack of reliance, this Court should also grant summary judgment in Cree's favor on Plaintiff's unjust enrichment claim.

## II.     STATEMENT OF THE ISSUES TO BE DECIDED

1.       Should the Court grant summary judgment in Cree's favor on Plaintiff's fraud, False Advertising Law, Consumer Legal Remedies Act, and Unfair Competition Law claims because Plaintiff admits that he did not rely on

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1

any of the representations listed in his Amended Complaint when deciding to purchase Cree bulbs?

2.   Should the Court grant summary judgment in Cree's favor on Plaintiff's claims based on Cree's limited warranty because Plaintiff admits he did not comply with the warranty's terms?

3.   Should the Court grant summary judgment in Cree's favor on Plaintiff's express and implied warranty claims because Cree did not breach any warranties-by-representation or its express limited warranty?

4.   Should the Court grant summary judgment in Cree's favor on Plaintiff's express and implied warranty claims for lack of privity where Plaintiff admits he did not rely on any challenged representations when deciding to purchase Cree bulbs?

5.   Should the Court grant summary judgment in Cree's favor on Plaintiff's unjust enrichment claim because no representation is actionable based on Plaintiff's admission that he did not rely on any representation in deciding to purchase Cree bulbs?

## III.   STATEMENT OF THE RELEVANT FACTS

Plaintiff's Amended Complaint, filed on April 30, 2018, alleged that he purchased three Cree 100-Watt Standard A-Type bulbs (the "Bulbs") from Wal-Mart "on or around April of 2015." (Amend. Compl. [Doc. No. 48] ¶ 36). Plaintiff alleges he paid between $15 and $20 per Bulb and that each "burned out" "[w]ithin months." (Amend. Compl. ¶¶ 36-37). He also alleged that he "considered" returning the Bulbs to Wal-Mart, but "was told by Wal-Mart that it was too late to return them to the store." (Amend. Compl. ¶ 37).

Cree deposed Plaintiff in September 2018. During his deposition, he contradicted every detail pleaded in his Amended Complaint concerning his Bulbs' purchase. Contrary to his Amended Complaint, Plaintiff testified that

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

he: (i) did not purchase all three Bulbs at the same time;[1] (ii) purchased the Bulbs at Home Depot rather than Wal-Mart;[2] (iii) has no way of verifying how much he paid for the Bulbs;[3] and (iv) believes the Bulbs failed after about a year and not "within months" of purchase.[4]

Plaintiff's Amended Complaint described three categories of label statements upon which Plaintiff purportedly relied: representations that (i) "he would save upwards of $100 per bulb over the life of the bulb;" (ii) "the bulb would perform better than other less-expensive LED and non-LED bulbs;" and (iii) the bulbs were "guaranteed and/or warranted for performance." (Amend. Compl. ¶ 36). Plaintiff also alleged that he viewed internet and television advertisements representing that "the bulbs would last up to 25 times longer than incandescent bulbs and use a fraction of the energy of incandescent bulbs." (Amend. Compl. ¶ 37). The Amended Complaint affirmatively alleged that Plaintiff saw and relied upon label statements, television, and internet advertisements when deciding to purchase the Bulbs: "Mr. Young relied on these representations, and in doing so decided to purchase the Cree LED bulbs. Were it not for the marketing representations . . ., Mr. Young would not have bought the [Bulbs], or would not have paid a price premium for them." (*Id.*).

But Plaintiff contradicted these allegations under oath. When Cree's counsel showed Plaintiff the Bulbs he claims to have purchased, Plaintiff could not remember what representations he had seen on the box, admitting: "I don't

---

[1] Young 22:24-23:3.

[2] Young 89:6-10; 130:14-19.

[3] Young 24:1-14; 27:22-28:13.

[4] Young 120:10-121:17.

