Stuart M. Richter (SBN 126231)
Andrew J. Demko (SBN 247320)
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Attorneys for Defendant
Cree, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| JEFF YOUNG, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>CREE, INC.,<br><br>  Defendants. | Case No. 4:17-cv-06252-YGR<br><br>Hon. Yvonne-Gonzalez Rogers<br><br>**CREE, INC.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S INDIVIDUAL CLAIMS**<br><br>Complaint Filed: October 27, 2017<br><br>Date:      September 7, 2021<br>Time:      2:00 PM PDT<br>Place:     Courtroom 1 – 4th Floor |

Pursuant to Rule 56(c)(1) of the Federal Rules of Civil Procedure and Civil Local Rule 56-2(a) of the United States District Court, Northern District of California, Defendant Cree, Inc. submits this Separate Statement of Undisputed Material Facts in support of its Motion for Summary Judgment on Plaintiff's Individual Claims.

## Supporting Separate Statement

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| Issue 1 (Plaintiff cannot establish reliance required for his fraud and consumer protection claims) | Fact 1.  Plaintiff could not remember anything specifically about purchasing the Bulbs.<br><br>Richter Decl., Exh. A [Young Depo.] at 106:3-107:15. | |
| Issue 1 | Fact 2.  Plaintiff could not remember specifically whether he had read the terms of the limited warranty printed on the box, the fact that the warranty was for ten years, a label statement comparing the Bulbs' energy use to that of an incandescent, the Lighting Facts label, or a label statement on estimated energy savings.<br><br>Richter Decl., Exh. A [Young Depo.] at 106:3-107:15; 110:12-18. *See also* Doc. No. 76, p. 5 striking Plaintiff's attempt to reverse this testimony. | |
| Issue 1 | Fact 3.  The only packaging representation Plaintiff definitively remembered was that the Bulbs were dimmable.<br><br>Richter Decl., Exh. A [Young Depo.] at 99:1-5; 108:13-16. | |
| Issue 1 | Fact 4.  Plaintiff could not recall what, if any, statement on Cree's package persuaded him to buy the Bulbs. | |


| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
|  | Richter Decl., Exh. A [Young Depo.] at 100:23-101:12. |  |
| Issue 1 | Fact 5. Plaintiff could not remember why he decided to purchase Cree bulbs as opposed to a competitor's.<br><br>Richter Decl., Exh. A [Young Depo.] at 102:18-103:21. |  |
| Issue 1 | Fact 6. Plaintiff never visited Cree's website before buying Cree Bulbs.<br><br>Richter Decl., Exh. A [Young Depo.] at 119:3-12. |  |
| Issue 1 | Fact 7. Plaintiff could not remember any advertisement or representation from television or the web that was specific to Cree.<br><br>Richter Decl., Exh. A [Young Depo.] at 93:10-94:8. |  |
| Issue 1 | Fact 8. Plaintiff never saw the television or internet ads specifically described in the Amended Complaint.<br><br>Richter Decl., Exh. A [Young Depo.] at 115:1-118:1. |  |
| Issue 1 | Fact 9. Plaintiff did not recognize, and could not remember ever seeing before, the actor hired as Cree's spokesperson.<br><br>Richter Decl., Exh. A [Young Depo.] at 116:6-21. |  |
| Issue 1 | Fact 10. Plaintiff does not trust product advertising.<br><br>Richter Decl., Exh. A [Young Depo.] at 30:22-31:23. |  |
| Issue 2 (Plaintiff's claims based on Cree's limited warranty fail because Plaintiff did not | Fact 1. Cree's limited warranty requires that a consumer return the bulb to Cree with proof of purchase, receipt, and the consumer's contact information. |  |

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| comply with Cree's warranty terms) | Richter Decl., Exh. C [Bulb Limited Warranty]. | |
| Issue 2 | Fact 2.  In capital letters, Cree's warranty limits a consumer's remedies to bulb replacement or refund and excludes incidental and consequential damages.<br><br>Richter Decl., Exh. C [Bulb Limited Warranty]. | |
| Issue 2 | Fact 3.  Plaintiff did not attempt to return the Bulbs and failed to comply with the terms of Cree's warranty.<br><br>Richter Decl., Exh. A [Young Depo.] at 89:6-90:6; 91:24-92:5. | |
| Issue 2 | Fact 4.  Plaintiff no longer has two of the Bulbs, his receipt, or his proofs of purchase.<br><br>Richter Decl., Exh. A [Young Depo.] at 23:4-19, 27:22-28:13, 24:1-14. | |
| Issue 3 (Cree did not breach any warranties-by-representation or its express limited warranty) | Fact 1.  Cree's limited warranty requires that a consumer return the bulb to Cree with proof of purchase, receipt, and the consumer's contact information.<br><br>Richter Decl., Exh. C [Bulb Limited Warranty]. | |
| Issue 3 | Fact 2.  In capital letters, Cree's warranty limits a consumer's remedies to bulb replacement or refund and excludes incidental and consequential damages.<br><br>Richter Decl., Exh. C [Bulb Limited Warranty]. | |
| Issue 3 | Fact 3.  Plaintiff did not attempt to return the Bulbs and failed to comply with the terms of Cree's warranty. | |

