1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFF YOUNG,

               Plaintiff,

     v.

CREE, INC.,

               Defendant.

CASE NO.  4:17-cv-06252 YGR

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Re: Dkt. No. 150

       Plaintiff Jeff Young brings this action against defendant Cree, Inc., alleging that Cree engaged in an unfair and deceptive practice of falsely promising consumers that Cree's light-emitting-diode ("LED") bulbs would be long-lasting and would result in energy savings in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code §§ 17200, *et seq*. (claim 1); California's False Advertising Law ("FAL"), Cal. Bus. Prof. Code §§ 17500, *et seq*. (claim 2); Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*. (claim 3); fraudulent misrepresentation and concealment (claim 4); unjust enrichment (claim 5); and breach of express and implied warranties (claim 6).  Docket No. 48, Amended Class Action Complaint ("ACAC").  Young sought to assert these claims on behalf of a proposed class, but the Court denied Young's renewed motion for class certification on January 8, 2021.  Docket No. 139.

       Now before the Court is Cree's motion for summary judgment as to each of the six claims in the ACAC, which are asserted on Young's own behalf only.  The basis of the motion is that each of these claims fails for lack of admissible evidence that Young relied on Cree's alleged fraudulent misrepresentations.  Young opposes the motion.  After carefully considering the parties' briefs, the record, and the argument presented during the hearing held on October 12, 2021, the Court **GRANTS** the motion for summary judgment.

United States District Court
Northern District of California

# I.   BACKGROUND

### A.   Young's theory of liability

In the operative complaint, the ACAC, Young alleges as follows:

Defendant Cree advertises, markets, distributes, or sells various types of LED bulbs "to consumers throughout the United States."  ACAC ¶ 14.  "[O]n or around April of 2015" Young purchased three of Cree's LED bulbs at Walmart and paid "approximately $15-20 for each bulb."  *Id.* ¶ 36.  "Within months, all three [LED bulbs] burned out even though [Young] used them according to the instructions."  *Id.* ¶ 37.

Young alleges that Cree has made fraudulent misrepresentations with respect to its LED bulbs, which are on the packaging of the LED bulbs, as well as in television and internet advertisements.  *Id.* ¶¶ 19-29.  Young further avers that these alleged fraudulent misrepresentations overpromise the longevity and energy savings of the LED bulbs.  *Id.*  The alleged fraudulent misrepresentations that Young alleges were on the packaging of the LED bulbs sold by Cree are:

- Long LED lifetime lasts 13+ years (15,000 hours), up to 3x as long as the cheap LED bulbs.

- Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs.

- Longer LED lifetime lasts 32+ years (35,000 hours), up to 6x as long as the cheap LED bulbs.

- [D]esigned to last more than 22 years (25,000 hours), the Cree LED bulb is a worry-free choice backed by a 100% performance satisfaction guarantee.  The LED general purpose bulbs last up to 25,000 hours, equal to 25 incandescents.

- 25,000-hour lifetime compared to about 1,000 hours for a typical incandescent.

- Most Cree LED bulbs are rated to last 25,000 hours.  So, you'll be happy to have beautiful Cree LED light in your home for decades.

*Id.* ¶ 30.

The alleged fraudulent misrepresentations that Young alleges were in Cree's internet and television advertisements are:

- Long LED lifetime lasts 13+ years (15,000 hours), up to 3x as long as the cheap

LED bulbs.

- Longer LED lifetime lasts 22+ years (25,000 hours), up to 6x as long as the cheap LED bulbs.

- Longer LED lifetime lasts 32+ years (35,000 hours), up to 6x as long as the cheap LED bulbs.

- [D]esigned to last more than 22 years (25,000 hours), the Cree LED bulb is a worry-free choice backed by a 100% performance satisfaction guarantee.  The LED general purpose bulbs last up to 25,000 hours, equal to 25 incandescents.

- 25,000-hour lifetime compared to about 1,000 hours for a typical incandescent.

- Most Cree LED bulbs are rated to last 25,000 hours.  So, you'll be happy to have beautiful Cree LED light in your home for decades.