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

Katten
KattenMuchinRosenman LLP

remember anything specifically about purchasing those bulbs."[5]   He could not remember specifically whether he had read the terms of the limited warranty printed on the box, the fact that the warranty was for ten years, a label statement comparing the Bulbs' energy use to that of an incandescent, the Lighting Facts label, or a label statement on estimated energy savings.[6]   In fact, the only packaging representation Plaintiff definitively remembered is that the Bulbs are dimmable—a feature he discussed twice in his deposition, and the only feature he specifically mentioned that would have affected his decision to purchase the Bulbs at all.[7]   Otherwise, Plaintiff consistently testified that he could not recall what—if any—statement on Cree's package persuaded him to buy the Bulbs:

> Q. All right. What on the CREE package caused you to buy the CREE product versus the other products?
>
> A. I don't remember the specifics. They either lasted longer or their warranty was better or – I don't remember the specifics.
>
> Q. You don't remember?
>
> A. No.
>
> Q. And you don't remember what product you were comparing it to, right?
>
> A. No. I don't.
>
> Q. As you sit here do you remember what you saw on the CREE package?

---

[5] Young 106:3-107:15.

[6] *Id.*; 110:12-18.  As discussed below, while Plaintiff attempted to reverse his testimony on errata, claiming he "remember[ed] things in general," the Court struck this proposed correction as improper and inconsistent with prior testimony.  [Doc. No. 76, p. 5].

[7] Young 99:1-5; 108:13-16.

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

4

1    A. ~~No.~~ Not other than what I've already testified to.

2    Q. You have no recollection?

3    A. None at all.

4    (Young 100:23-101:12).   Significantly, even without discussing label

5    representations, Plaintiff admitted he could not remember why he decided to

6    purchase Cree bulbs as opposed to a competitor's:

7    Q. Was there a deciding factor?

8    A. I don't recall.  Something made me decide, obviously, but what

9    that exact thing was I don't remember.

10   Q. Do you recall that the Cree bulbs were better in some areas and

11   the competing bulbs were better in some areas, things like that?

12   A. No specific recollection at all.

13   Q. You don't recall what it was that caused you to buy the Cree

14   bulb versus Sylvania, Philips, Feit, anything else?

15   A. Not specifically.

16   (Young 102:18-103:21).

17   Plaintiff's   allegations   concerning   the   television   and   internet

18   advertisements he allegedly saw and relied on are worse for him.  Plaintiff

19   admitted that he never even visited Cree's website before buying Cree Bulbs.[8]

20   He also testified that while he knew he had seen advertisements on television

21   and on the internet about LED bulbs generally, he could not remember *any*

22   advertisement or representation from television or the web that was specific to

23   Cree.[9]   In fact, when shown a television advertisement that Plaintiff

24   specifically described in his Amended Complaint,[10] Plaintiff testified that he

25   _____

26   [8] Young 119:3-12.

27   [9] Young 93:10-94:8.

28   [10] (Amend. Compl. ¶ 32 n.2).

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

likely never saw the ad.[11]   Notably, Plaintiff alleges the television and internet advertisements that he saw all contained the same actor.   (Amend. Compl. ¶ 32).   Plaintiff testified that he did not recognize, and could not remember ever seeing before, the actor hired as Cree's spokesperson.[12]

In sum, Plaintiff has no admissible evidence of what statement he supposedly relied on when purchasing three Cree 100-Watt replacement bulbs. Indeed, he claimed that even before buying the Bulbs at issue, he did not trust advertising claims in general, and did not believe advertising claims as they related to LED lighting.[13]

## IV.   ARGUMENT AND PERTINENT AUTHORITIES

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by citing to depositions, documents, affidavits, or other materials. Fed. R. Civ. P. 56(c)(1)(A).   A party also may show that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."   Fed. R. Civ. P. 56(c)(1)(B). An issue is "genuine" only if there is sufficient evidence for a reasonable fact-finder to find for the non-moving party.   *Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1207–08 (N.D. Cal. 2017).   A mere scintilla of evidence will not defeat a motion for summary judgment; instead, a nonmoving party must introduce "significant probative evidence" tending to support the complaint. *Id.* at 1208.   If the nonmoving party fails to make this showing, the moving

---

[11] Young 115:1-118:1.

[12] Young 116:6-21.

[13] Young 30:22-31:23.

Katten

KattenMuchinRosenmanLLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

party is entitled to summary judgment.  *Id.*

Because Plaintiff did not rely on any of the representations challenged in his Amended Complaint, he cannot satisfy the elements of his individual claims.  Summary judgment should thus be granted in Cree's favor.