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Richter Decl., Exh. A [Young Depo.] at 89:6-90:6; 91:24-92:5. | |
| Issue 3 | Fact 4.  Plaintiff no longer has two of the Bulbs, his receipt, or his proofs of purchase.<br><br>Richter Decl., Exh. A [Young Depo.] at 23:4-19, 27:22-28:13, 24:1-14. | |
| Issue 4 (Exception to California's privity requirement for warranty claims no longer applies to Plaintiff because he did not rely on any advertising or label statements) | Fact 1.  Plaintiff could not remember anything specifically about purchasing the Bulbs.<br><br>Richter Decl., Exh. A [Young Depo.] at 106:3-107:15. | |
| Issue 4 | Fact 2.  Plaintiff could not remember specifically whether he had read the terms of the limited warranty printed on the box, the fact that the warranty was for ten years, a label statement comparing the Bulbs' energy use to that of an incandescent, the Lighting Facts label, or a label statement on estimated energy savings.<br><br>Richter Decl., Exh. A [Young Depo.] at 106:3-107:15; 110:12-18. *See also* Doc. No. 76, p. 5 striking Plaintiff's attempt to reverse this testimony. | |
| Issue 4 | Fact 3.  The only packaging representation Plaintiff definitively remembered was that the Bulbs were dimmable.<br><br>Richter Decl., Exh. A [Young Depo.] at 99:1-5; 108:13-16. | |
| Issue 4 | Fact 4.  Plaintiff could not recall what, if any, statement on Cree's | |

5

CREE, INC.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

4:17-CV-06252-YGR

149422983v1

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | package persuaded him to buy the Bulbs.<br><br>Richter Decl., Exh. A [Young Depo.] at 100:23-101:12. | |
| Issue 4 | Fact 5.  Plaintiff could not remember why he decided to purchase Cree bulbs as opposed to a competitor's.<br><br>Richter Decl., Exh. A [Young Depo.] at 102:18-103:21. | |
| Issue 4 | Fact 6.  Plaintiff never visited Cree's website before buying Cree Bulbs.<br><br>Richter Decl., Exh. A [Young Depo.] at 119:3-12. | |
| Issue 4 | Fact 7.  Plaintiff could not remember any advertisement or representation from television or the web that was specific to Cree.<br><br>Richter Decl., Exh. A [Young Depo.] at 93:10-94:8. | |
| Issue 4 | Fact 8.  Plaintiff never saw the television or internet ads specifically described in the Amended Complaint.<br><br>Richter Decl., Exh. A [Young Depo.] at 115:1-118:1. | |
| Issue 4 | Fact 9.  Plaintiff did not recognize, and could not remember ever seeing before, the actor hired as Cree's spokesperson.<br><br>Richter Decl., Exh. A [Young Depo.] at 116:6-21. | |
| Issue 4 | Fact 10.  Plaintiff does not trust product advertising.<br><br>Richter Decl., Exh. A [Young Depo.] at 30:22-31:23. | |
| Issue 5 (Plaintiff cannot prevail on his unjust enrichment | Fact 1.  Plaintiff could not remember anything specifically about purchasing the Bulbs. | |

6

CREE, INC.'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

4:17-CV-06252-YGR

149422983v1

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| claim because no representation is actionable) | Richter Decl., Exh. A [Young Depo.] at 106:3-107:15. | |
| Issue 5 | Fact 2.  Plaintiff could not remember specifically whether he had read the terms of the limited warranty printed on the box, the fact that the warranty was for ten years, a label statement comparing the Bulbs' energy use to that of an incandescent, the Lighting Facts label, or a label statement on estimated energy savings.<br><br>Richter Decl., Exh. A [Young Depo.] at 106:3-107:15; 110:12-18. *See also* Doc. No. 76, p. 5 striking Plaintiff's attempt to reverse this testimony. | |
| Issue 5 | Fact 3.  The only packaging representation Plaintiff definitively remembered was that the Bulbs were dimmable.<br><br>Richter Decl., Exh. A [Young Depo.] at 99:1-5; 108:13-16. | |
| Issue 5 | Fact 4.  Plaintiff could not recall what, if any, statement on Cree's package persuaded him to buy the Bulbs.<br><br>Richter Decl., Exh. A [Young Depo.] at 100:23-101:12. | |
| Issue 5 | Fact 5.  Plaintiff could not remember why he decided to purchase Cree bulbs as opposed to a competitor's.<br><br>Richter Decl., Exh. A [Young Depo.] at 102:18-103:21. | |
| Issue 5 | Fact 6.  Plaintiff never visited Cree's website before buying Cree Bulbs.<br><br>Richter Decl., Exh. A [Young Depo.] at 119:3-12. | |

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| Issue 5 | Fact 7. Plaintiff could not remember any advertisement or representation from television or the web that was specific to Cree.<br><br>Richter Decl., Exh. A [Young Depo.] at 93:10-94:8. | |
| Issue 5 | Fact 8. Plaintiff never saw the television or internet ads specifically described in the Amended Complaint.<br><br>Richter Decl., Exh. A [Young Depo.] at 115:1-118:1. | |
| Issue 5 | Fact 9. Plaintiff did not recognize, and could not remember ever seeing before, the actor hired as Cree's spokesperson.<br><br>Richter Decl., Exh. A [Young Depo.] at 116:6-21. | |
| Issue 5 | Fact 10. Plaintiff does not trust product advertising.<br><br>Richter Decl., Exh. A [Young Depo.] at 30:22-31:23. | |

I attest that the evidence cited herein fairly and accurately supports the facts as asserted.

Dated: June 25, 2021

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By: /s/ Stuart M. Richter
    Stuart M. Richter
    Andrew J. Demko
Attorneys for Defendant Cree, Inc.