*Id.*  Young further alleges that Cree's internet and television advertisements contain "various claims regarding the longevity of the bulbs, especially as they relate to the lifetime of the Cree bulbs in comparison to incandescent bulbs."  *Id.*

> For instance, one ad features an actor who metaphorically buries an incandescent bulb – set into a tiny bulb-shaped coffin – to emphasize that the new Cree bulb heralds the death knell of the incandescent bulb.  Still other television and internet ads, featuring the same actor, make other claims about Cree's superior lifetime and performance in comparison to incandescent bulbs.

*Id.*  Young alleges that these "marketing efforts are made in order to—and do in fact—induce its customers to purchase the LED Bulbs at a premium because consumers believe the Lightbulbs will last for far longer than their actual life."  *Id.* ¶ 6.

Young alleges to have specifically relied on false statements by Cree found (1) on the packaging of the LED bulbs, which stated that he would save upwards of $100 per bulb over the life of the bulb; that the bulb would perform better than other less-expensive LED and non-LED bulbs; and that the bulbs were guaranteed or warranted for performance; and (2) in internet and television advertisements, which stated that the bulbs would last up to 25 times longer than incandescent bulbs and would use a fraction of the energy of incandescent bulbs.  *Id.* ¶¶ 36-37.

Cree moved to dismiss Young's claims twice.  The Court granted the first motion, with leave to amend.  Docket No. 42.  Young then filed the ACAC.  Docket No. 48.  In its order of August 2, 2018, denying Cree's second motion to dismiss, Docket No. 61, the Court concluded that each of Young's claims was adequately pleaded.  Specifically, as to Young's fraudulent

misrepresentation claims, claims 1 through 4, the Court concluded that they were sufficiently pleaded in light of Young's allegations that the alleged fraudulent misrepresentations by Cree upon which he relied raised the reasonable inference that Cree's alleged misrepresentations were misleading. *See id.* at 4-5. The Court declined to dismiss Young's unjust enrichment claim, reasoning that this claim survived for the same reasons that the fraudulent misrepresentation claims survived Cree's second motion to dismiss. *Id.* at 6. As to Young's warranty claims, the Court concluded that they were not subject to dismissal based on Cree's argument that Young lacked privity with Cree in connection with Young's purchase of the LED bulbs, because Young's warranty claims fell within an exception to the general rule that requires privity between the original seller and the plaintiff in light of Young's allegations that he had relied on Cree's alleged fraudulent statements on the packaging and in internet and television advertisements. *See id.* at 14-15.

> ### B.    Young's deposition testimony

Cree was deposed on September 18, 2018. He testified that he did not purchase the light bulbs at issue at Walmart as he alleged in the ACAC and that he purchased them at Home Depot. Young Dep. Tr. at 89.

When asked whether there was "a deciding factor" that motivated his purchase of the Cree LED bulbs at issue, he responded that "[s]omething made [him] decide, obviously, but what that exact thing was I don't remember." *Id.* at 103. He also testified that he could not recall what caused him to purchase the Cree LED bulbs instead of LED bulbs made by other companies. *Id.*

In other portions of the deposition, Young testified that he relied on the "package" when purchasing the LED bulbs at issue. *Id.* at 88. When asked what on the Cree package caused him to buy Cree products instead of other LED products, Young responded:

> A. I don't remember the specifics. They either lasted longer or their warranty was better *or—I don't remember the specifics*.
>
> Q. *You don't remember?*
>
> *A. No.*

*Id.* at 100-01 (emphasis added).  Young also could not remember "what [he] saw on the Cree package."  *Id.* at 101.  When asked whether he would have read the limited warranty information for the LED bulbs at issue before purchasing them, Young could not give a definitive answer:

> Q. Would [the warranty information] have been something you would have read?
>
> A. Absolutely.
>
> Q. *You would have read on the package the warranty information*?
>
> A. *I am assuming I would have, yes.*

*Id.* at 109 (emphasis added).