**A.      Plaintiff's Deposition Errata Sheet Unsuccessfully Attempted to Reverse His Testimony.**

To save his claims from certain summary judgment, Plaintiff submitted a deposition errata sheet to radically alter—and in some cases, directly contradict—the substance of his deposition testimony.  As set out in the parties' Discovery Letter Brief [Doc. No. 70], Plaintiff's deposition errata listed 28 changes to his transcript and he served it, of course, after Cree indicated it was filing a summary judgment motion.  After the parties met and conferred, the Court struck the majority of the remaining disputed corrections—specifically those corrections where Plaintiff attempted to reverse testimony as to what he remembered about purchasing the Bulbs. [Doc. No. 76, pp. 4-5]. Cree's summary judgment motion thus cites to and relies upon Plaintiff's sworn deposition testimony as modified by the Court's Order.

**B.      Because Plaintiff Did Not Rely on Any Challenged Representations, His Fraud and Consumer Protection Claims Fail.**

Reliance upon an alleged misrepresentation is essential to a fraudulent misrepresentation claim.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).  In addition, where—as here—a plaintiff's FAL, UCL, and CLRA claims sound in fraud,[14] the plaintiff is "required to prove actual reliance on the allegedly deceptive or misleading statements, and that the

---

[14] The Court found that Plaintiff's consumer claims sounded in fraud when it dismissed them with leave to amend for failure to allege reliance with sufficient particularity.  [Doc. No. 42 at 11-12].

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

misrepresentation was an immediate cause of the injury-producing conduct." *Equinox Hotel Management, Inc. v. Equinox Holdings, Inc.*, No. 17-CV-06393-YGR, 2018 WL 659105 at *13 (N.D. Cal. Feb. 1, 2018) (citing *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793 (9th Cir. 2012))); *Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d at 1208 ("To prevail on their causes of action under the UCL, FAL, and the CLRA, Plaintiffs must demonstrate that they actually relied on the challenged misrepresentations. . . ."). For these claims, a showing of reliance is, in effect, a demonstration of causation: where claims are based on alleged false advertising, sufficient proof of a plaintiff's reliance on the challenged representations shows that they "played a substantial part in influencing [the plaintiff's] decision [to purchase a product]." *Wilson*, 260 F. Supp. 3d at 1208.

In *Wilson*, the plaintiff brought UCL, FAL, and CLRA claims based on "0g Trans Fat" and "Made with All Natural Ingredients" statements on various Frito-Lay bags. *Id.* at 1206. At his deposition, Wilson testified that he "didn't notice" and "couldn't remember" what label statements he saw on the products he purchased. *Id.* at 1209-10. But Wilson did remember that he bought the chips generally because of their taste, "sunny" packaging, and how well they paired with "dilly dip." *Id.* at 1209. Frito-Lay moved for summary judgment, arguing that his lack of reliance on the label statements at issue mandated summary judgment in Frito-Lay's favor. *Id.* The court agreed, finding that Wilson's deposition testimony "establishe[d] that the challenged Frito-Lay label statements played no part at all in his purchases of Frito-Lay's products" and that Frito-Lay was entitled to summary judgment on Wilson's claims. *Id.* at 1209-11.

A similar case echoes *Wilson*'s conclusion that summary judgment is required where plaintiffs cannot remember what representations they saw—or, whether they saw any. *iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1018

8

(N.D. Cal. 2013).  In *iPhone Application Litig.*, a number of plaintiffs brought claims against Apple based on alleged misrepresentations surrounding its use of location data and the effect that location services had on iPhone battery life. 6 F. Supp. 3d 1004, 1015-17 (N.D. Cal. 2013).  Plaintiffs testified, in part, that they "either could not recall having read" the misrepresentations at issue "or expressly disavowed having read" them prior to purchase.  *Id.* at 1018.  Of particular relevance to this motion, the *iPhone Application Litig.* plaintiffs testified that they could not remember any specific Apple representations they read, but rather "knew generally [that they had] read things." *Id*.  Evaluating this testimony, the court granted summary judgment because plaintiffs "failed to produce evidence showing that [they] saw or relied upon any alleged Apple misrepresentation." *Id.* at 1018-20.