When shown the March 2015 package of a Cree LED bulb, Young could not recall whether that was the package that he saw when he purchased the LED bulbs at issue.  *Id.* at 106.  Young also could not remember having seen any of the statements on the package.  *Id.* at 107.  The only statement on the package that Young *did* remember relying upon when purchasing the LED bulbs at issue was that the bulbs were dimmable; Young testified that he knew that he relied on the "dimmable" statement (which is not an alleged fraudulent misrepresentation by Cree according to the ACAC) because he "wouldn't have bought it if it wasn't" dimmable.  *Id.* at 108.

Young testified that he may have seen some internet advertisements before purchasing the LED bulbs at issue but he could not remember "what they were or what they said," *id.* at 119.  Young did not visit Cree's website before purchasing the products.  *Id.* at 119.  He also testified that he remembered seeing some television advertisements for LED bulbs but he could "not remember whose – what brand they were."  *Id.* at 93; *see also id.* at 86.

Young made many corrections to his deposition testimony on an errata sheet on October 23, 2018.  *See* Docket No. 150-2, Exhibit B.  Cree moved to strike eight of the corrections on the basis that they contradicted Young's original testimony.  Magistrate Judge Hixon agreed with Cree with respect to five of the eight challenged corrections and struck them.  Docket No. 76.

Below are two of the corrections that Cree challenged that are relevant to the present motion, as well as Magistrate Judge Hixon's rulings.  Strikeouts show Young's deletions, and underlines show Young's additions:

United States District Court
Northern District of California

**Second correction**. Page 103, lines 9-13.

Q: Was there a deciding factor [whether to purchase Cree over competitors]?

A: ~~I don't recall. Something made me decide obviously, but what that exact thing was I don't remember.~~ <u>Yes, I recall that I decided to buy Cree because the length of the product life, warranty and cost savings.</u>

Magistrate Judge Hixon ruled that this correction was "improper" because Young attempted to change his answer "to nearly the opposite" of what he originally said. Docket No. 76 at 4-5.

**Third correction.** Page 110, lines 12-18:

Q: So is it a fair statement to say that as you sit here today you really don't remember what you read on the package that you— that was on the bulb that you purchased?

Mr. Woods: Objection, mischaracterizes the testimony. You can answer.

The Witness: ~~That is fair to say.~~ <u>I remember things in general as I have previously testified.</u>

Magistrate Judge Hixon also ruled that this correction was "improper" because it was inconsistent with the rest of Young's testimony. Docket No. 76 at 5.

The deposition testimony that the Court considers for the purpose of resolving the present motion is that which reflects, and is consistent with, Judge Hixon's rulings.

## II.   LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of production by either of two methods:

> The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

*Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

If the moving party discharges its burden by showing an absence of evidence to support an essential element of a claim or defense, it is not required to produce evidence showing the absence of a material fact on such issues, or to support its motion with evidence negating the non-moving party's claim. *Id.*; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the non-moving party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan*, 929 F.2d at 1409.

If the moving party discharges its burden by negating an essential element of the non-moving party's claim or defense, it must produce affirmative evidence of such negation. *Nissan*, 210 F.3d at 1105. If the moving party produces such evidence, the burden then shifts to the non-moving party to produce specific evidence to show that a dispute of material fact exists. *Id.*

If the moving party does not meet its initial burden of production by either method, the non-moving party is under no obligation to offer any evidence in support of its opposition. *Id.* This is true even though the non-moving party bears the ultimate burden of persuasion at trial. *Id.* at 1107.

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

United States District Court
Northern District of California

### III.   DISCUSSION

Cree moves for summary judgment as to each of Young's claims.  Cree argues that these claims fail because Young has no admissible evidence to establish that he relied on Cree's alleged fraudulent misrepresentations, as he must to prevail on each of the claims.  Cree contends that this Court allowed Young's claims to proceed past the pleading stage based on Young's allegations in the ACAC that he relied on alleged fraudulent misrepresentations by Cree in television and internet advertisements, as well as on the LED bulbs' packaging.  Cree further contends that Young's deposition testimony fails to support his allegations in the ACAC that he relied on Cree's alleged fraudulent misrepresentations.