Here, as in *iPhone Application Litig.*, Plaintiff admitted that he does not recall what label statements he saw on the Bulbs' packaging;[15] does not remember "anything specifically about purchasing" the Bulbs;[16] and does not remember which—or whether any—statement on Cree's packaging persuaded him to buy the Bulbs.[17]  He does not remember why he decided to buy Cree bulbs over competitors'[18] and, as a rule, does not trust product advertising.[19] Neither did Plaintiff rely on any television or internet advertising.  He testified that he had never seen a television advertisement described in his Amended Complaint,[20] and, in any event, did not recall ever having seen the

---

[15] Young 100:23-101:12; 106:3-107:15; 110:12-18.

[16] Young 106:3-107:15.

[17] Young 100:23-101:12.

[18] Young 102:18-103:21.

[19] Young 30:22-31:23.

[20] Young 115:1-118:1.

spokesperson (though Cree uses the same spokesperson for all of its televised advertisements);[21] had never visited Cree's website before he purchased the Bulbs;[22] and, to the extent he had seen any advertisements related to the general longevity of LED lightbulbs, could not say that any of those advertisements were Cree's.[23]  Rather, just as in *Wilson*, Plaintiff testified that his interest in purchasing the Bulbs stemmed from a feature unrelated to the representations at issue: that the Bulbs are dimmable.[24]

Because of these admissions, Cree is entitled to summary judgment on Plaintiff's fraud, FAL, UCL, and CLRA claims.

**C.    Plaintiff's Warranty Claims Must Be Dismissed Because Plaintiff Did Not Comply with Cree's Warranty Terms, Cree Did Not Promise That the Bulbs Would Be Defect-Free, and Plaintiff Lacks Privity with Cree.**

Plaintiff's warranty claims fail for at least three reasons: (i) because Plaintiff admits that he did not rely on any label or advertising statements, he no longer enjoys an exception to California's privity requirement for warranty claims, and both his express and implied warranty claims thus fail for lack of privity; (ii) Plaintiff admits he did not comply with Cree's warranty terms, which also apply to any alleged warranties-by-representation, mandating dismissal of his express warranty claims; and (iii) to the extent Cree's label statements create express warranties, those warranties are not promises the bulbs will operate defect-free, as demanded by Plaintiff's express warranty claims.

---

[21] Young 116:6-21.

[22] Young 119:3-12.

[23] Young 93:10-94:8.

[24] Young 99:1-5; 108:13-16.

1           **1.**     **All of Plaintiff's Express and Implied Warranty Claims**

2                   **Fail Because Plaintiff Did Not Rely on Advertising or**

3                   **Label Statements and Cannot Show Privity with Cree.**

4       In California, "the general rule is that privity of contract is required in an

5 action for breach of either express or implied warranty." *In re Clorox*

6 *Consumer Litig.*, 894 F. Supp. 2d 1224, 1236 (N.D. Cal. 20120); *see also*

7 *Tapia v. Dvaol, Inc.*, 116 F. Supp. 3d 1149, 1160-61 (S.D. Cal. 2015). There

8 is no privity between the original seller and "a subsequent purchaser who is in

9 no way party to the original sale." *Id.* "A buyer and a seller stand in privity if

10 they are in adjoining links of the distribution chain," so "an end consumer who

11 buys from a retailer is not in privity with the manufacturer." *T & M Solar and*

12 *Air Conditioning, Inc. v. Lennox Intern., Inc.*, 83 F. Supp. 3d 855, 874 (N.D.

13 Cal. 2015). In its Order on Cree's first motion to dismiss, this Court held that

14 Plaintiff's warranty claims did not require privity because "a particularized

15 exception" to California's privity requirement exists "when the plaintiff relies

16 on written labels or advertisements of a manufacturer" and Plaintiff pled

17 reliance on advertising and label statements. [Doc. No. 42, p. 15 (citing

18 *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008))].

19       Now, at summary judgment, Plaintiff may not stand on his allegations

20 alone. There is no dispute that Plaintiff is not in privity with Cree. As

21 discussed above, Plaintiff expressly conceded that he did not rely on any Cree

22 label statement or television or advertisement representation when he decided

23 to purchase his Bulbs. California's exception to its general privity requirement

24 for warranty claims thus no longer applies to Plaintiff. *See T & M Solar*, 83 F.