Young admits that he alleged in the ACAC that he relied on alleged fraudulent misrepresentations that he allegedly "saw . . . on the label, on television ads, and on internet advertisements," Opp'n at 2 (citing ACAC ¶ 37), and he further admits that "some" of his deposition testimony "differs" from his allegations in the ACAC, *id.*  Additionally, Young does not dispute that, to prevail at trial with respect to each of his claims, he must show that he relied on these alleged fraudulent misrepresentations.  Young opposes Cree's motion on the grounds that his deposition testimony, when taken as a whole, is sufficient to establish reliance at trial or, alternatively, that his deposition testimony "demonstrates" that a genuine issue of material fact exists with respect to whether he relied on Cree's alleged fraudulent misrepresentations.  *Id.*

The Court analyzes these arguments as they apply to each of Young's claims, in turn.

### A.   Fraudulent misrepresentation claims

Claims 1 through 4 of the ACAC arise out of the UCL, FAL, CLRA, and common law fraud.  As the Court noted in its order denying Cree's second motion to dismiss, these claims are based on allegations that Young relied, in deciding to purchase the LED bulbs at issue, on false statements by Cree (1) on the packaging of the LED bulbs, which stated that he would save upwards of $100 per bulb over the life of the bulb; that the bulb would perform better than other less-expensive LED and non-LED bulbs; and that the bulbs were guaranteed and/or warranted for performance; and (2) in internet and television advertisements, which stated that the bulbs would

United States District Court
Northern District of California

1   last up to 25 times longer than incandescent bulbs and would use a fraction of the energy of

2   incandescent bulbs.  *See* Docket No. 61 at 4-5 (citing ACAC ¶¶ 36-37).

3   Because these claims sound in fraud, Young is required to allege and prove reliance,

4   among other elements.  *See* Docket No. 42 at 11; *see also Bank of the West v. Valley Nat. Bank of*

5   *Arizon*a, 41 F.3d 471, 477 (9th Cir. 1994) (citing *Hackethal v. Nat Cas. Co.*, 189 Cal. App. 3d.

6   1102, 1111 (1987)).  As relevant here, the element of reliance requires evidence of the existence of

7   a *causal* connection between the alleged misrepresentations and the plaintiff's purchase of the

8   product at issue; that causal connection exists where the plaintiff would not have purchased the

9   product in the absence of the alleged misrepresentation.  *See e.g. Heartland Payment Sys., Inc. v.*

10  *Mercury Payment Sys.*, LLC, No. C 14-0437 CW, 2015 WL 3377662, at *7 (N.D. Cal. Feb. 24,

11  2015) ("Reliance is proved by showing that the defendant's misrepresentation or nondisclosure

12  was 'an immediate cause' of the plaintiff's injury-producing conduct.  A plaintiff may establish

13  that the defendant's misrepresentation is an 'immediate cause' of the plaintiff's conduct by

14  showing that in its absence the plaintiff 'in all reasonable probability' would not have engaged in

15  the injury-producing conduct.") (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009)); *see*

16  *also Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 n. 2 (2008), *as modified* (Jan. 28, 2008) ("In a

17  fraud case, justifiable reliance is the same as causation, thus, '[a]ctual reliance occurs when a

18  misrepresentation is 'an immediate cause of [a plaintiff's] conduct, which alters his legal

19  relations,' and when, absent such representation, the plaintiff  'would not, in all reasonable

20  probability, have entered into the contract or other transaction.'") (citation omitted).

21  Cree argues that it is entitled to summary judgment as to claims 1 through 4 because

22  Young has no evidence to establish the element of reliance.  Cree has pointed to portions of

23  Young's deposition testimony in which he testified that he could not recall what motivated his

24  purchase of the LED bulbs at issue and that he could not recall details of his purchase of the LED

25  bulbs.

26  Where, as here, the party moving for summary judgment shows an absence of evidence to

27  support an essential element of a claim or defense, the party opposing the motion must produce

28

United States District Court
Northern District of California

1  "specific evidence, through affidavits or admissible discovery material, to show that [a genuine]

2  dispute exists" as to that essential element.  *See Bhan*, 929 F.2d at 1409.