25 Supp. 3d at 875 (noting that the plaintiff's allegations of apparent privity and

26 reliance would survive a motion to dismiss for lack of privity, but that

27 "[p]laintiffs ultimately may not be able to prove" those allegations).

28 Plaintiffs' express and implied warranty claims should therefore be dismissed

Katten

KattenMuchinRosenmanLLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1  for lack of privity.

2  **2.  Plaintiff's Express Warranty Claims Fail Because**

3  **Plaintiff Did Not Comply with Cree's Warranty Terms.**

4  Cree's limited warranty requires that a consumer return the bulb to Cree

5  with proof of purchase, receipt, and the consumer's contact information.

6  Richter Decl. Exh. C.  In capital letters, the warranty also limits a consumer's

7  remedies to bulb replacement or refund and excludes incidental and

8  consequential damages.  *Id.*  Though Plaintiff admittedly did not rely on any

9  representations on Cree's labels or in its advertising, his Amended Complaint

10  alleges that: (i) the time period of Cree's limited warranty expressly warrants

11  the bulb will last for that period of time [Amend. Compl. ¶¶ 17, 30, 33]; (ii)

12  "Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the

13  cheap LED bulbs" and various iterations expressly warrant the bulb will last at

14  least 22 years [Amend. Compl. ¶¶ 20, 23, 24, 26, 30, 33]; and (iii) Cree's label

15  discloses estimated energy savings over the lifetime of the bulb expressly

16  warrants that the bulb will last at least 22 years [Amend Compl. ¶¶ 28, 30, 33].

17  With respect to the Bulbs Plaintiff actually claims to have purchased, he

18  alleges Cree's label expressly warrants "Long LED lifetime lasts 13+ years

19  (15,000 hours), up to 3x as long as the cheap LED bulbs." [Amend. Compl. ¶

20  22].

21  Plaintiff alleges that these representations "are each a written warranty."

22  [Amend. Compl. ¶¶ 104, 105].  Setting aside the fact that Plaintiff admitted

23  that none of these representations were material to his purchase of the Bulbs—

24  especially given that some do not even relate to the Bulbs he claimed to

25  purchase—each of these purported warranties-by-representation is subject to

26  the limitations and exclusions set out in Cree's written express warranty.

27  *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1019-20 (N.D. Cal. 2014)

28  (dismissing warranty-by-representation claims where plaintiff failed to allege a

12

Katten

KattenMuchinRosenmanLLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

breach within the written express warranty period because "words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other." (citing CAL. COM. CODE § 2316)); *Resnick v. Hyundai Motor Am., Inc.*, No. 16-00593, 2017 WL 1531192 at *9 (C.D. Cal. April 13, 2017) ("[E]ven assuming that any of [d]efendant's representations constitute a viable express warranty . . ., that warranty is limited to the same terms as [defendant's] express warranty."). In other words, even assuming for the sake of argument that the advertising and label representations cited in Plaintiff's complaint constitute warranties-by-representation, they are actionable only if Plaintiff complied with the terms of Cree's limited written warranty.

Here, Plaintiff admits that he did not attempt to return the Bulbs and certainly did not follow Cree's warranty procedure.[25] This is not a failure Plaintiff can cure, as he no longer has two of the Bulbs, his receipt, or his proofs of purchase.[26] Because any alleged warranty-by-representation must be read in conjunction with the terms of Cree's written limited warranty, Plaintiff's failure to comply with the terms of Cree's limited warranty requires that the claims be dismissed. *See Frenzel*, 76 F. Supp. at 1019-20.

### 3.    Cree's Alleged Warranties-By-Representation Did Not Promise the Bulbs Would Operate Defect-Free and Were Not Breached.

Plaintiff's breach of express warranty claims also fail because Cree never promised that each of its LED bulbs is defect-free at the time of sale.

As explained above, Plaintiff alleges that statements regarding tested lifespan, estimated energy savings, and the existence of Cree's warranty itself

---

[25] Young 89:6-90:6; 91:24-92:5.

[26] Young 23:4-19; 27:22-28:13; 24:1-14.

1  warrant-by-representation that the Bulbs would last at least 22 years.  [Amend.

2  Compl. ¶¶ 17, 22, 24, 28, 30, 33.]   None of the alleged warranties-by-

3  representation, however, promise that the Bulbs will function perfectly.