3       In his response, Young points to no portion of his deposition, or to any other evidence, that

4  establishes that he relied, in deciding to purchase the LED bulbs at issue, on any of the *specific*

5  alleged fraudulent misrepresentations in the ACAC.  This is fatal to his claims.

6       The only evidence to which Young points to support the element of reliance is other

7  portions of his deposition, in which he testified that he *saw* or *read* some statements by Cree, *see,*

8  *e.g.*, Docket No. 151 at 2-3, 6-7 (citing Young Dep. Tr. at 100-03; 82; 109; 88; 119), and that he

9  relied on the LED bulbs' *package* (without identifying any specific representations on the package

10 upon which he purportedly relied) when purchasing the LED bulbs at issue, *id.* at 7 (citing Young

11 Dep. Tr. at 87-88, 97-98, 45).   This testimony is insufficient to establish a *causal connection*

12 between *the specific* alleged fraudulent misrepresentations in the ACAC and Young's purchase of

13 the LED bulbs at issue, which is what Young must prove to carry his burden of persuasion at trial

14 with respect to the element of reliance.[1]

15      Young's testimony that he saw or read certain statements by Cree when he purchased the

16 products at issue is not enough, without more, to show a causal connection between them and his

17 purchase of the LED bulbs.  Exposure to an alleged misrepresentation is not the same thing as

18 relying on the alleged misrepresentation.  Indeed, exposure is necessary, but not sufficient, to

19 prove reliance.  *See Krueger v. Wyeth, Inc*., No. 303CV2496JAHMDD, 2019 WL 4785862, at *5

20 (S.D. Cal. Oct. 1, 2019) (noting that "exposure to the alleged misstatements is a necessary

21 predicate for proving reliance" because plaintiffs "cannot rely on information to which they were

22 never exposed"); *Guzman v. Polaris Indus. Inc.*, No. 8:19-cv-01543-FLA (KESx), 2021 WL

23

24      [1] Young, in passing, cites *In re Tobacco II*, 46 Cal. 4th at 327, for the proposition that "a
   presumption, or at least an inference, of reliance arises wherever there is a showing that a
25 misrepresentation was material."  Docket No. 151 at 7-8.  "A misrepresentation is judged to be
   'material' if 'a reasonable [person] would attach importance to its existence or nonexistence in
26 determining [that person's] choice of action in the transaction in question', and as such materiality
   is generally a question of fact unless the 'fact misrepresented is so obviously unimportant that the
27 jury could not reasonably find that a reasonable [person] would have been influenced by it.'" *Id.*
   (citations omitted).  Here, the Court cannot infer reliance based on *In re Tobacco II* because
28 Young has pointed to no evidence showing that any of the alleged fraudulent misrepresentations in
   the ACAC would be material to a reasonable person.

1    2021454, at *4 (C.D. Cal. May 12, 2021) ("Courts have recognized . . . that mere receipt of or

2    exposure to a statement is insufficient to establish reliance.") (citations omitted); *Graham v. VCA*

3    *Antech, Inc.*, No. 2:14-cv-08614-CAS, 2016 WL 5958252, at *5 (C.D. Cal. Sept. 12, 2016) ("[A]

4    plaintiff must see, read, or hear the alleged misrepresentation *and* rely on it.") (emphasis supplied).

5    Accordingly, Young's contention that exposure is equivalent to reliance is unavailing.  *See*

6    Docket. No. 151 at 2-3.

7         Young's testimony that he relied on the package, without specifying which aspects of the

8    package he relied upon, also is insufficient to satisfy the element of reliance for two reasons.  First,

9    Young's claims in this action are predicated on *specific* alleged misrepresentations by Cree, and to

10   prevail on such claims at trial, Young must show that he relied on those *specific* alleged

11   misrepresentations.  The testimony to which Young points, which provides that he relied on *the*

12   *package*, does not establish the requisite causal link between the *specific* alleged

13   misrepresentations in the ACAC and Young's purchase of the LED bulbs at issue.