4  Indeed, Plaintiff acknowledged that he would not interpret a warranty as a

5  promise that a product will never have a problem, but that instead he "would

6  expect that it would just be fixed."  (Young 34:14-35:12).[27]

7         Plaintiff's expectation is correct as a matter of law.  Express warranties,

8  including warranties-by-representation, do not promise that a product will

9  operate defect-free throughout its life; rather, they are a promise to refund,

10 repair, or replace a failed product within the warranty period.  *Punian v.*

11 *Gillette Co.*, No. 14-CV-05028, 2016 WL 1029607 at *6 (N.D. Cal. March 15,

12 2016); *see id.* at *6-7 ("A reasonable consumer would understand the

13 [guarantee] as a promise to repair, replace, or refund a battery that is in storage

14 and fails within ten years of purchase—not as a promise that Duralock

15 batteries have no potential to leak."); *Hoey v. Sony Elecs., Inc.*, 515 F. Supp.

16 2d 1099, 1104 (N.D. Cal. 2007) ("Plaintiffs seek to bootstrap Sony's express

17 warranty into a representation that the VAIO notebooks are defect-free. . . .

18 Nothing in the warranty expressly or impliedly warrants that the computer will

19 be defect free either during the warranty period or thereafter.").

20        Plaintiff has admitted that he did not comply with Cree's warranty terms

21 such that he is not eligible for a replacement or refund under Cree's written

22 warranty and Cree did not, therefore, breach any of the alleged warranties-by-

23 representation.  Plaintiff's express warranty claims should be dismissed.

24

25 [27] While Young revised a portion of this testimony to add that he would expect

26 products to last as long as their warranties and the Court allowed this addition
   [Doc. No. 76, p. 3], this does not change that he acknowledged some warranted

27 products might have problems or defects and in such cases he would expect the
   products to be fixed. Young 34:4-20.

28

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

14

### 4. Because Plaintiff's State Law Express and Implied Warranty Claims Fail, His Magnuson-Moss Warranty Act Claim Must Also Be Dismissed.

For both written warranties and implied warranties, the Magnuson-Moss Warranty Act provides a federal cause of action for state warranty claims. *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931 at *9 (N.D. Cal. June 5, 2009)(citing *Monticello v. Winnebago Indus. Inc.*, 369 F. Supp. 2d 1350, 1356 (N.D. Ga. 2005)).  But where the underlying state law warranty claims are dismissed, so too is any Magnuson-Moss claims.  *Id.*; *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *Daughterty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 833 (2006). Here, to the extent Plaintiff has pleaded a Magnuson-Moss Warranty Act Claim, it fails with Plaintiff's express and implied warranty claims.  *In re Apple iPhone 3G Products Liability Litig.*, 859 F. Supp. 2d 1084, 1090 (N.D. Cal. 2012).

### D. Because Plaintiff Has Not Alleged Any Actionable Misrepresentation, His Unjust Enrichment Claim Must Be Dismissed.

As discussed above, none of the statements Plaintiff claims to have relied upon in purchasing his Cree Bulbs are actionable, because Plaintiff did not rely on any of them.   Accordingly, like Plaintiff's fraudulent misrepresentation, UCL, FAL, and CLRA claims, Plaintiff's claim for unjust enrichment must be dismissed.  *Rojas-Lorenzo v. Google, Inc.*, 159 F. Supp. 3d 1101, 1120 (N.D. Cal. 2016) ("[W]hen a plaintiff fails to sufficiently plead an actionable misrepresentation or omission, his restitution [or unjust enrichment] claim must be dismissed.").  This is the only logical result, as where there is "no actionable wrong, there is no basis for the relief."  *Hill v. Roll Intern. Corp.*, 195 Cal. App. 4th 1295, 1307 (Cal App. 1 Dist. 2011).

## V.    CONCLUSION

Plaintiff testified under oath that the factual underpinnings of each of his misrepresentation, warranty, and unjust enrichment claims are not true.   For that reason, and the reasons stated above, this Court should therefore dismiss all of Plaintiff's claims.

Dated:  June 25, 2021      Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:   /s/ Stuart M. Richter
Stuart M. Richter
Attorneys for Defendant Cree, Inc.