14        The absence of any evidence establishing this requisite causal connection distinguishes this

15   case from the two cases that Young cites for the proposition that his deposition testimony is

16   sufficient to survive Cree's motion for summary judgment.  In *Hawkins v. Kroger Co.*, 512 F.

17   Supp. 3d 1079, 1093 (S.D. Cal. 2021), the court held that it would be inappropriate to grant the

18   defendant's motion for summary judgment, which was based on the argument that the plaintiff

19   lacked evidence to establish that he relied on the alleged fraudulent misrepresentation at issue,

20   which in that case was a "0g Trans Fat" label.  The court reasoned that the defendant was not

21   entitled to summary judgment based on this argument because the plaintiff had "clearly and

22   repeatedly" testified "under oath, that she relied on the '0g Trans Fat' label on [the product] in her

23   decision to purchase [it]."  *Id.* (citation omitted).  Similarly, in *Paduano v. Am. Honda Motor Co.*,

24   169 Cal. App. 4th 1453, 1473 (2009), the court held that the defendant was not entitled to

25   summary judgment on plaintiff's misrepresentation claims in part because the plaintiff testified

26   that his purchasing decision was based on the *specific* alleged misrepresentations in that case,

27   which were statements in a brochure indicating that a hybrid car could be fuel-efficient even if it

28   were driven like a conventional car.  *Id.*

United States District Court
Northern District of California

United States District Court
Northern District of California

1          Unlike in *Hawkins* and *Paduano*, where there was testimony causally tying *the specific*

2   alleged misrepresentation at issue with the plaintiff's purchasing decision, here, Young's

3   deposition testimony, at best, shows that Young relied on something other than the specific

4   statements by Cree that Young has challenged as fraudulent in the ACAC, namely a generic

5   reference to *the package* of the LED bulbs.  The package of the LED bulbs is not one of the

6   alleged fraudulent misrepresentations challenged in the ACAC.  Accordingly, the Court cannot

7   conclude, based on *Hawkins* and *Paduano*, that Young can avoid summary judgment on claims 1

8   through 4 based on his testimony that he relied on the package when purchasing the LED bulbs at

9   issue.  Notably, Young cites no authority showing that a plaintiff in an action like this one can

10  survive a motion for summary judgment that is predicated on the absence of evidence of reliance

11  where, as here, there is no evidence establishing a causal connection between the *specific*

12  fraudulent misrepresentations alleged in the complaint and the plaintiff's purchasing decision.  On

13  the other hand, Cree has shown that courts require specific facts causally tying the alleged

14  misrepresentations at issue and the purchase of the product to avoid summary judgment as to the

15  element of reliance.  *See, e.g.*, *In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1020 (N.D. Cal.

16  2013) (Koh, J.) (holding that, to avoid summary judgment, "Plaintiffs must point to specific facts

17  indicating that Plaintiffs actually saw the misrepresentations about which they complain, and that

18  those misrepresentations were 'substantial factor[s]' in Plaintiffs' decisions to purchase their

19  iPhones") (citing *In re Tobacco II Cases*, 46 Cal. 4th at 326).

20          Second, Young's testimony that he relied on the package contradicts other portions of his

21  deposition testimony, such as his testimony that he could not remember what the "deciding factor"

22  in his purchase was, Young Dep. Tr. at 103, or that he could not recall what caused him to

23  purchase the Cree LED bulbs instead of LED bulbs made by other companies.  *Id.*  Young

24  acknowledges these critical contradictions in his opposition.  *See* Docket No. 151 at 6 (conceding

25  that the portions of his testimony cited by Cree "show[] ambiguity or a lack of specific recall by

26  Plaintiff as to the precise influence of Defendant's product misrepresentations on his purchasing

27  decision").  Young contends, however, that these contradictions do not defeat his claims because

28  they merely show the existence of "a triable issue of material fact" as to the element of reliance.

United States District Court
Northern District of California

1  *Id.* at 3.  The Court disagrees.  Even when construing the conflicting testimony in question in the

2  light most favorable to Young, it is not enough to create a genuine issue of material fact as to

3  reliance.  Plaintiff cannot manufacture a genuine issue of material fact by citing to his own

4  conflicting testimony.  *See Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir.

5  1975) (holding that "contradictory testimony of a plaintiff alone [cannot] be used by him to defeat

6  a defendant's summary judgment motion where the only issue of fact results from the necessity of

7  choosing between the plaintiff's two conflicting versions").

8          Accordingly, the Court concludes that claims 1 through 4 fail for lack of evidence of

9  reliance.  The Court **GRANTS** Cree's motion for summary judgment as to these claims.

10         **B.      Warranty claims**

11         Young's claims for breach of express and implied warranties arise out of California law

12  and the Magnuson-Moss Warranty Act.  Further, they are based on allegations that Cree's alleged

13  fraudulent misrepresentations with respect to the longevity and energy savings of its LED bulbs

14  constitute warranties-by-representation, which Cree allegedly breached because the LED bulbs it

15  sold "did not contain the properties Defendant represented."  ACAC ¶¶ 100-11.

16         In its orders on Cree's first and second motions to dismiss, the Court interpreted Young's

17  warranty claims as follows:

18              [Young] does not allege that defendant breached the express
                warranties included on Cree's product packaging.  Rather, he
19              alleges that Cree made representations concerning product life and
                energy savings which themselves give rise to express warranties
20              regarding the same.

21         Docket No. 42 at 14-15; *see also* Docket No. 61 at 6 (same).  In other words, the Court construed

22  Young's warranty claims as being predicated on the alleged fraudulent misrepresentations that

23  form the basis of his fraudulent misrepresentation claims (claims 1 through 4).

24         The Court further held in its order denying Cree's first motion to dismiss that, because

25  Young's warranty claims arise out of allegedly fraudulent statements on the packaging and in

26  internet and television advertisements, the claims fall within a "particularized exception" to the

27

28

13

general rule that requires privity of contract between the original seller and the plaintiff.  For that

reason, the Court found a showing of privity is not required in this case, noting in relevant part:

> "[u]nder California law, the general rule is that privity of contract
> is required in an action for breach of either express or implied
> warranty and that there is no privity between the original seller and
> a subsequent purchaser who is in no way a party to the original
> sale."  *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1236
> (N.D. Cal. 2012) (internal quotation marks omitted) (citing *Burr v.
> Sherwin Williams Co.*, 42 Cal. 2d 682, 695 (Cal. 1954)).  However,
> a "particularized exception[]" to the privity requirement exists as
> "when the plaintiff relies on written labels or advertisements of a
> manufacturer."  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d
> 1017, 1023 (9th Cir. 2008) (citing *Burr*, 42 Cal. 2d 682, 696
> (1954); *see also In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1118
> (S.D. Cal. 2011).  Here, plaintiff alleges misrepresentations
> regarding defendant's product packaging, written labels, and
> advertisements.  (CAC ¶ 2.)  Accordingly, privity of contract is not
> required.  *See Clemens*, 534 F.3d at 1023.

*See* Docket No. 42 at 15.

Cree moves for summary judgment with respect to Young's warranty claims.  It argues

that Young's warranty claim under California law fails because (1) of the lack of privity between

Young and Cree, as Young can no longer invoke the "particularized exception" to the privity

requirement because he cannot establish that he relied on any of the alleged fraudulent

misrepresentations in the ACAC; (2) there is no evidence that Cree breached the warranties, as

such warranties did not promise that the bulbs would operate defect-free; and (3) Young did not

comply with the terms of Cree's limited warranty.  Cree also argues that the Magnuson-Moss

Warranty Act claim fails because it rises or falls with the California warranty claim.

Young does not dispute (1) that, to invoke the particularized exception to the privity

requirement upon which he previously relied, he must point to evidence that he relied on Cree's

alleged fraudulent misrepresentations, or (2) that his Magnuson-Moss Warranty Act claim rises or

falls with his California warranty claim.  Young argues, however, that the Court should deny

Cree's motion for summary judgment as to his warranty claims because he has pointed to

sufficient evidence to show that he relied on Cree's alleged fraudulent misrepresentations, which

exempts him from having to establish that he was in privity with Cree, and because he "attempted

to follow the purported warranty directions and instructions" on the packaging.  *See* Docket No. 151 at 10-11.

The Court finds that Young's California warranty claim fails for the same reasons that his fraudulent misrepresentation claims fail, namely because he has not shown, as discussed at length above, that he can establish that he relied on Cree's alleged fraudulent misrepresentations.  In the absence of evidence of reliance on Cree's alleged misrepresentations on written labels or advertisements, Young must establish either that he was in contractual privity with Cree, or that his claim falls within another recognized exception to the general rule requiring contractual privity with Cree.  *See Clemens*, 534 F.3d at 1023 (holding that "a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant" unless the plaintiff's claim falls within a recognized exception to that requirement); *In re Clorox Consumer Litig.*, 894 F. Supp. 2d at 1236 ("[T]he general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale.") (quoting *Burr*, 42 Cal. 2d at 695).  Here, Young has pointed to no evidence showing that he and Cree are in "adjoining links of the distribution chain" such that the Court can conclude that they are in privity.  *See Clemens*, 534 F.3d at 1023 ("A buyer and seller stand in privity if they are in adjoining links of the distribution chain.") (citation omitted).[2]  Nor has Young shown that his warranty claim falls within any other recognized exception to the general rule requiring contractual privity between the plaintiff and the original seller.  Accordingly, Young's warranty claim under California law fails for lack of privity.  Because it is undisputed that Young's Magnuson-Moss Warranty Act claim depends on the viability of his California warranty claim, his Magnuson-Moss Warranty claim fails in light of the fact that the California warranty claim

---

[2] That Young allegedly "follow[ed] the purported warranty directions and instructions" on the packaging is irrelevant to the question of whether vertical contractual privity existed between Young and Cree.

1    fails.[3]  Accordingly, the Court **GRANTS** Cree's motion for summary judgment as to Young's

2    warranty claims (claim 6).

3            **C.        Unjust enrichment**

4            Young's unjust enrichment claim is based on allegations that Cree was unjustly enriched

5    when he purchased the LED bulbs at issue as a result of Cree's alleged "illegal conduct," that

6    being the alleged fraudulent misrepresentations that form the basis of Young's fraudulent

7    misrepresentation claims.  *See* ACAC ¶¶ 94-96.

8            Cree moves for summary judgment on Young's claim for unjust enrichment on the ground

9    that the claim fails because there is no actionable fraudulent misrepresentation in this action,

10   again, due to a lack of evidence of reliance.

11           Young does not dispute that his unjust enrichment claim would fail to the extent that his

12   fraudulent misrepresentation claims fail.  He argues, instead, that his unjust enrichment claim

13   survives Cree's motion because Cree "did not show that Defendant's misrepresentations can

14   be dismissed as a matter of law[.]"  Docket No. 151 at 15.

15           As discussed above, Young's fraudulent misrepresentation claims fail for lack of evidence

16   of reliance.  Accordingly, because Young's unjust enrichment claim is predicated on Cree's

17   alleged fraudulent misrepresentations, the absence of any actionable fraudulent misrepresentations

18   by Cree defeats Young's unjust enrichment claim.  *Cf. Arora v. GNC Holdings, Inc.*, No. 19-CV-

19   02414-LB, 2019 WL 6050750, at *13 (N.D. Cal. Nov. 15, 2019) (holding that unjust enrichment

20   claim survives "[b]ecause the court holds that the misrepresentation claims survive").  The Court,

21   therefore, **GRANTS** Cree's motion for summary judgment as to this claim (claim 5).

22   **IV.    CONCLUSION**

23           In light of the foregoing, the Court **GRANTS** Cree's motion for summary judgment as to all

24   claims in the ACAC.

25           This order terminates docket number 150.

26

27           ───────────────
             [3] Because the Court has concluded that Young's warranty claim fails for lack of privity, the
28   Court need not consider whether the claim fails for any of the additional reasons set forth in Cree's
     motion for summary judgment.

The Clerk shall enter judgment and terminate this action.

**IT IS SO ORDERED.**

Dated:  October 12, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California